UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

BEAU BANGERT,

Plaintiff,

vs.

COUNTY OF PLACER, et al.,

Defendants.

Case No. 2:17-cv-01667-KJN

**ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The Court hereby GRANTS Plaintiff's Unopposed Application for Preliminary Approval of Class Action Settlement (ECF No. 57) ("the Motion") and further makes the following specific findings and orders:

1. The Court finds that the Settlement Agreement, attached as Exhibit A to the Declaration of Mark Merin in support of the Motion (ECF No. 57-4)[1] is within the range of reasonableness to justify publishing and sending notice of the proposed settlement to class members and the scheduling of a Final Approval Hearing. Specifically, the Court finds that: (1) the Settlement Agreement was the product of informed and non-collusive negotiations; (2) the Settlement Agreement has no obvious deficiencies; (3) the Settlement Agreement falls within the range of possible approval; and (4) the Class Notice

[1] Unless expressly defined herein, all capitalized terms used in this order have the meaning ascribed to them in the Settlement Agreement.

(continued . . .)

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

(Attachment 3[2]) and Claim Form (Attachment 4) are in all respects, fair, reasonable, adequate, and in compliance with all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clause).

2. The Court finds, subject to the Final Approval Hearing, that the proposed Settlement Class is appropriate for class certification for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure.[3] Specifically the proposed Settlement Class satisfies the requirements of Rule 23(a) including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of representation.

3. The Court finds, subject to the Final Approval Hearing, that the Jail Changes Settlement Class satisfies the requirements of Rule 23(b)(1) and (2) — namely, that prosecuting separate actions by or against individual Jail Changes Settlement Class Members "would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for [Defendants]; [and/or] (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." The Court also finds that with respect to the Jail Changes Settlement Class, Defendants have allegedly "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

4. The Court further finds, subject to the Final Approval Hearing, that the Force Settlement Class and the Force Settlement Award Class satisfy the "predominance" and "superiority" requirements under Rule 23(b)(3) – namely that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

5. The Court provisionally certifies the Action to proceed as a class action for settlement purposes only pursuant to Rule 23(e), with the Settlement Class defined as follows:

The Jail Changes Settlement Class comprises all individuals

---

[2] All references herein to "Attachment(s)" are to the noted specific Attachment(s) to the Settlement Agreement.

[3] All references to "Rule(s)" shall be to the Federal Rules of Civil Procedure unless expressly provided otherwise.

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

> incarcerated in Placer County Jail at any point during the Class Period (August 11, 2015 through August 14, 2018).
>
> The Force Settlement Class comprises all individuals, except for the Related Actions Plaintiffs, incarcerated in Placer County Jail at any point during the Class Period (August 11, 2015 through August 14, 2018) who submitted a Claim Form by the Claim Deadline.
>
> The Force Settlement Award Class comprises all Force Settlement Class Members whose Claims are deemed Compensable under the terms and provisions of the Settlement Agreement.

6. The Court approves the Class Notice and Claim Form, and further approves the method by which notice is proposed in the Settlement Agreement to be given to the Settlement Class. The Class Notice and Claim Form shall be distributed to the Class pursuant to the notice provision terms in the Settlement Agreement.

7. The Court approves the procedure set forth in the Settlement Agreement, and reflected in the Class Notice, with which Settlement Class Members must comply in order to validly object to the Settlement or exclude themselves from the Settlement – namely, by filing an Objection or Request to be Excluded, respectively, by the Objection/Exclusion Deadline (as specifically set forth in the Class Notice pursuant to the terms of the Settlement Agreement). Notwithstanding anything herein to the contrary, Jail Changes Class Members may not exclude themselves from the Jail Changes provisions of the Settlement, and the Jail Changes provisions shall, subject to Final Approval, bind **all** Jail Changes Class Members regardless of whether a Jail Changes Class Member excludes himself or herself from the Settlement by filing a Request to be Excluded.

