UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU BANGERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLACER COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2: 17-cv-01667 TLJ KJN P<br><br><br>ORDER |

Pending before the court is defendants' motion to seal all moving papers, declarations, exhibits and materials filed regarding defendants' motion to retain confidentiality. Defendants also request that all opposition/response papers filed regarding the motion to retain confidentiality be filed under seal. Defendants' motion to retain confidentiality is set for hearing before the undersigned on January 17, 2019.

Defendants' memorandum in support of the motion to seal, as well as the motion to retain confidentiality, have been submitted electronically to the undersigned's proposed orders email address. Plaintiff also submitted his opposition to the motion to seal electronically to the proposed orders email address.

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172,

1

1179 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard presents a lower burden for the party wishing to seal documents. Pintos, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips ex re. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).)

When the underlying motion is more than tangentially related to the merits of the case, the "compelling reasons" standard applies. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-98 (9th Cir. 2016). When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. Id. It appears that the "good cause" standard applies because the underlying motion, i.e., defendants' motion to retain confidentiality, does not surpass the tangential relevance threshold.

In opposition, plaintiff argues that the request to seal is overbroad. Plaintiff also argues that defendants have not shown good cause to seal the moving or opposition papers.

The undersigned finds that defendants have not met their burden of demonstrating good cause for sealing all the moving and opposition papers, exhibits, etc., submitted regarding the motion to retain confidentiality. In particular, defendants have not adequately addressed whether good cause exists to seal the moving and opposition papers.[1] Defendants' motion to seal also does not specifically address each document, exhibit, etc., for which the sealing order is sought. See Trotsky v. Travelers Indemnity Company, 2013 WL 12116152 at *4 (W.D. Wash. 2013) ("Broad statements of harm will not suffice, and there must be specific facts and examples supporting the asserted harm for *each document* that the moving party wants to protect.") (emphasis added) (citing Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003)); see also Thomas v. Arroyo, 2015 WL 1805235 at *3 (D. Nev. 2015) (rejecting request to seal entire motion to dismiss because it references purportedly privileged and/or

---

1 In the motion to seal, defendants argue, "By way of example, exhibits to the Motion contain discussion of the jail's camera system." (Motion at 3: 9-10.) Generally referencing this exhibit does not establish good cause for filing the entire motion to retain confidentiality under seal.

2

confidential documents).

Nevertheless, defendants' motion to seal is provisionally granted because it appears there may be good cause to file under seal some of the materials submitted regarding the motion to retain confidentiality.

However, defendants are ordered to file further briefing in support of the motion to seal. In the further briefing, defendants shall identify each specific document, exhibit, etc. for which the sealing order is sought. Defendants shall address why good cause exists to file under seal each specific document, exhibit, etc. identified in the further briefing, including those documents submitted by plaintiff in support of the opposition. The undersigned will address the motion to seal at the January 17, 2019 hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request to seal (ECF No. 60) is provisionally granted; all pleadings, exhibits, materials, documents, etc., filed regarding defendants' motion to retain confidentiality shall be presently filed under seal;

2. Defendants shall file the further briefing in support of the request to seal, discussed above, on or before January 4, 2019; plaintiff may file a reply on or before January 14, 2019;

3. The Clerk of the Court is directed to file under seal all documents/materials/exhibits, previously submitted regarding the request to seal and motion to retain confidentiality including 1) defendants' proof of service of request to seal; 2) defendants' request to seal; 3) defendants' motion to retain confidentiality and attached exhibits; 4) defendants' proposed order regarding request to seal; and 5) the 22 documents submitted by plaintiff in support of the opposition;

4. The January 17, 2019 hearing regarding defendants' motion to seal and to retain confidentiality is confirmed.

Dated: December 20, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bang1667.seal