OFFICE OF THE PLACER COUNTY COUNSEL
Brett D. Holt (SBN: 133525)
bholt@placer.ca.gov
Julia M. Reeves (SBN: 241198)
jreeves@placer.ca.gov
175 Fulweiler Avenue
Auburn, CA 95603
Telephone: (530) 889-4044
Facsimile:  (530) 889-4069

Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
Robert S. Moutrie (SBN: 295250)
rmoutrie@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile:  (510) 444-1108

Attorneys for Defendants COUNTY OF PLACER,
PLACER COUNTY SHERIFF'S OFFICE, and
DEVON BELL

**FILED**

Dec 20, 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BEAU BANGERT, on behalf of himself and a class of similarly situated persons,<br><br>     Plaintiff,<br><br>          v.<br><br>COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, DEVON M. BELL, ROBERT L. MADDEN, MEGAN C. YAWS, and DOE 1 to 50,<br><br>     Defendants. | Case No. 2:17-CV-01667-TLN-KJN P<br><br>**PLACER COUNTY DEFENDANTS' REQUEST TO SEAL MATERIALS** |

1

# I.     INTRODUCTION

Defendants County of Placer, Placer County Sheriff's Office and Sheriff Devon Bell request pursuant to Federal Rule of Civil Procedure, Rules 5.2 and 26(c) and Local Rule 141 that the Court seal the following:  Defendants' Motion to Retain Confidentiality pursuant to the Protective Order, including all moving papers, declarations, exhibits and materials produced therein.  The County additionally requests that the Court order that any opposition/response papers filed by Plaintiffs be ordered to be filed under seal.

Good cause exists to seal the requested materials as the issue in the underlying Motion to Retain Confidentiality Pursuant to Protective Order is whether certain materials produced in conjunction with a mediation of this matter ("Challenged Materials") should retain their confidential status pursuant to a Stipulated Protective Order entered into by the parties.  The Challenged Materials include highly sensitive video footage and photographs of Mr. Bangert, as well as video footage of Plaintiffs in the related actions.[1]  This video footage is of the incidents of alleged civil rights violations in the Placer County Jail which are the subject matter of this lawsuit.

The Challenged Materials were produced solely for the purpose of mediation, and the underlying Motion and the supporting declaration and exhibits contain extensive discussion of not only the subject videos, but of the lead up to mediation of this matter.  The public filing of the subject videos and incident reports, if not filed under seal, would result in particularized harm to the County and its employees.  The Challenged Materials have the very real potential of tainting potential jurors in other existing civil rights cases against the County, the Sheriff's Office, and individual officers, including cases pending in the Eastern District of California and in other courts (see Reeves Dec. in Support of Motion to Retain Confidentiality).   A very real possibility exists that if the Challenged Materials (including the videos) were to be deemed non-confidential and subject to release, they could go "viral", destroying the possibility of a fair jury trial in those other matters.  Moreover, there are individual officers featured in the subject videos and identified

---

[1]  *Langley v. County of Placer, et al.* (2:17-cv-0760 TLN-KJN); *Coleman v. Placer County, et al.* (2:17-cv-01579-TLN-KJN); and *Kershner v. County of Placer, et al.* (2:17-cv-02312-TLN-KJN).

**PLACER COUNTY DEFENDANTS' REQUEST TO SEAL MATERIALS**

1   on the incident reports, who were not criminally charged and not named in Mr. Bangert's civil

2   Complaint.  Release of the Challenged Materials could destroy the featured officers' reputations

3   by permitting them to be unfairly lumped with those who were named in the civil suit or

4   criminally charged.

5        The Motion to Retain Confidentiality necessarily includes meet and confer dialogue

6   between counsel regarding the purpose for which the Challenged Materials were produced,

7   discussion of items requested by Plaintiffs for the purposes of mediation, items produced by

8   defendants for purposes of mediation, as well as sensitive information concerning operations of

9   Placer County correctional facilities.  By way of example, exhibits to the Motion contain

10  discussion of the jail's camera system (see Ex. "D" to Reeves Dec. in Support of Motion to

11  Retain Confidentiality).  Moreover, Defendants expect that Plaintiffs may wish to include

12  discussion or exhibits in opposition to the underlying Motion containing sensitive materials.

13  Simply put, to file the Motion to Retain Confidentiality or any responsive papers in any manner

14  *other* than under seal would defeat the purpose of the entire Motion.

15       As such, Defendants respectfully request that the Motion to Retain Confidentiality be

16  sealed by this Court indefinitely.

17                          **II.      FACTUAL BACKGROUND**

18       The instant class action was mediated before this Court and successfully resolved on May

19  15-16, 2018.  Confidential documents and video footage relating to both the instant class action as

20  well as the Related Actions were produced by the County to Plaintiff's counsel via Stipulated

21  Protective Order [ECF 35, 36] specifically for the purpose of facilitating a meaningful mediation

22  of this matter.  While the class action is pending final approval, the Related Actions are

23  concluded and have been dismissed.  Thus, pursuant to the terms of the Protective Order, counsel

24  for the County requested materials related to the Related Actions be either returned or destroyed.

25  In response, Plaintiff's counsel has challenged the confidentiality designation of the video footage

26  and other documents relating to Mr. Bangert.  As such, pursuant to Paragraph 6.3 of the

27  Protective Order, the County has brought the underlying Motion to Retain Confidentiality.

28  ///

**PLACER COUNTY DEFENDANTS' REQUEST TO SEAL MATERIALS**

### III.   LEGAL ARGUMENT

While the public generally has a right to inspect and copy documents filed with the Court, the Court has inherent, supervisory power over its own records and files.  (*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597.)   The right to inspect public records and files is not absolute. (*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).   Even where a right of public access exists, access may be denied where the court determines that court-filed documents might "become a vehicle for improper purposes." (*Nixon*, *supra*, at p. 597.)  Such improper purposes can include "gratifying private spite or promoting public scandal." (*Ibid.*).

Here, the need to protect not only the videos/documents that are at issue in the underlying Motion to Retain Confidentiality, but the sensitive discussion regarding the parameters of mediation of this class action matter and the frank exchange between counsel regarding discovery items needed in order effectively mediate this case, greatly outweighs any public interest in disclosure.  Such discussion and inclusion of meet and confer exhibits was necessary in order to thoughtfully explain why the documents challenged by Plaintiff should retain their confidentiality.

### IV.   CONCLUSION

In conclusion, Defendants respectfully request that the Motion to Retain Confidentiality and all of its supporting filings, declarations and exhibits be sealed.  Moreover, Defendants request that any opposition/or response and any exhibits thereto be filed under seal.

Dated:  November 27, 2018             OFFICE OF THE PLACER COUNTY COUNSEL


By:   /s/ *Julia M. Reeves*
Attorneys for Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DEVON BELL

**PLACER COUNTY DEFENDANTS' REQUEST TO SEAL MATERIALS**

1   OFFICE OF THE PLACER COUNTY COUNSEL
2   Brett D. Holt (SBN: 133525)
    bholt@placer.ca.gov
3   Julia M. Reeves (SBN: 241198)
    jreeves@placer.ca.gov
4   175 Fulweiler Avenue
    Auburn, CA 95603
5   Telephone: (530) 889-4044
    Facsimile:  (530) 889-4069
6
7   Blake P. Loebs (SBN: 145790)
    bloebs@meyersnave.com
8   David Mehretu (SBN: 269398)
    dmehretu@meyersnave.com
9   Robert S. Moutrie (SBN: 295250)
    rmoutrie@meyersnave.com
10  MEYERS, NAVE, RIBACK, SILVER & WILSON
11  555 12th Street, Suite 1500
    Oakland, California 94607
12  Telephone: (510) 808-2000
    Facsimile:  (510) 444-1108
13
14  Attorneys for Defendants COUNTY OF PLACER,
    PLACER COUNTY SHERIFF'S OFFICE, and
15  DEVON BELL

16                  **UNITED STATES DISTRICT COURT**
17
        **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**
18
19
20  BEAU BANGERT, on behalf of himself and a       Case No. 2:17-CV-01667-TLN-KJN P
    class of similarly situated persons,
21                                                  **PLACER COUNTY DEFENDANTS'**
                    Plaintiff,                      **NOTICE OF MOTION AND MOTION TO**
22                                                  **RETAIN CONFIDENTIALITY**
             v.
23                                                  Date:     January 17, 2019
    COUNTY OF PLACER, PLACER COUNTY             Time:     10:00 a.m.
24  SHERIFF'S OFFICE, DEVON M. BELL,             Crtrm:    25, 8th Floor
    ROBERT L. MADDEN, MEGAN C. YAWS,            Judge:    Hon. Kendall J. Newman
25  and DOE 1 to 50,
26                  Defendants.
27
28
                                        1

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

2       PLEASE TAKE NOTICE THAT on January 17, 2019 at 10:00 a.m. or as soon thereafter

3  as the matter may be heard in Courtroom 25, 8th Floor, of the above-captioned Court located at

4  501 I Street, Sacramento, CA 95814, Defendants COUNTY OF PLACER, PLACER COUNTY

5  SHERIFF'S OFFICE, and DEVON BELL (collectively "Placer County Defendants") will and

6  hereby do move the Court to retain the confidentiality designations and to require the immediate

7  destruction or return of the following documents/materials:

8       1.    PC000142 – Video footage of Mr. Bangert;

9       2.    PC000143 – Video footage of Mr. Bangert;

10      3.    PC000144-156 - Various photos of Mr. Bangert;

11      4.    PC001526-1532 - Incident Report regarding Bangert Incident;

12      5.    PC000157-171 – Video footage regarding Mr. Coleman;

13      6.    PC000172-173 – Video footage regarding Mr. Kershner; and

14      7.    PC000174-177- Video footage regarding Mr. Langley.

15      This motion is made pursuant to Federal Rule of Civil Procedure 26(c) and the Stipulated

16  Protective Order entered in this action.  This motion is based on this Notice of Motion and

17  Motion, the accompanying Memorandum of Points and Authorities, Declaration of Julia M.

18  Reeves and exhibits thereto, all pleadings and papers on file in this action, all other matters of

19  which the Court may take judicial notice, the forthcoming reply and any argument or evidence

20  that may be presented to or considered by the Court prior to its ruling.

21

22  Dated:  November 27, 2018            OFFICE OF THE PLACER COUNTY COUNSEL

23

24                                      By:   /s/ *Julia M. Reeves*
                                              Attorneys for Defendants COUNTY OF
25                                            PLACER, PLACER COUNTY SHERIFF'S
                                              OFFICE, and DEVON BELL
26

27

28

**PLACER COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO RETAIN CONFIDENTIALITY**

OFFICE OF THE PLACER COUNTY COUNSEL
Brett D. Holt (SBN: 133525)
bholt@placer.ca.gov
Julia M. Reeves (SBN: 241198)
jreeves@placer.ca.gov
175 Fulweiler Avenue
Auburn, CA 95603
Telephone: (530) 889-4044
Facsimile:  (530) 889-4069

Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
Robert S. Moutrie (SBN: 295250)
rmoutrie@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile:  (510) 444-1108

Attorneys for Defendants COUNTY OF PLACER,
PLACER COUNTY SHERIFF'S OFFICE, and
DEVON BELL

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BEAU BANGERT, on behalf of himself and a class of similarly situated persons,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, DEVON M. BELL, ROBERT L. MADDEN, MEGAN C. YAWS, and DOE 1 to 50,<br><br>                    Defendants. | Case No. 2:17-CV-01667-TLN-KJN P<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLACER COUNTY DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY**<br><br>Date:      January 17, 2019<br>Time:     10:00 a.m.<br>Crtrm:   25, 8th Floor<br>Judge:   Hon. Kendall J. Newman |

1

PCMRC-004

# I.    INTRODUCTION

The Court is undoubtedly very familiar with the instant class action which was mediated before this Court and successfully resolved on May 15-16, 2018, as well as the confidential materials at issue herein.  Confidential documents and video footage relating to both the class representative in the instant class action (Beau Bangert) as well as plaintiffs in the Related Actions[1] were produced by the County of Placer ("County") to Plaintiff's counsel via Stipulated Protective Order specifically for the purpose of facilitating a meaningful mediation of this matter.  While the class action is pending final approval, the Related Actions have been concluded.  Thus, pursuant to the terms of the Protective Order, counsel for the County requested materials related to the Related Actions be either returned or destroyed.  In response, Plaintiff's counsel has challenged the confidentiality designation of the video footage and other documents relating to Mr. Bangert ("Challenged Materials").  As such, pursuant to Paragraph 6.3 of the Protective Order, the County brings the instant Motion to Retain Confidentiality of the Challenged Materials and to require their immediate destruction or return.

Disclosure of the Challenged Materials will result in particularized harm to the County and its employees.  The Challenged Materials have the very real potential of tainting potential jurors in other existing civil rights cases against the County, the Sheriff's Office, and individual officers, including cases pending in the Eastern District of California (See Reeves Dec.)  A very real possibility exists that if the Challenged Materials (including the videos) were to be deemed non-confidential and subject to release, they could go "viral", destroying the possibility of a fair jury trial.  Moreover, there are individual officers featured in the subject videos and identified on the incident reports, who were not criminally charged and not named in Mr. Bangert's civil Complaint.  Release of the Challenged Materials could destroy the featured officers' reputations by permitting them to be unfairly lumped with those who were named in the civil suit or criminally charged.

///

---

[1] *Langley v. County of Placer, et al.* (2:17-cv-0760 TLN-KJN); *Coleman v. Placer County, et al.* (2:17-cv-01579-TLN-KJN); and *Kershner v. County of Placer, et al.* (2:17-cv-02312-TLN-KJN).

2

## II.     FACTUAL BACKGROUND

The instant class action matter stems from allegations of civil rights violations against inmates by employees working at the Placer County Jail.  The parties in the instant class action mediated this matter before the Honorable Kendall Newman on May 15-16, 2018.  The action was settled at the mediation/Mandatory Settlement Conference [ECF 47, 49] and the Court granted preliminary approval of the settlement on September 7, 2018 [ECF 59].  The claims process is well underway and a Final Approval hearing is set for March 28, 2019.

The County produced various documents via informal discovery, including video footage of the subject incidents of Mr. Bangert, Mr. Coleman, Mr. Langley, and Mr. Kershner, *specifically* for the purposes of facilitating mediation in this matter.  These requests were made and agreed to by counsel for both sides.  The documents were produced pursuant to a Protective Order [ECF 35] which was entered by the Court on March 26, 2018. [ECF 39]

The terms of the Protective Order permitted the County to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." (¶ 2.3 of Protective Order; ECF 35).  Such items are referred to as "Protected Materials." "CONFIDENTIAL" information is specially defined as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)."  (¶ 2.2 of Protective Order.)  "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" is specially defined as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."  (¶ 2.6 of Protective Order).  The Protective Order sets forth the terms of who is permitted to review the Protected Materials, for what purposes they may be used and what happens to the Protected Materials following the termination of the action.  Under the terms of the Protective Order, "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for *prosecuting, defending, or attempting to settle this litigation*.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving

3

1  Party must comply with the provisions of section 15 below (FINAL DISPOSITION)." (¶7.1 of

2  Protective Order; emphasis added)  "Within 60 days after the final disposition of this action, as

3  defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing

4  Party or destroy such material."  (¶ 12 of Protective Order).  "Whether the Protected Material is

5  returned or destroyed, the Receiving Party must submit a written certification to the Producing

6  Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that

7  (1) identifies (by category, where appropriate) all the Protected Material that was returned or

8  destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

9  compilations, summaries or any other format reproducing or capturing any of the Protected

10  Material." (*Ibid*.)

11    The Protective Order further sets forth a mechanism for a receiving party to challenge the

12  confidentiality designations and provides that once notice of such a challenge is made, the

13  designating party has a 21 day timeframe to file a motion to preserve confidentiality.  (¶ 6.3 of

14  Protective Order).  Section 6.1 of the Protective Order provides that:

15     Any Party or Non-Party may challenge a designation of confidentiality at any time.
   Unless a prompt challenge to a Designating Party's confidentiality designation is

16     necessary to avoid foreseeable, substantial unfairness, unnecessary economic
   burdens, or a significant disruption or delay of the litigation, a Party does not waive

17     its right to challenge a confidentiality designation by electing not to mount a
   challenge promptly after the original designation is disclosed.

18

19    As the Related Cases of *Kershner*, *Coleman*, and *Langley* settled and were formally

20  dismissed or pending dismissal, counsel for the County contacted both class counsel Mr. Merin

21  and Mr. Dwyer on October 12, 2018, and again on October 30, and requested that pursuant to the

22  Protective Order they either return the videos of those incidents or confirm in writing they have

23  been destroyed. (¶8 of Reeves Dec., Ex. "F" thereto.)  Mr. Dwyer subsequently confirmed that he

24  had destroyed the subject videos (¶12 of Reeves Dec., Ex."J" thereto.)  Mr. Merin responded via

25  letter on November 6, 2018 (Ex. "G" to Reeves Dec.)  In his letter Mr. Merin advised that he

26  disputed the confidentiality of all videos produced in conjunction with the *Bangert* matter and

27  specifically challenged the confidentiality designation of the following materials, all of which

28  ///

4

1    specifically relate to Mr. Bangert's alleged incident: "PC000142" [video], "PC000143" [video],

2    "PC000144-156" [photos], and "PC001526-32" [reports]. (Ex. "K" to Reeves Dec.)

3         The parties met and conferred regarding Plaintiff's challenges to confidentiality, including

4    via written correspondence (Exs. "G", "H" and "I"to Reeves Dec.) and over the telephone (see

5    ¶11 of Reeves Dec.)

### III.    LEGAL ARGUMENT

6

7    **A.    <u>The Parties' Clear Intent Was That the Subject Videos Would be Produced Solely For the Purposes of Mediation</u>**

8         On December 8, 2017, class counsel sent the County's outside counsel an e-mail

9    proposing mediation in the *Bangert* case. (Ex. "A" to Reeves Dec.)  This e-mail stated, in part, as

10   follows:  "To move forward in the resolution of the above-referenced class action complaint, I

11   suggest we agree on a mediator… and that the County provide responses to some informal

12   discovery."  Certain requested items were itemized therein.  The e-mail further states: "Please

13   advise if the County is prepared to provide this information, informally, *for use only in an*

14   *attempts to settle this action through mediation*, and, if so, by when we can expect to receive the

15   information."  The County agreed to provide the informal discovery requested in the December 8,

16   2017 e-mail along with additional documents/videos requested by class counsel, specifically for

17   the purposes of mediation and pursuant to a Protective Order.  For example, on February 6, 2018,

18   class counsel again e-mailed the County's outside counsel stating:  "By when will you be able to

19   produce for us the informal discovery we need in this case?  Can we get immediate access to

20   whatever video there is of Bangert's treatment?" (Ex. "B" to Reeves Dec.)  Class counsel's

21   November 6 correspondence confirms that fact. ("In connection with the parties' efforts to

22   mediate and reach the terms of a settlement agreement, Defendants…produced various

23   documents…")

24        The parties negotiated the terms of a Protective Order, which was entered by the Court on

25   March 26, 2018 [ECF 35].  Subsequently, the County made various document productions to

26   class counsel, including on March 27, 2018 when the County produced, via informal discovery,

27   copies of all videos to each Plaintiff's counsel with a "CONFIDENTIAL" designation.  (See

28

---

5

March 27, 2018 letter, Ex. "D" to Reeves Dec.)[2]  The Protective Order is very clear that items bearing a "CONFIDENTIAL" designation as "Protected Material" may only be used in connection with this case. (¶7.1 of Protective Order.)

During the course of the meet and confer process, class counsel has suggested that had the parties elected not to mediate the case, they would have obtained the video in the course of formal discovery, and from this they infer that the terms of the Protective Order should be disregarded. This argument relies on a set of circumstances which do not exist.  The parties elected to mediate the case, with all of the attendant benefits of mediation, including foregoing formal discovery in favor of informal discovery produced specifically for the purposes of mediation and pursuant to a Protective Order.

**B.** **The County Is Entitled to Rely On the Stipulated Protective Order**

The County is entitled to rely upon the stipulated Protective Order entered into by the parties as a condition of producing informal discovery for purposes of mediation.  As stated by the Court in *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229-230 (2nd Cir. 2001)

> …protective orders issued under Rule 26(c) serve the vital function ... of secur[ing] the just, speedy, and inexpensive determination of civil disputes ... by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice.  Without an ability to restrict public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless annoyance, embarrassment, oppression, or undue burden or expense.  Moreover, '[i]n some cases, settlement would not be possible but for the parties' reliance on a protective order.' (*Ibid.*)

In the instant matter, to permit Plaintiff to after-the-fact of settlement, seek to challenge the confidentiality of materials produced solely for the purposes mediation, would "unfairly disturb the legitimate expectations of litigants [to the protective order]." (*S.E.C.*, *supra*, at p. 230.)

**C.** **Good Cause Exists for the Challenged Materials to Retain Their Confidential Designation**

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  (*Phillips ex rel. Estates of Byrd v.*

---

[2] Due to the voluminous nature of the informal production, the materials were produced on a "rolling basis."

**POINTS & AUTHORITIES ISO PLACER COUNTY'S MOTION TO RETAIN CONFIDENTIALITY**

1   *General Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002).)  If a court finds particularized harm

2   will result from disclosure of information to the public, the court then balances the public and

3   private interests to decide whether a protective order is necessary. (*Ibid*.)

4          The court has substantial latitude in finding that good cause exists to grant a protective

5   order.

6              The law, however, gives district courts broad latitude to grant protective orders to
               prevent disclosure of materials for many types of information…Rule 26(c)
7              authorizes the district court to issue 'any order which justice requires to protect a
               party or person from annoyance, embarrassment, oppression, or undue burden.' The
8              Supreme Court has interpreted this language as conferring 'broad discretion on the
               trial court to decide when a protective order is appropriate and what degree of
9              protection is required.' (*Phillips ex rel. Estates of Byrd v. General Motors Corp.,
               supra,* at p. 1211.)
10

11  As stated by the Supreme Court, "[t]he trial court is in the best position to weigh fairly the

12  competing needs and interests of parties affected by discovery.  The unique character of the

13  discovery process requires that the trial court have substantial latitude to fashion protective

14  orders."  (*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36.)  Courts have consistently granted

15  protective orders for a broad span of documents including letters protected under attorney-client

16  privilege which revealed the weaknesses in a party's position, medical and psychiatric records and

17  confidential settlement agreements

18         Disclosing the Challenged Materials to the public will result in a particularized harm to

19  the County.  The Challenged Materials include the following:  video footage of Plaintiff and

20  officers (PC000142 -3); various photographs of Plaintiff (PC000144-156); incident report

21  (PC001526-32). The challenged documents have the very real potential of tainting potential jurors

22  in other existing civil rights cases against the County, the Sheriff's Office, and individual officers,

23  including cases pending in the Eastern District of California (See Reeves Dec.)  A very real

24  possibility exists that if the Challenged Materials (including the videos) were to be deemed non-

25  confidential and subject to release, they could go "viral", destroying the possibility of a fair jury

26  trial.  Moreover, there are individual officers featured in the subject videos and identified on the

27  incident reports, who were not criminally charged and <u>not</u> named in Mr. Bangert's civil

28  Complaint.  Release of the challenged documents could unfairly destroy the featured officers'

7

1  reputations by permitting them to be unfairly lumped with those who were named or criminally

2  charged.

3  　　The Sheriff's Office is working incredibly hard to effectuate meaningful changes to its

4  Correctional facilities, as agreed to in the settlement of this action.  Such changes include

5  adopting a comprehensive, new Use of Force Policy for its Correctional facilities, enhanced

6  training, making changes to its grievance forms and adopting a proprietary software system which

7  tracks and reports use of force by deputies and correctional officers.  It would be a misstep

8  backward in this process to publicly release the materials which were in large part the impetus for

9  these changes.

10  **D.**　　**Plaintiffs' Challenge Regarding Confidentiality is Belated Pursuant to Section 6.1 of**

11  　　**the Protective Order**

12  　　Section 6.1 of the Protective Order provides that:

13  　　Any Party or Non-Party may challenge a designation of confidentiality at any time.
    Unless a prompt challenge to a Designating Party's confidentiality designation is

14  necessary to avoid foreseeable, substantial unfairness, unnecessary economic
    burdens, or a significant disruption or delay of the litigation, a Party does not waive

15  its right to challenge a confidentiality designation by electing not to mount a
    challenge promptly after the original designation is disclosed.

16

17  Section 7.1 of the Protective Order further states:  "A Receiving Party may use Protected Material

18  that is disclosed or produced by another Party or by a Non-Party in connection with this case only

19  for prosecuting, defending, or attempting to settle a litigation."  The *Bangert* case has been

20  settled, a settlement agreement fully executed, Mr. Bangert's individual settlement funded and

21  Preliminary Approval of the Class Action granted.  There remains, pursuant to Section 7.1, no

22  further permitted purpose for Plaintiff to use the materials cited, as Plaintiff is no longer

23  "prosecuting or attempting to settle the litigation."  It is burdensome and prejudicial to the County

24  for Mr. Bangert to wait until *after* all of those events have occurred to provide notice that Mr.

25  Bangert challenges the confidentiality of certain items.  The MSC was held and the case settled

26  on May 16, 2018 – Plaintiff's notice challenging the confidentiality was provided no less than 6

27  months after the case settled.

28  ///

**POINTS & AUTHORITIES ISO PLACER COUNTY'S MOTION TO RETAIN CONFIDENTIALITY**

**E.      Materials Relating to Individuals Other than Mr. Bangert Should be Returned or Destroyed**

Moreover, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials produced in the instant action with regard to Mr. Coleman, Mr. Langley and Mr. Kershner, although not specifically challenged by Plaintiff Bangert at this time, should be destroyed or returned.  In particular, the County requests the return/destruction of PC000157-171 – Video footage regarding Mr. Coleman; PC000172-173 – Video footage regarding Mr. Kershner; and PC000174-177- Video footage regarding Mr. Langley.  Those cases have all been dismissed, and Mr. Merin was not counsel on any of those matters.  Additionally, Plaintiff's counsel on those cases (co-class counsel Mr. Dwyer) has confirmed his destruction of those materials.  Class counsel has identified no legitimate basis for his office to refuse to confirm whether materials relating to those actions have been destroyed.

## IV.      CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court grant the instant Motion and order the return or written confirmation of destruction of the Challenged Materials.


Dated:  November 27, 2018                    OFFICE OF THE PLACER COUNTY COUNSEL


                                             By:   _/s/ Julia M. Reeves_____
                                                   Attorneys for Defendants COUNTY OF
                                                   PLACER, PLACER COUNTY SHERIFF'S
                                                   OFFICE, and DEVON BELL

9

PCMRC-012

OFFICE OF THE PLACER COUNTY COUNSEL
Brett D. Holt (SBN: 133525)
bholt@placer.ca.gov
Julia M. Reeves (SBN: 241198)
jreeves@placer.ca.gov
175 Fulweiler Avenue
Auburn, CA 95603
Telephone: (530) 889-4044
Facsimile:  (530) 889-4069

Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
Robert S. Moutrie (SBN: 295250)
rmoutrie@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile:  (510) 444-1108

Attorneys for Defendants COUNTY OF PLACER,
PLACER COUNTY SHERIFF'S OFFICE, and
DEVON BELL

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

|  |  |
|---|---|
| BEAU BANGERT, on behalf of himself and a class of similarly situated persons,<br><br>       Plaintiff,<br><br>     v.<br><br>COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, DEVON M. BELL, ROBERT L. MADDEN, MEGAN C. YAWS, and DOE 1 to 50,<br><br>       Defendants. | Case No. 2:17-CV-01667-TLN-KJN P<br><br>**DECLARATION OF JULIA M. REEVES IN SUPPORT OF PLACER COUNTY DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY**<br><br>Date:    January 17, 2019<br>Time:   10:00 a.m.<br>Crtrm:  25, 8th Floor<br>Judge:  Hon. Kendall J. Newman |

1

I, Julia M. Reeves declare as follows:

1.     I am a Deputy County Counsel for the Placer County Counsel's Office, and I am the attorney of record for all named defendants.

2.     On December 8, 2017, Plaintiff's counsel, Mark E. Merin, sent co-counsel for the County of Placer ("County"), Blake Loebs, an e-mail proposing mediation in this case and requesting the production of "informal discovery" to be used "only in attempts to settle this action informally through mediation."  A true and correct copy of Mr. Merin's e-mail, from which certain information has been redacted, is attached hereto as **Exhibit** "**A**."

3.     The County agreed to attend mediation and to produce certain confidential documentation solely for the purpose of mediation pursuant to a Stipulated Protective Order.

4.     On February 6, 2018, Mr. Merin again e-mail Mr. Loebs regarding informal production of documents, stating "By when will you be able to produce for us the informal discovery we need in this case?  Can we get immediate access to the *sic* whatever video there is of Bangert's treatment?"  A true and correct copy of Mr. Merin's e-mail is attached hereto as **Exhibit** "**B**."

5.     The parties agreed to a Stipulated Protective Order, which was entered by the Court on March 26, 2018 [ECF 35, 36].  A true and correct copy of the Stipulated Protective Order is attached hereto as **Exhibit** "**C**."

6.     Subsequent to the Protective Order being entered, on March 27, 2018 the County began its first of a series of productions of informal discovery to Mr. Merin and Mr. Dwyer.  A true and correct copy of a March 27, 2018 letter from Mr. Loebs to Plaintiffs' counsel identifying the documents/videos being produced at that time is attached hereto as **Exhibit** "**D**." This production included PC 000142-177, which were designated as "CONFIDENTIAL."

7.     Additional confidential materials were produced for the purposes of mediation and pursuant to the Protective Order, including on April 4, 2018.  This production included PC001526-32, which were designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  A true and correct copy of an April 4, 2018 letter from Mr. Loebs to Plaintiff's counsel identifying the materials being produced at that time is attached hereto as **Exhibit** "**E**."

8.      Subsequent to the settlement of the related *Kershner, Langley*, and *Coleman* actions, I e-mailed Mr. Merin and Mr. Dwyer and requested that they either return the video footage of those incidents or provided written confirmation of the destruction of the video footage of those incidents.   PC000157-171 is video footage regarding Mr. Coleman; PC000172-3 is video footage regarding Mr. Kershner; PC000174-7 is video footage regarding Mr. Langley, all of which were produced in the March 27 production.   True and correct copies of my October 12, 2018 and October 30, 2018 e-mails to counsel are attached hereto as **Exhibit** "**F**."

9.      On November 6, 2018, Mr. Merin responded to these requests, indicating that he was challenging the confidentiality of certain materials.  A true and correct copy of Mr. Merin's November 6, 2018 letter is attached hereto as **Exhibit** "**G**."

10.      On November 13, 2018, I sent counsel a meet and confer letter regarding this issue.  A true and correct copy of this letter [minus exhibits] is attached hereto as **Exhibit** "**H**."  A true and correct copy of Mr. Merin's responsive e-mail is attached hereto as **Exhibit** "**I**."

11.      On November 19, 2018, I spoke with Mr. Merin on the telephone regarding the subject Motion in a further attempt to meet and confer regarding this issue.

12.      Mr. Dwyer has indicated via e-mail that he has destroyed the materials produced relating to the *Coleman, Kershner*, and *Langley* cases.  A true and correct copy of his e-mail correspondence regarding this issue is attached hereto as **Exhibit** "**J**."

13.      Copies of the Confidential/Highly Confidential documents and videos at issue will be provided to the Court and counsel via five DVDs, marked as **Exhibit** "**K**."

14.      My office represents the County, the Sheriff's Office and/or individual deputies in individual civil rights cases pending in the Eastern District and before other courts, which could be negatively impacted if the subject confidential documents/information were to be released.

I declare under penalty of perjury under the laws of the State of California and of the United States, that the foregoing is true and correct.  Executed this 27th day of November, 2018 at Auburn, California.

By:   */s/ Julia M. Reeves*
      JULIA M. REEVES

3

PCMRC-015

**EXHIBIT A**

**From:** Mark Merin [mailto:mark@markmerin.com]
**Sent:** Friday, December 08, 2017 2:15 PM
**To:** Loebs, Blake
**Cc:** Paul Masuhara
**Subject:** Bangert, et al. v. Placer County, et al.

Blake,

To move forward in the resolution of the above-referenced class action complaint, I suggest we agree on a mediator and that the County provide responses to some informal discovery.  The discovery I have in mind is the following, which would apply to the class period (August 11, 2015, to the present):

1.   numbers of persons booked into the County Jail on a monthly basis;
2.   numbers of persons seen by medical personnel at the jail broken down by month;
3.   numbers of persons sent from the Placer County Jail to outside hospitals by month;
4.   list of persons put into restraint chairs and the length of time each was in the chair;
5.   written complaints of abuse from inmates at the Placer County Jail;
6.   memoranda or other writings memorializing oral complaints of abuse at the Placer County Jail;
7.   government tort claims filed with Placer County alleging abuse during incarceration at the Placer County Jail;
8.   reports by officers and/or jail personnel of the use of force against persons incarcerated at the Placer County Jail.

Please advise if the County is prepared to provide this information, informally, for use only in an attempts to settle this action through mediation, and, if so, by when we can expect to receive the information.


Thanks, Mark


Mark E. Merin, Esq.
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, CA 95814
Telephone:  916/443-6911
Facsimile:  916/447-8336
Email:  mark@markmerin.com

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please phone (916) 443-6911. Thank you.

PCMRC-017

**EXHIBIT B**

**From:** Mark Merin [mailto:mark@markmerin.com]
**Sent:** Tuesday, February 06, 2018 11:22 AM
**To:** Loebs, Blake
**Cc:** Paul Masuhara
**Subject:** Bangert, et al. v. Placer County, et al

Blake,

By when will you be able to produce for us the informal discovery we need in this case?  Can we get immediate access to the whatever video there is of Bangert's treatment?
Best, Mark

Mark E. Merin, Esq.
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, CA 95814
Telephone:  916/443-6911
Facsimile:  916/447-8336
Email:  mark@markmerin.com

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please phone (916) 443-6911. Thank you.

PCMRC-019

# EXHIBIT C

1 | Patrick H. Dwyer (State Bar No. 137743)
P.O. Box 1705
2 | Penn Valley, CA 95946
Telephone:     (530) 432-5407
3 | Facsimile:     (530) 432-9122
E-mail:        pdwyer@pdwyerlaw.com
4 | Attorney for Plaintiffs
CHRISTOPHER LANGLEY, BRANDON
5 | COLEMAN, and CHRISTOPHER M. KERSHNER
6 |
Mark E. Merin (State Bar No. 043849)
7 | Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
8 | 1010 F Street, Suite 300
Sacramento, California 95814
9 | Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
10 | E-Mail:        mark@markmerin.com
              paul@markmerin.com
11 | Attorneys for Plaintiff
12 | BEAU BANGERT

13 | PLACER COUNTY COUNSEL'S OFFICE
BRETT D. HOLT (SBN 133525)
14 | JULIA M. REEVES (SBN 241198)
175 Fulweiler Avenue
15 | Auburn, California 95603
Telephone:     (530) 889-4044
16 | Facsimile:     (530) 889-4069
Email:         bholt@placer.ca.gov
17 |             jreeves@placer.ca.gov
18 |
Blake P. Loebs (SBN: 145790)
19 | bloebs@meyersnave.com
David Mehretu (SBN: 269398)
20 | dmehretu@meyersnave.com
Robert S. Moutrie (SBN: 295250)
21 | rmoutrie@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
22 | 555 12th Street, Suite 1500
Oakland, California 94607
23 | Telephone:     (510) 808-2000
Facsimile:     (510) 444-1108
24 | Attorneys for Defendants
25 | LANGLEY DEFENDANTS,
KERSHNER COUNTY
26 | DEFENDANTS, COLEMAN COUNTY
DEFENDANTS, and BANGERT COUNTY
27 | DEFENDANTS
28 |

**STIPULATED PROTECTIVE ORDER**

Case 2:17-cv-01667-KJN  Document 62  Filed 12/20/18  Page 25 of 74
Case 2:17-cv-01667-TLN-KJN  Document 35  Filed 03/12/18  Page 2 of 17

PCMRC-021

1  BRUCE A. KILDAY (S.B. 066415)
     Email: bkilday@akk-law.com
2  AMIE McTAVISH (S.B. 242372)
     Email: amctavish@akk-law.com
3  ANGELO, KILDAY & KILDUFF, LLP
   Attorneys at Law
4  601 University Avenue, Suite 150
   Sacramento, CA 95825
5  Telephone:    (916) 564-6100
   Telecopier:   (916) 564-6263
6  Attorneys for Defendant
7  ROBERT L. MADDEN

8  Jonathan B. Paul, SBN 215884
   Glen A. Williams, SBN 257665
9  RIVERA & ASSOCIATES
   1425 River Park Drive, Ste. 250
10 Sacramento, California 95815
   Tel: 916-922-1200 Fax: 916-922-1303
11 Attorneys for Defendant
12 MEGAN C. YAWS

13

14              UNITED STATES DISTRICT COURT

15              EASTERN DISTRICT OF CALIFORNIA

16                 SACRAMENTO DIVISION

17

| 18 | CHRISTOPHER LANGLEY, | Case No. 2:17-cv-0760-GEB-KJN |
|---|---|---|
| 19 | Plaintiff, | **PROPOSED STIPULATED PROTECTIVE ORDER** |
| 20 | v. | |
| 21 | FRANK DOMEIER, et al., | |
| 22 | Defendants. | |
| 23 | DEREK CONNER, | Case No. 2:17-cv-1830-GEB-KJN |
| 24 | Plaintiff, | |
| 25 | v. | |
| 26 | PLACER COUNTY, et al., | |
| 27 | Defendants. | |
| 28 | | |

STIPULATED PROTECTIVE ORDER

PCMRC-022

| | |
|---|---|
| CHRISTOPHER M. KERSHNER, | Case No. 2:17-cv-2312-GEB-KJN |
|        Plaintiff, | |
|     v. | |
| PLACER COUNTY, et al., | |
|        Defendants. | |

| | |
|---|---|
| BRENDAN COLEMAN, | Case No. 2:17-cv-1579-GEB-KJN |
|        Plaintiff, | |
|     v. | |
| PLACER COUNTY, et al., | |
|        Defendants. | |

| | |
|---|---|
| BEAU BANGERT, | Case No. 2:17-cv-01667-GEB-KJN |
|        Plaintiff, | |
| vs. | |
| COUNTY OF PLACER, et al., | |
|        Defendants. | |

**STIPULATED PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.6 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a

1

**STIPULATED PROTECTIVE ORDER**

Case 2:17-cv-01667-KJN   Document 62   Filed 12/20/18   Page 28 of 74
Case 2:17-cv-01667-TLN-KJN   Document 35   Filed 03/12/18   Page 5 of 17
PCMRC-024

1    substantial risk of serious harm that could not be avoided by less restrictive means.  Parties agree that no materials

2    which describe or reflect the specific treatment of any individual Plaintiffs by Defendants, such as incident reports

3    regarding individual Plaintiffs, or audio/visual recordings of Plaintiffs' interactions with Defendants, will be

4    designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5         2.7    Non-Party: any natural person, partnership, corporation, association, or other legal entity not

6    named as a Party to this action.

7         2.8    Counsel of Record: attorneys who have appeared in this action on behalf of that party or are

8    affiliated with a law firm or governmental entity which has appeared on behalf of that party.

9         2.9    Party: any party to this action, including all of its officers, directors, employees, consultants,

10   retained experts, and Counsel of Record (and their support staffs).

11        2.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this

12   action.

13        2.11    Professional Vendors: persons or entities that provide litigation support services (e.g.,

14   photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving

15   data in any form or medium) and their employees and subcontractors.

16        2.12    Protected Material: any Disclosure or Discovery Material that is designated as

17   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18        2.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

19   3.    SCOPE

20        The protections conferred by this Stipulation and Order cover not only Protected Material (as defined

21   above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

22   summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by

23   Parties or their Counsel of Record that might reveal Protected Material.  However, the protections conferred by

24   this Stipulation and Order do not cover the following information: (a) any information that is in the public domain

25   at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

26   Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

27   public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

28   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information

1    lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial

2    shall be governed by a separate agreement or order.

3    4.    <u>DURATION</u>

4        Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall

5    remain in effect until: (1) a Designating Party agrees otherwise in writing; (2) a court order otherwise directs; or

6    (3) there is a complete return or demolition of all Protected Material pursuant to Section 12.  Final disposition shall

7    be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and

8    (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

9    of this action, including the time limits for filing any motions or applications for extension of time pursuant to

10    applicable law.

11    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

12        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party

13    that designates information or items for protection under this Order must take care to limit any such designation to

14    specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the

15    Designating Party must designate for protection only those parts of material, documents, items, or oral or written

16    communications that qualify – so that other portions of the material, documents, items, or communications for

17    which protection is not warranted are not swept unjustifiably within the ambit of this Order.

18        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly

19    unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

20    development process or to impose unnecessary expenses and burdens on other parties) expose the Designating

21    Party to sanctions.

22        If it comes to a Designating Party's attention that information or items that it designated for protection do

23    not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party

24    must promptly notify all other parties that it is withdrawing the mistaken designation.

25        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second

26    paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

27        Material that qualifies for protection under this Order must be clearly so designated  before the material is

28    disclosed or produced.

3

**STIPULATED PROTECTIVE ORDER**

1     Designation in conformity with this Order requires:

2         (a) for information in documentary form (e.g., paper or electronic documents, but

3 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

5 protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing

6 Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

7 must specify, for each portion, the level of protection being asserted.  Alternatively, the Producing Party may

8 designate an entire production or storage device (such as CD or flash drive) as confidential by including

9 notice of such designation or including "CONFIDENTIAL" in the title of each designated file.

10     A Party or Non-Party that makes original documents or materials available for inspection need not

11 designate them for protection until after the inspecting Party has indicated which material it would like copied and

12 produced. During the inspection and before the designation, all of the material made available for inspection shall

13 be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

14 inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine

15 which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified

16 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

17 CONFIDENTIAL – ATTORNEYS' EYES ONLY" ) to each page that contains Protected Material. If only a

18 portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify

19 the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion,

20 the level of protection being asserted.

21         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

22 Party identify on the record, before the close of the deposition, hearing, or other proceeding,  or in a writing to all

23 parties within 30 business days of receipt of the deposition or hearing transcript, all protected testimony and

24 specify the level of protection being asserted. A Designating Party may specify, at the deposition or up to 30 days

25 afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26 ATTORNEYS' EYES ONLY."

27     Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

28 proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who

4

**STIPULATED PROTECTIVE ORDER**

Case 2:17-cv-01667-KJN  Document 62  Filed 12/20/18  Page 31 of 74
Case 2:17-cv-01667-TLN-KJN  Document 35  Filed 03/12/18  Page 8 of 17
PCMRC-027

have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is

5

**STIPULATED PROTECTIVE ORDER**

Case 2:17-cv-01667-KJN   Document 62   Filed 12/20/18   Page 32 of 74
Case 2:17-cv-01667-TLN-KJN   Document 35   Filed 03/12/18   Page 9 of 17

PCMRC-028

1   being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve

2   each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

3   forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the

4   Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must

5   give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and,

6   if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may

7   proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

8   establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

9        6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the

10   Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of

11   challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

12   whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the

13   movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the

14   Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if

15   applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition,

16   the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause

17   under FRCP 26(c), including a challenge to the designation of a deposition transcript or any portions thereof.  Any

18   motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the

19   movant has complied with the meet and confer requirements imposed by the preceding paragraph.

20        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous

21   challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens

22   on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the

23   confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall

24   continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

25   designation until the court rules on the challenge.

26   7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

27        7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by

28   another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to

**STIPULATED PROTECTIVE ORDER**

1  settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the

2  conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with

3  the provisions of section 15 below (FINAL DISPOSITION).

4      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

5  manner that ensures that access is limited to the persons authorized under this Order.

6      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or

7  permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

8  "CONFIDENTIAL" only to:

9          (a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel

10  of Record to whom it is reasonably necessary to disclose the information for this litigation;

11          (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably

12  necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13          (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

14  necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15          (d) the court and its personnel;

16          (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors

17  to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

18  Agreement to Be Bound" (Exhibit A);

19          (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

20  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by

21  the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions

22  that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone

23  except as permitted under this Stipulated Protective Order.

24          (g) the author or recipient of a document containing the information or a custodian or other person

25  who otherwise possessed or knew the information.

26  7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless

27  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

28  any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  only to:

7

**STIPULATED PROTECTIVE ORDER**

1    (a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel

2    of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed

3    the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

4    (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

5    litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to

6    whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

7    (c) the court and its personnel;

8    (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors

9    to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

10   Agreement to Be Bound" (Exhibit A); and

11   (e) the author or recipient of a document containing the information or a custodian or other person

12   who otherwise possessed or knew the information.

13   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

14   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of

15   any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" that Party must:

17   (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the

18   subpoena or court order;

19   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

20   litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such

21   notification shall include a copy of this Stipulated Protective Order; and

22   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

23   Party whose Protected Material may be affected.[1]

24   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order

25   shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY

26   _____

27   [1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective
     Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality

28   interests in the court from which the subpoena or order issued.

---

8

**STIPULATED PROTECTIVE ORDER**

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena

2   or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear

3   the burden and expense of seeking protection in that court of its confidential material – and nothing in these

4   provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

5   directive from another court.

6   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any

8   person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must

9   immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

10   retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized

11   disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the

12   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13   10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

14        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is

15   subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in

16   Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be

17   established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal

18   Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

19   communication or information covered by the attorney-client privilege or work product protection, the parties may

20   incorporate their agreement in the stipulated protective order submitted to the court.

21   11.    MISCELLANEOUS

22        11.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

23   modification by the court in the future.

24        11.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party

25   waives any right it otherwise would have to object to disclosing or producing any information or item on any

26   ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any

27   ground to use in evidence of any of the material covered by this Protective Order.

28        11.3   Filing Protected Material. Without written permission from the Designating Party or a court order

**STIPULATED PROTECTIVE ORDER**

1  secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any

2  Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule

3  141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

4  specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a

5  request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

6  entitled to protection under the law.

7  12.    FINAL DISPOSITION

8          Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

9  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

10  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

11  reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed,

12  the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

13  entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the

14  Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any

15  copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

16  Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings,

17  motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

18  exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

19  contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject

20  to this Protective Order as set forth in Section 4 (DURATION).

21          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22
                    March 7
23  Dated: ~~February~~  , 2018           LAW OFFICE OF MARK E. MERIN

24
25                                        By:   /S/  Mark E. Merin (as authorized on 3/7/18)
                                               Mark E. Merin
26                                             Paul H. Masuhara
                                               Attorney for Plaintiff
27                                             BEAU BANGERT

28  Dated: February 28 2018               LAW OFFICE OF PATRICK H. DWYER

                                   10

                    **STIPULATED PROTECTIVE ORDER**

By: _____
Attorneys for Plaintiffs
CHRISTOPHER LANGLEY,
BRANDON COLEMAN, and CHRISTOPHER M.
KERSHNER

Dated: ~~February~~ March 12 , 2018          MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____/S/  Blake P. Loebs_____
Blake P. Loebs
David Mehretu
Robert S. Moutrie
Attorney for Defendants
LANGLEY DEFENDANTS,
KERSHNER COUNTY
DEFENDANTS, COLEMAN COUNTY
DEFENDANTS, and BANGERT COUNTY
DEFENDANTS

Dated: February   , 2018          ANGELO, KILDAY & KILDUFF, LLP

By: _____
Bruce A. Kilday
Amie McTavish
Attorney for Defendant
ROBERT L. MADDEN

Dated: February   , 2018          RIVERA & ASSOCIATES

By: _____
Jonathan B. Paul
Glen A. Williams
Attorney for Defendant
MEGAN C. YAWS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____
United States District/Magistrate Judge Newman

11

STIPULATED PROTECTIVE ORDER

By: _____
    Attorneys for Plaintiffs
    CHRISTOPHER LANGLEY,
    BRANDON COLEMAN, and CHRISTOPHER M.
    KERSHNER

Dated: February   , 2018        MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
    Blake P. Loebs
    David Mehretu
    Robert S. Moutrie
    Attorney for Defendants
    LANGLEY DEFENDANTS,
    KERSHNER COUNTY
    DEFENDANTS, COLEMAN COUNTY
    DEFENDANTS, and BANGERT COUNTY
    DEFENDANTS

Dated: ~~February~~ March 9, 2018        ANGELO, KILDAY & KILDUFF, LLP

By: _____
    Bruce A. Kilday
    Amie McTavish
    Attorney for Defendant
    ROBERT L. MADDEN

Dated: February   , 2018        RIVERA & ASSOCIATES

By: _____
    Jonathan B. Paul
    Glen A. Williams
    Attorney for Defendant
    MEGAN C. YAWS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____      _____
                           United States District/Magistrate Judge Newman

STIPULATED PROTECTIVE ORDER

By: _____
    Attorneys for Plaintiffs
    CHRISTOPHER LANGLEY,
    BRANDON COLEMAN, and CHRISTOPHER M.
    KERSHNER

Dated: February  , 2018        MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
    Blake P. Loebs
    David Mehretu
    Robert S. Moutrie
    Attorney for Defendants
    LANGLEY DEFENDANTS,
    KERSHNER COUNTY
    DEFENDANTS, COLEMAN COUNTY
    DEFENDANTS, and BANGERT COUNTY
    DEFENDANTS

Dated: February  , 2018        ANGELO, KILDAY & KILDUFF, LLP

By: _____
    Bruce A. Kilday
    Amie McTavish
    Attorney for Defendant
    ROBERT L. MADDEN

Dated: February 28, 2018       RIVERA & ASSOCIATES

By: _____
    Jonathan B. Paul
    Glen A. Williams
    Attorney for Defendant
    MEGAN C. YAWS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____
                    United States District/Magistrate Judge Newman

11

STIPULATED PROTECTIVE ORDER

1  <u>EXHIBIT A</u>

2  <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3      I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety and understand the

5  Stipulated Protective Order that was issued by the United States District Court for the Eastern District of

6  California on ____ in the case of *Langley v. Placer County, et al.*, Case No. 2:17-cv-00760; *Kershner v.*

7  *Placer County, et al.*, Case No. 2:17-cv-2312-GEB-KJN; *Coleman v. Placer County, et al.*, Case No.

8  2:17-cv-01579-GEB-KJN; *Bangert v. Placer County, et al.*, Case No. 2:17-cv-01667-GEB-KJN. I agree

9

10  to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and

11  acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of

12  contempt. I solemnly promise that I will not disclose in any manner any information or item that is

13  subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

14  provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for the Eastern

16  District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

17  such enforcement proceedings occur after termination of this action.

18

19      I hereby appoint _____ [print or type full name] of

20  _____ [print or type full address and telephone number] as my

21  California agent for service of process in connection with this action or any proceedings related to

22  enforcement of this Stipulated Protective Order.

23  Date: _____

24  City and State where sworn and signed: _____, California

25

26  Printed name: _____

27  Signature: _____

28  2932679.1

12

**STIPULATED PROTECTIVE ORDER**

PCMRC-037

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CHRISTOPHER LANGLEY, | Case No. 2:17-cv-0760-GEB-KJN |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| FRANK DOMEIER, et al., | |
| Defendants. | |
| CHRISTOPHER M. KERSHNER, | Case No. 2:17-cv-2312-GEB-KJN |
| Plaintiff, | |
| v. | |
| PLACER COUNTY, et al., | |
| Defendants. | |
| BRENDAN COLEMAN, | Case No. 2:17-cv-1579-GEB-KJN |
| Plaintiff, | |
| v. | |
| PLACER COUNTY, et al., | |
| Defendants. | |

Case No. 2:17-cv-01667-GEB-KJN

BEAU BANGERT,

        Plaintiff,

vs.

COUNTY OF PLACER, et al.,

        Defendants.

On March 12, 2018, the parties submitted a proposed stipulation and protective order.  (ECF No. 49.)

Pursuant to stipulation, IT IS HEREBY ORDERED that the parties shall abide by the terms of the stipulated protective order filed March 12, 2018.

Dated:  March 26, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

Case 2:17-cv-01667-KJN   Document 62   Filed 12/20/18   Page 43 of 74
Case 2:17-cv-01667-TLN-KJN   Document 39   Filed 03/26/18   Page 3 of 3
PCMRC-039

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**STIPULATED PROTECTIVE ORDER**

PCMRC-040

**EXHIBIT D**

PCMRC-041

955 12ᵗʰ Street, Suite 1500      Blake Loebs
Oakland, California 94607      Principal
tel (510) 808-2000            bloebs@meyersnave.com
fax (510) 444-1108
www.meyersnave.com

# meyers | nave

March 27, 2018

Patrick H. Dwyer
P.O. Box 1705
Penn Valley, CA  95946
pdwyer@pdwyerlaw.com

Mark E. Merin
Law Offices of Mark Merin
1010 F Street, Suite 300
Sacramento, CA 95814
mark@markmerin.com

Re:     *Coleman v. Placer County, et al.;* USDC Eastern Dist., Sac. Case No. 2:17-CV-01579
        *Kershner v. Placer County, et al.;* USDC Eastern Dist, Sac. Case No. 2:17-CV-01830
        *Langley v. Placer County, et al.;* USDC Eastern Dist, Sac. Case No. 2:17-CV-0760
        *Bangert v. Placer County, et al.;* USDC Eastern Dist, Sac. Case No. 2:17-CV-1667

Dear Mr. Dwyer & Mr. Merin:

    Here is the status of your respective requests for informal document productions.  All
references to Bates numbers refer to the Bates numbers in the pdf included in the Sharefile
link in the email to which this letter is attached, with the exception of the videos, which will
produced by an encrypted flash drive because of the size of the files.  The password for the
Sharefile link and flash drive (they share the same password) will follow in a separate email.

## REQUESTED BY MR. MERIN FOR INFORMAL DISCOVER PER DEC. 8 E-MAIL
### (For class period, August 11, 2015, to the present):

1.    **Request:**  Numbers of persons booked into the County Jail on a monthly basis:

      a.    **Response:** Bates # PC000065.  These documents have been designated
            Confidential.

2.    **Request:**  Numbers of persons seen by medical personnel at the jail broken down by
      month:

      a.    **Response:** Bates #PC000066-PC000071.  These documents have been
            designated Confidential.

Patrick H. Dwyer
March 27, 2018
Page 2

3.   **Request:** Numbers of persons sent from the Placer County Jail to outside hospitals by month:

   a.   **Response:** Bates # PC000066-PC000071 (*See* ER Visits and Referrals categories.)

4.   **Request:** List of persons put into restraint chairs and the length of time each was in the chair:

   **Response:** Bates # PC000072-PC000076; PC000085-PC000090. These documents have been designated as Highly Confidential – Attorney's Eyes Only. These documents identify individuals placed in the restraint chair. It is simply too burdensome at this point to provide the length of time each person spent in the chair on each occasion. Six pages of records relating to Bangert's placement in a restraint chair during a suicide watch are produced as PC000178-PC000183, designated Confidential.

5.   **Request:** Written complaints of abuse from inmates at the Placer County Jail:

   a.   **Response:** The County has pulled this information (grievances) from several different sources. They are being copied and Bates stamped and we anticipate production by March 30th. These documents, when produced, will be designated as Highly Confidential – Attorney's Eyes Only.

6.   **Request:** Memoranda or other writings memorializing oral complaints of abuse at the Placer County Jail:

   a.   **Response:** After a diligent search, the County has not been able to locate any such documents.

7.   **Request:** Government tort claims filed with Placer County alleging abuse during incarceration at the Placer County Jail:

   a.   **Response:** Bates # PC000001-PC000064; PC000077-PC000084; PC000091-PC000099, and PC000184-PC000216.

8.   **Request:** Reports by officers and/or jail personnel of the use of force against persons incarcerated at the Placer County Jail:

   a.   **Response:** After meeting and conferring regarding which terms to use to search the database to select the applicable reports for production, the County ran an exhaustive search using approximately 70 terms selected by the County and the approximately 27 additional terms proposed by Plaintiffs. This search revealed hits in over 4,600 reports. The County's review of those reports has been quite laborious, as indicated in our e-mail to you of February 7, 2018. The County began looking at the reports with the most number of search term

Patrick H. Dwyer
March 27, 2018
Page 3

hits – as those documents are the most likely to be relevant – and has 866 reports being prepared to produce at this time. They are being copied and bates marked now and we will anticipate producing them to you by March 30, 2018.

As we continue to move through the reports, we anticipate that many will not involve any use of force and rather will call up non-responsive results. The County is diligently continuing to review these reports and will make them available on a rolling basis. Specifically, we intend to produce additional available reports approximately 30 days from today's date, with additional remaining reports to be produced thereafter, as they become available.

All of these reports will be designated Highly Confidential – Attorney's Eyes Only.

## MR. DWYER'S REQUEST PER JAN. 3, 2018 E-MAIL:

1.   **Request:** The administrative log for the PCSO Auburn Jail Ocularis camera system from June 1, 2016 to August 1, 2016 (the log should show what cameras exist and how they are set to operate, where the data is stored, and the camera's operational status):

   a.   **Response:** Bates # PC000100-PC000101. These documents have been designated Highly Confidential – Attorneys Eyes only.

2.   **Request:** The maintenance records for the PCSO Auburn Jail Ocularis camera system from June 1, 2016 to August 1, 2017:

   a.   **Response:** Bates # PC000117-PC000141. These documents have been designated Highly Confidential – Attorneys Eyes only.

3.   **Request:** The name(s) of the system administrator(s) for the PCSO Auburn Jail Ocularis camera system from June 1, 2016 to August 1, 2017:

   a.   **Response:** Operations Sergeant Mark MacKay.

4.   **Request:** The maintenance records for the cruiser unit used by Deputies Spencer and Miller on July 14 and 15, 2016 (the "cruiser") from June 1, 2016 until August 1, 2017:

   a.   **Response:** Bates # PC000104-PC000116. These documents have been designated Highly Confidential – Attorneys Eyes only.

5.   **Request:** The administrative logbook for the cruiser Watch Dog video showing how the cameras in the cruiser were configured on July 14 to 15, 2016:

PCMRC-044

    a.    **Response:** The configuration of the cameras can be determined by looking at the camera angles in the videos. The County is currently looking to see whether it might have a log book that would also document the camera angles.

6.    **Request:** Physical inspection of the cruiser used by Deputies Spencer and Miller on July 14 and 15, 2016:

    a.    **Response:** The vehicle driven by Deputies Spencer and Miller on July 14, 2016 was converted into a fleet car in August 2017. As a fleet car, it has been stripped of its video equipment and used elsewhere in the County. The County can make the stripped fleet car available for inspection and /or an exemplar vehicle that was using the same type of equipment that was used on the day of the incident.

7.    **Request:** A physical inspection of Cell 33:

    a.    **Response:** As previously offered by County Counsel, the County can arrange for an attorney only inspection of Cell 33. We propose April 9 or 11. Please advise which of these dates is workable for your schedules.

8.    **Request:** For the Coleman case, the video from the other two cameras that are located on the same physical pole on the fence to the Sally Port area that holds the camera from which the purported Sally Port video was recorded (there are three cameras installed on a pole on the fence near the gate entrance to the Sally Port area):

    a.    **Response:** There is no video from the other two cameras in the Sally Port area because those cameras did not record on the date of this incident and have never recorded video.

9.    **Request:** All email communications between the PCDA and the PCSO regarding Coleman's requests for production of evidence and the court's order compelling production:

    a.    **Response:** We have reviewed these documents and there are no non-attorney client documents that can be produced at this time:

**ALL VIDEO OF EACH SUBJECT INCIDENT:**

1.    **Request:** Producing the video for each incident has been a subject of informal discussions, if not any specific e-mail exchange:

a.      **Response:**  The County is producing, via FedEx, a copy of all videos of each incident to all plaintiffs' counsel, at the request of plaintiffs' counsel, on an encrypted flash drive.  These videos are designated "Confidential" under the protective order.  Bates # PC000142-PC000177.  The decryption code (password) will be sent separately by e-mail.

Sincerely,

Blake P. Loebs

cc:     Jonathan Paul
        Glen Williams
        Bruce Kilday
        Sean O'Dowd
        Brett Holt/Julia Reeves

BPL:kkh
29412675

PCMRC-046

**EXHIBIT E**

555 12th Street, Suite 1500
Oakland, California 94607
tel (510) 808-2000
fax (510) 444-1108
www.meyersnave.com

PCMRC-047

Blake Loebs
Principal
bloebs@meyersnave.com

**meyers | nave**

April 4, 2018

Patrick H. Dwyer
P.O. Box 1705
Penn Valley, CA  95946
pdwyer@pdwyerlaw.com

Mark E. Merin
Law Offices of Mark Merin
1010 F Street, Suite 300
Sacramento, CA 95814
mark@markmerin.com

Re:   *Coleman v. Placer County, et al.;* USDC Eastern Dist., Sac. Case No. 2:17-CV-01579
      *Kershner v. Placer County, et al.;* USDC Eastern Dist, Sac. Case No. 2:17-CV-01830
      *Langley v. Placer County, et al.;* USDC Eastern Dist, Sac. Case No. 2:17-CV-0760
      *Bangert v. Placer County, et al.;* USDC Eastern Dist, Sac. Case No. 2:17-CV-1667

      Informal Production #2: Grievances and Incident Reports (PC000178-PC002984)

Dear Mr. Dwyer & Mr. Merin:

        Here is an update to Mr. Merin's request numbers 5 and 8.  Grievances and incident reports are being produced in response on an encrypted DVD disk which is being sent tonight via FedEx.  The password for the disk is included in the email to which this letter is attached.

5.      **Request :**  Written complaints of abuse from inmates at the Placer County Jail:

        a.      **Response:** Bates #PC000178-PC000324.  These documents have been designated Highly Confidential – Attorney's Eyes Only.

8.      **Request:**  Reports by officers and/or jail personnel of the use of force against persons incarcerated at the Placer County Jail:

        a.      **Response:** Bates # PC000325-PC001788 (List 1, County Counsel's Terms) and Bates # PC001789-PC002984 (List 2, Plaintiffs' counsel terms).  These documents have been designated Highly Confidential – Attorney's Eyes Only.

PCMRC-048

As described in our original response, the incident reports are being searched using the terms selected by the County and also by the terms proposed by Plaintiffs. The lists of those terms are attached. The reports located by these searches are being produced here according to the search term list that located the report, hence the reports are under two separate folders "List 1, County Counsel's terms" and "List 2, Plaintiffs' counsel terms" as listed above. The final count of documents was 885 reports - 359 under List 1, and 526 under List 2.

As previously discussed, all incident reports which have these search terms are being produced, even if they do not involve use of force. We anticipate the production of additional reports by the end of April, with other reports to follow as they become available.

Sincerely,

Blake P. Loebs

cc:    Jonathan Paul
       Glen Williams
       Bruce Kilday
       Sean O'Dowd
       Brett Holt/Julia Reeves

BPL:kkh
2945839.2

PCMRC-049

**EXHIBIT F**

| | |
|---|---|
| **From:** | Julia Reeves |
| **Sent:** | Friday, October 12, 2018 9:59 AM |
| **To:** | Mark Merin; Paul Masuhara; 'pdwyer@pdwyerlaw.com' |
| **Cc:** | 'Mehretu, David' |
| **Subject:** | Video Footage Produced Pursuant to Protective Order |

**[CONFIDENTIAL ATTORNEY/CLIENT DOCUMENT - DO NOT PLACE IN PUBLIC FILE]**

Mark, Paul and Patrick,

Now that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the Protective Order you please either return the videos of those incidents to my office or confirm in writing they are destroyed.

Thank you,

**Julia M. Reeves**
Deputy County Counsel
Office of Placer County Counsel
175 Fulweiler Avenue
Auburn, CA 95603
530-889-4044



**Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged. Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

| | |
|---|---|
| **From:** | Julia Reeves |
| **Sent:** | Tuesday, October 30, 2018 12:29 PM |
| **To:** | 'Mark Merin'; 'Paul Masuhara'; 'pdwyer@pdwyerlaw.com' |
| **Cc:** | 'Mehretu, David' |
| **Subject:** | RE: Video Footage Produced Pursuant to Protective Order |

**[CONFIDENTIAL ATTORNEY/CLIENT DOCUMENT - DO NOT PLACE IN PUBLIC FILE]**

Mark, Paul and Patrick,

I do not believe that I received a response from you regarding this issue.  Please advise whether you intend to destroy or return the subject videos.

Thanks,

**Julia M. Reeves**
Deputy County Counsel
Office of Placer County Counsel
175 Fulweiler Avenue
Auburn, CA  95603
530-889-4044



**Notice:** This e-mail message, including any attachments, contains information which may be confidential and privileged. Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

**From:** Julia Reeves
**Sent:** Friday, October 12, 2018 9:59 AM
**To:** Mark Merin <mark@markmerin.com>; Paul Masuhara <paul@markmerin.com>; 'pdwyer@pdwyerlaw.com' <pdwyer@pdwyerlaw.com>
**Cc:** 'Mehretu, David' <dmehretu@meyersnave.com>
**Subject:** Video Footage Produced Pursuant to Protective Order

**[CONFIDENTIAL ATTORNEY/CLIENT DOCUMENT - DO NOT PLACE IN PUBLIC FILE]**

Mark, Paul and Patrick,

Now that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the Protective Order you please either return the videos of those incidents to my office or confirm in writing they are destroyed.

Thank you,

**Julia M. Reeves**

Deputy County Counsel
Office of Placer County Counsel
175 Fulweiler Avenue
Auburn, CA  95603
530-889-4044



**Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged.  Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

PCMRC-052

PCMRC-053

# EXHIBIT G

MARK E. MERIN
mark@markmerin.com

PAUL H. MASUHARA
paul@markmerin.com

LAW OFFICE OF
**MARK E. MERIN**
A T T O R N E Y   A T   L A W

November 6, 2018

**BY FIRST CLASS U.S. MAIL**
**& E-MAIL**

Blake P. Loebs, Esq.                                      bloebs@meyersnave.com
David Mehretu, Esq.                                      dmehretu@meyersnave.com
Robert S. Moutrie, Esq.                                 rmoutrie@meyersnave.com
Meyers, Nave, Riback, Silver & Wilson
555 12th Street, Suite 1500
Oakland, California 94607

Brett D. Holt, Esq.                                          bholt@placer.ca.gov
Julia M. Reeves, Esq.                                    jreeves@placer.ca.gov
Placer County Counsel's Office
175 Fulweiler Avenue
Auburn, California 95603

Re:   ***Bangert v. County of Placer***
      **U.S. District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN**

Dear Counsel:

        As you know, the parties stipulated to entry of protective order in this matter (ECF Nos. 35) which was entered by the Court (ECF No. 39). Under the terms of that protective order, parties to this litigation were entitled to designate and produce documents as "Confidential" and presumptively subject to protection under Fed. R. Civ. P. 26(c), with the ability of any party to challenge such a designation. (ECF No. 35 at 8:20-9:25.)

        In connection with the parties' efforts to mediate and reach the terms of a settlement agreement, Defendants County of Placer, Placer County Sheriff's Office, and Devon M. Bell produced various documents, including: (1) a video-recording of Plaintiff Beau Bangert being brutally assaulted by Robert L. Madden, Megan C. Yaws, Aubrey R. Harris, and M. Ramirez at the Auburn Main Jail on May 14, 2017 ("PC000142"); (2) a video-recording of Plaintiff Beau Bangert secured in a restraint chair, with a "spit-mask" hood coving his face, immediately following his beating ("PC000143"); (3) various photos of Plaintiff Beau Bangert taken immediately following his beating ("PC000144-156"); and (4) incident reports prepared by Megan C. Yaws, M. Ramirez, Brandon Lukenbill, Robert L. Madden, and Aubrey R. Harris following Plaintiff Beau Bangert's beating ("PC001526-32").

        On October 12, 2018, we received an email from Ms. Reeves stating: "Now that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the Protective Order you please either return the videos of those incidents to my office or confirm in writing they are destroyed." The provision of the protective order to which Ms. Reeves appears to be referring is ¶12, which states, in relevant part: "Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material." (ECF No. 35 at 13:7-20.)

Blake P. Loebs, Esq.
Brett D. Holt, Esq.
November 6, 2018
Page 2 of 2

LAW OFFICE OF
**MARK E. MERIN**
ATTORNEY AT LAW

First, a "final disposition" has not been reach in the *Bangert* matter, where the Court has merely "preliminarily" approved the class action settlement. A "final disposition" will result only after the Court has ordered "final" approval of the class action settlement, at some time potentially on or after March 28, 2019, when the "Final Approval Hearing" is currently set to occur. (ECF No. 59 at 4:18-24.)

Second, we do not agree that *any* video produced by Defendants in connection with the *Bangert* matter was properly designated as "Confidential" under the protective order. Accordingly, this correspondence provides notice that, pursuant to the terms of the parties' stipulated protective order (ECF No. 35 at 8:26-9:8), Plaintiff Beau Bangert challenges the "Confidential" designation of those documents identified above ("PC000142" [video], "PC000143" [video], "PC000144-156" [photos], and "PC001526-32" [reports]). The basis for this challenge is as follows: none of the materials identified constitute material that is subject to protection under Fed. R. Civ. P. 26(c).

The incident giving rise to this action is clearly one of public interest. It has resulted in criminal charges being filed against Robert L. Madden and Megan C. Yaws—but not against Aubrey R. Harris and M. Ramirez. This civil action has now been preliminarily approved for resolution through a stipulated class action settlement agreement in order to benefit those persons who were subject to abuse, like representative Plaintiff Beau Bangert. Your client, Defendant Devon M. Bell, previously held a press conference and characterized those who engaged in improper conduct as being "limited to a very small number of people" and stated that he "would have liked to release the incriminating video to the public, but the Placer County District Attorney's office has requested he not do so." Based on the fact that the Placer County District Attorney's Office is not a party to this action, we assume that your clients will not object to the challenged "Confidential" designations in this correspondence. However, if Defendant Devon M. Bell was being disingenuous for the benefit of the media he assembled for his press conference, and intends to try and limit the dissemination of the video-recorded evidence of his personnel engaging in admittedly illegal conduct,[1] we will be forced to present this issue to the Court for resolution.

If further action is necessary, please advise us of a date and time to schedule a conference call so that we may personally discuss these issues.

Very Truly Yours,
LAW OFFICE OF MARK E. MERIN

Mark E. Merin

cc:   Patrick H. Dwyer, Esq.

---

[1] On August 7, 2017, Beau Bangert submitted a citizen's complaint to the Placer County Sheriff's Office alleging that he was subject to unlawful use of force by jail personnel, as reflected in the video recordings referenced above. On February 1, 2018, Undersheriff Wayne Woo responded: "An internal investigation has been completed and the entire investigation will be retained at the Sheriff's office as provided by state law. [¶] A finding of sustained has been assigned to the allegation of excessive use of force." No further explanation of how the Placer County Sheriff's Office would address the sustained complaint was provided.

PCMRC-056

# EXHIBIT H

PCMRC-057

# OFFICE OF THE
# PLACER COUNTY COUNSEL

**GERALD O. CARDEN, COUNTY COUNSEL**

175 Fulweiler Avenue
Auburn, California 95603
Telephone: 530-889-4044
Facsimile: 530-889-4069
www.placer.ca.gov

November 13, 2018

**VIA EMAIL AND U.S. MAIL**

Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814

Re:  *Bangert v. Placer County, et al.*
     United State District Court Case No. 2:17-cv-01667-MCE-GGH

Dear Mr. Merin,

The following is in response to your November 6, 2018 correspondence to Mr. Loebs regarding destruction of the videos produced during informal discovery in this matter. Specifically, this correspondence is intended to address the meet and confer requirements set forth in Paragraphs 6.2 and 6.3 of the subject Protective Order.

## The Parties' Clear Intent Was That the Subject Videos Would be Produced Solely For the Purposes of Informal Discovery

On December 8, 2017, your office sent Mr. Loebs an e-mail proposing mediation in the *Bangert* case (attached hereto). This e-mail stated, in part, as follows: "To move forward in the resolution of the above-referenced class action complaint, I suggest we agree on a mediator (I propose a retired federal judge such as Raul Ramirez or Frank Damrell) and that the County provide responses to some informal discovery." Certain requested items were itemized therein. The e-mail further states: "Please advise if the County is prepared to provide this information, informally, *for use only in an attempts to settle this action through mediation*, and, if so, by when we can expect to receive the information." The County, as you know, agreed to provide the informal discovery requested in the December 8, 2017 e-mail along with additional documents/videos requested by plaintiffs' counsel, specifically for the purposes of mediation and pursuant to a Protective Order. For example, on February 6, 2018, your office again e-mailed Mr. Loebs stating: "By when will you be able to produce for us the informal discovery we need in this case? Can we get immediate access to whatever video there is of Bangert's treatment?" (attached hereto). Your most recent November 6 correspondence confirms that fact. ("In connection with the parties' efforts to mediate and reach the terms of a settlement agreement, Defendants...produced various documents...")

The parties negotiated the terms of a Protective Order, which was entered by the Court on March 26, 2018 [ECF 35]. Subsequently, on March 27, 2018, the County produced, via informal discovery, copies of all videos to each plaintiff's counsel with a "CONFIDENTIAL" designation. (See March 27, 2018 letter, attached hereto). The Protective Order is very clear that items bearing a

November 13, 2018
Page 2

"CONFIDENTIAL" designation as "Protected Material" may only be used in connection with this case. (¶ 7.1 of Protective Order.)

**Plaintiffs' Challenge Regarding Confidentiality is Belated Pursuant to Section 6.1 of the Protective Order**

Section 6.1 of the Protective Order provides that: "Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed."

Section 7.1 of the Protective Order further states: "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle a litigation." The *Bangert* case has been settled, a settlement agreement fully executed, Mr. Bangert's individual settlement funded and Preliminary Approval of the Class Action granted. There remains, pursuant to Section 7.1, no further permitted purpose for plaintiff to use the materials cited, as plaintiff is no longer "prosecuting or attempting to settle the litigation." It is burdensome and prejudicial to the County for Mr. Bangert to wait until *after* all of those events have occurred to provide notice that Mr. Bangert challenges the confidentiality of certain items. The MSC was held and the case settled on May 16, 2018 – plaintiff's notice challenging the confidentiality was provided no less than 6 months after the case settled.

Moreover, Coleman, Langley and Kershner have all been dismissed and your office was not counsel on any of those matters.  You have identified no legitimate basis for your office to refuse to confirm whether materials relating to those actions have been destroyed.

**Conclusion**

We appreciate you offering to set up a teleconference to further discuss these issues. As you are aware, your November 6th letter commenced the time frame for my client to file a Motion pursuant to the Protective Order. As such, we would like to set up a time to discuss this issue this week.

Very truly yours,
OFFICE OF THE PLACER COUNTY COUNSEL

By: _____
Julia M. Reeves
Deputy County Counsel

JMR/eab
Enclosures

PCMRC-059

November 13, 2018
Page 3

cc:    Patrick Dwyer, Esq.
       David Mehretu, Esq.

PCMRC-060

**EXHIBIT I**

**Jenna Porter**

**Subject:**                    Bangert v. County of Placer, et al. - Meet & Confer

**From:** Mark Merin [mailto:mark@markmerin.com]
**Sent:** Wednesday, November 14, 2018 4:00 PM
**To:** Elizabeth Brown <EBrown@placer.ca.gov>
**Cc:** pdwyer@pdwyerlaw.com; David Mehretu (dmehretu@meyersnave.com) <dmehretu@meyersnave.com>; Julia Reeves <JReeves@placer.ca.gov>
**Subject:** RE: Bangert v. County of Placer, et al. - Meet & Confer

Julia,
We are/were entitled to the Bangert video.  Had we not mediated the case we would have gotten the video in the ordinary course of discovery and you would never have been able to keep it confidential.  If you move to have it protected under the protective order, you will lose because there is no basis for keeping it confidential.  We expect we will attach a copy of the video to the final motion in support of the request for final approval at the Fairness Hearing.  If you think the video should be confidential, you could move for an order sealing it, but I doubt the court would grant that motion.  The video itself is solid support for the maintenance and approval of the class action settlement.  We don't have any present intent to distribute the video, but we don't want to destroy it and we believe others may want to access it in the future;
Best, Mark

Mark E. Merin, Esq.
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, CA 95814
Telephone:  916/443-6911
Facsimile:  916/447-8336
Email:  mark@markmerin.com

**CONFIDENTIALITY NOTICE:** This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please phone (916) 443-6911. Thank you.

**From:** Elizabeth Brown [mailto:EBrown@placer.ca.gov]
**Sent:** Tuesday, November 13, 2018 4:15 PM
**To:** Mark Merin
**Cc:** pdwyer@pdwyerlaw.com; David Mehretu (dmehretu@meyersnave.com); Julia Reeves
**Subject:** Bangert v. County of Placer, et al. - Meet & Confer

Good afternoon Mr. Merin,
Please see attached letter from Ms. Reeves. Thank you.

**Elizabeth Brown**
Legal Assistant
Office of the Placer County Counsel
175 Fulweiler Ave., Auburn, CA 95603
(530) 889-4044 | (530) 889-4069 fax | ebrown@placer.ca.gov

1

PCMRC-062



**Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged. Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

PCMRC-063

**EXHIBIT J**

| | |
|---|---|
| **From:** | pdwyer@pdwyerlaw.com |
| **Sent:** | Friday, November 2, 2018 9:22 AM |
| **To:** | Julia Reeves; Mark Merin; Paul Masuhara |
| **Cc:** | Mehretu, David |
| **Subject:** | Re: Video Footage Produced Pursuant to Protective Order |

Julia,

This includes everything (that includes video) that defendants produced on the dates I listed.  These dates covered everything I could find, but let me know if I should look for anything else.

Patrick

On 10/31/2018 10:18 AM, Julia Reeves wrote:

> **[CONFIDENTIAL ATTORNEY/CLIENT DOCUMENT - DO NOT PLACE IN PUBLIC FILE]**
>
> Thank you – to confirm, does that include destruction of all videos produced in the Coleman, Langley and Kershner matters?
>
> **Julia M. Reeves**
> Deputy County Counsel
> Office of Placer County Counsel
> 175 Fulweiler Avenue
> Auburn, CA  95603
> 530-889-4044



> **Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged.  Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.
>
> **From:** pdwyer@pdwyerlaw.com [mailto:pdwyer@pdwyerlaw.com]
> **Sent:** Wednesday, October 31, 2018 10:02 AM
> **To:** Julia Reeves <JReeves@placer.ca.gov>; Mark Merin <mark@markmerin.com>; Paul Masuhara <paul@markmerin.com>
> **Cc:** Mehretu, David <dmehretu@meyersnave.com>
> **Subject:** Re: Video Footage Produced Pursuant to Protective Order

> Julia,

I want to confirm receipt of the documents produced under the protective order. April 12, 2018, May 1, 2018, May 4, 2018, and May 16, 2018.  I am not aware of any other documents produced under the protective order.

Patrick

On 10/30/2018 12:28 PM, Julia Reeves wrote:

**[CONFIDENTIAL ATTORNEY/CLIENT DOCUMENT - DO NOT PLACE IN PUBLIC FILE]**

Mark, Paul and Patrick,

I do not believe that I received a response from you regarding this issue.  Please advise whether you intend to destroy or return the subject videos.

Thanks,

**Julia M. Reeves**
Deputy County Counsel
Office of Placer County Counsel
175 Fulweiler Avenue
Auburn, CA  95603
530-889-4044



\*\*Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged.  Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

**From:** Julia Reeves
**Sent:** Friday, October 12, 2018 9:59 AM
**To:** Mark Merin <mark@markmerin.com>; Paul Masuhara <paul@markmerin.com>; 'pdwyer@pdwyerlaw.com' <pdwyer@pdwyerlaw.com>
**Cc:** 'Mehretu, David' <dmehretu@meyersnave.com>
**Subject:** Video Footage Produced Pursuant to Protective Order

**[CONFIDENTIAL ATTORNEY/CLIENT DOCUMENT - DO NOT PLACE IN PUBLIC FILE]**

Mark, Paul and Patrick,

Now that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the Protective Order you please either return the videos of those incidents to my office or confirm in writing they are destroyed.

Thank you,

2

PCMRC-066

Julia M. Reeves
Deputy County Counsel
Office of Placer County Counsel
175 Fulweiler Avenue
Auburn, CA 95603
530-889-4044



**Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged.  Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

PCMRC-067

**Julia Reeves**

| | |
|---|---|
| **From:** | pdwyer@pdwyerlaw.com |
| **Sent:** | Wednesday, November 14, 2018 4:36 PM |
| **To:** | Mark Merin; Elizabeth Brown |
| **Cc:** | David Mehretu (dmehretu@meyersnave.com); Julia Reeves |
| **Subject:** | Re: Bangert v. County of Placer, et al. - Meet & Confer |

Julia,

The *Bangert* materials are quite different than those produced by defendants for my individual clients. From my perspective, the class action does not have final approval and no evidence that was produced in that case should be destroyed at this time.

Patrick

On 11/14/2018 3:59 PM, Mark Merin wrote:

> Julia,
> We are/were entitled to the Bangert video. Had we not mediated the case we would have gotten the video in the ordinary course of discovery and you would never have been able to keep it confidential. If you move to have it protected under the protective order, you will lose because there is no basis for keeping it confidential. We expect we will attach a copy of the video to the final motion in support of the request for final approval at the Fairness Hearing. If you think the video should be confidential, you could move for an order sealing it, but I doubt the court would grant that motion. The video itself is solid support for the maintenance and approval of the class action settlement. We don't have any present intent to distribute the video, but we don't want to destroy it and we believe others may want to access it in the future;
> Best, Mark
>
> Mark E. Merin, Esq.
> Law Office of Mark E. Merin
> 1010 F Street, Suite 300
> Sacramento, CA 95814
> Telephone: 916/443-6911
> Facsimile: 916/447-8336
> Email: mark@markmerin.com
>
> **CONFIDENTIALITY NOTICE:** This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please phone (916) 443-6911. Thank you.
>
> **From:** Elizabeth Brown [mailto:EBrown@placer.ca.gov]
> **Sent:** Tuesday, November 13, 2018 4:15 PM
> **To:** Mark Merin
> **Cc:** pdwyer@pdwyerlaw.com; David Mehretu (dmehretu@meyersnave.com); Julia Reeves
> **Subject:** Bangert v. County of Placer, et al. - Meet & Confer

PCMRC-068

Good afternoon Ms. Reeves,
Please see attached letter from Ms. Reeves. Thank you.

**Elizabeth Brown**
Legal Assistant
Office of the Placer County Counsel
175 Fulweiler Ave., Auburn, CA 95603
(530) 889-4044 | (530) 889-4069 fax | ebrown@placer.ca.gov



**Notice: This e-mail message, including any attachments, contains information which may be confidential and privileged. Unless you are the intended recipient(s) (or authorized to receive e-mail on the recipient's behalf), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please immediately advise the sender by reply e-mail and delete the message. Thank you.

PCMRC-069

# EXHIBIT K

PCMRC-070



HIGHLY CONFIDENTIAL DO NOT PRODUCE

Declaration of Julia M. Reeves in Support of Placer County Defendants' Motion To Retain Confidentiality - Exhibit K(1)

HIGHLY CONFIDENTIAL DO NOT PRODUCE

Declaration of Julia M. Reeves in Support of Placer County Defendants' Motion To Retain Confidentiality - Exhibit K(2)



HIGHLY CONFIDENTIAL DO NOT PRODUCE

Declaration of Julia M. Reeves in Support of Placer County Defendants' Motion To Retain Confidentiality - Exhibit K(3)



HIGHLY CONFIDENTIAL DO NOT PRODUCE

Declaration of Julia M. Reeves in Support of Placer County Defendants' Motion To Retain Confidentiality - Exhibit K(4)



HIGHLY CONFIDENTIAL DO NOT PRODUCE

Declaration of Julia M. Reeves in Support of Placer County Defendants' Motion To Retain Confidentiality - Exhibit K(5)