8. Any Settlement Class Member who did not elect to be excluded from the Settlement by submitting a Request to be Excluded by the Objection/Exclusion Deadline may, but need not, submit objections to the proposed Settlement by filing and serving an Objection to the Settlement by the Objection/Exclusion Deadline. Any Settlement Class Member filing an Objection (an "objector") must sign the Objection personally. Any Objection must be in writing. An objector may also appear at the Final Approval Hearing, either in person or through an attorney at the objector's own expense, provided the objector notifies the Court of his/her intent to do so. All Objections, supporting papers and/or notices of intent to appear at the Final Approval Hearing must: (a) clearly identify the case name and number

3

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

(*Bangert v. County of Placer*, Case No. 2:17-cv-01667-KJN); (b) be submitted to the Court either by mailing to: Clerk of the Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814, or by filing in person at the Clerk's Office, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814; (c) served by mail to Class Counsel and Defendants and their counsel of record; and (d) be filed/postmarked by the Objection/Exclusion Deadline as specifically set forth in the Class Notice pursuant to the terms of the Settlement Agreement.

9. Any Settlement Class Member who did not elect to be excluded from the Settlement by submitting a Request to be Excluded by the Objection/Exclusion Deadline may, but need not, enter an appearance in this Action through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

10. The Court hereby appoints Plaintiff as the representative plaintiff of the Class (aka the class representative) for settlement purposes only, subject to Final Approval.

11. The Court hereby appoints Plaintiff's Counsel to serve as Class Counsel for settlement purposes only, subject to Final Approval.

12. The Court approves of Rust Consulting to serve as the Settlement Administrator and approves of the responsibilities and duties of the Settlement Administrator as set forth in the Settlement Agreement.

13. A Final Approval Hearing is scheduled to be held before this Court on March 28, 2019, at 10:00 a.m., in Courtroom 25 (8th floor) of the Robert T. Matsui United States Courthouse, located at 501 I Street Sacramento, California 95814, before the Honorable Magistrate Judge Kendall J. Newman, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of this Action against Defendants, and the entry of Judgment and Order of Dismissal in the class action. Class Counsel's application for award of attorneys' fees and costs shall be heard at the time of the Final Approval Hearing.

14. The date, time, and location of the Final Approval Hearing shall be set forth in the Class Notice, but the Final Approval Hearing shall be subject to cancellation or continuation by the Court, including in the event the Court elects to decide the motion for Final Approval without a hearing, without further notice to the Class other than any notice that the Court may issue pursuant to its regular

4

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

procedures.

15. Only Settlement Class Members who have filed and served compliant and timely Objections shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an Objection to the Settlement shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

16. All Settlement Class Members who do not seek to be excluded from the Settlement by submitting a Request for Exclusion by the Objection/Exclusion Deadline (as specifically set forth in the Class Notice) are enjoined from proceeding against the against Defendants, including their present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, as to the Released Claims pending Final Approval, and upon Final Approval are permanently barred from proceeding against such Defendants as to the Released Claims.

17. Notwithstanding anything herein to the contrary, the Court reserves decision on Final Approval of the Settlement pending the Final Approval Hearing, including consideration of any Objections to the Settlement, and also reserves decision on the final Fee and Expensive Award, the Incentive Fee, the Administration Costs, as well on any disputed Claims pursuant to the Force Dispute Resolution Process as described in paragraph 71 of the Settlement Agreement.

18. This Action is hereby stayed pending Final Approval, except for any activities set forth in the Settlement Agreement.

19. In the event the Settlement is not finally and fully approved through entry of the Judgment and Order of Dismissal, which becomes final as of the Effective Date, and/or if the Settlement is not otherwise fully and finally consummated, pursuant to the terms of the Settlement Agreement, this order granting Preliminary Approval of the Settlement Agreement shall be deemed void *ab initio* and the Parties shall be deemed to have reserved all of their respective rights, legal positions, and arguments as of the day before entry of this order granting Preliminary Approval, and the Parties may continue with any litigation or further mediation or settlement discussions in this Action.

////

////

5

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

IT IS SO ORDERED.

Dated: September 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bang1667.ord

6

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR PRELIMINARY APPROVAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN