Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiffs
BEAU BANGERT
and the Settlement Class

**FILED**

Dec 20, 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BEAU BANGERT, on behalf of himself and a class of similarly situated persons,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF PLACER, et al.,<br><br>        Defendants. | Case No. 2:17-cv-01667-KJN<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**<br><br>Date:<br>Time:<br>Location:    Robert T. Matsui U.S. Courthouse<br>                   501 I Street<br>                   Sacramento, California  95814<br>Courtroom: 25 (8th Floor)<br>Judge:       Hon. Kendall J. Newman |

**TABLE OF CONTENTS**

I. **INTRODUCTION**..................................................................................................................1

II. **STATEMENT OF RELEVANT FACTS**..........................................................................1

   A. THE FACTS GIVING RISE TO THIS ACTION ............................................................1

   B. THE CRIMINAL PROCEEDINGS ..................................................................................2

   C. THE CITIZEN'S COMPLAINT .......................................................................................2

   D. THE CIVIL LITIGATION & DISCOVERY ...................................................................3

   E. THE CLASS ACTION SETTLEMENT ..........................................................................5

   F. THE "CONFIDENTIAL" DESIGNATION CHALLENGE .............................................6

   G. THE REQUEST TO SEAL & MOTION TO RETAIN CONFIDENTIALITY ...............6

III. **ARGUMENT**.......................................................................................................................6

   A. THE REQUEST TO SEAL FAILS TO COMPLY WITH E.D. CAL. L.R. 141(B) ........7

   B. THE REQUEST TO SEAL FAILS ON THE MERITS ...................................................8

      1. County Defendants' Request To Seal Is Overbroad ....................................................9

      2. County Defendants' Moving Papers Are Not Subject To Sealing .............................10

         a. *Good Cause*.........................................................................................................10

         b. *Compelling Reasons*..........................................................................................13

      3. Plaintiffs' Opposition Papers Cannot Be Subject To Sealing......................................14

         a. *Good Cause*.........................................................................................................14

         b. *Compelling Reasons*..........................................................................................15

IV. **CONCLUSION**................................................................................................................15

i

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

# TABLE OF AUTHORITIES

CASES

*B2B CFO Partners Liab. Co. v. Kaufman*, 2010 U.S. Dist. LEXIS 57565 (D. Ariz. May 25, 2010) ......6, 9

*Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339 (3d Cir. 1986).........11, 12

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992)............................................................10

*Boskoff v. Yano*, 217 F. Supp. 2d 1077 (D. Haw. 2001) ................................................................14

*Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) ...................................7, 14

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)...............................................................14

*Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 179927 (E.D. Cal. Dec. 20, 2013)..............................8

*Estate of Crawley v. Kings County*, 2015 U.S. Dist. LEXIS 59439 (E.D. Cal. May 6, 2015) .....................8

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)............................................6, 9, 11

*Gordon v. City & County of San Francisco*, 2004 U.S. Dist. LEXIS 20021 (N.D. Cal. Apr. 30, 2004) ...12

*Harmon v. City of Santa Clara*, 323 F.R.D. 617 (N.D. Cal. 2018) ......................................................11, 13

*Hedrick v. Grant*, 2017 U.S. Dist. LEXIS 19438 (E.D. Cal. Feb. 9, 2017).............................................6, 9

*In re Roman Catholic Archbishop*, 661 F.3d 417 (9th Cir. 2011) .................................................................9

*JP Morgan Chase Bank v. Sierra Pac. Mortg.*, 2016 U.S. Dist. LEXIS 23295 (E.D. Cal. Feb. 24, 2016)10

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)................................7, 11, 13, 15

*Kaur v. City of Lodi*, 2014 U.S. Dist. LEXIS 110079 (E.D. Cal. Aug. 7, 2014)...........................12, 13, 14

*Lissner v. U.S. Customs Serv.*, 241 F.3d 1220 (9th Cir. 2001) ...................................................................12

*Macias v. Cleaver*, 2016 U.S. Dist. LEXIS 85529 (E.D. Cal. June 30, 2016) ..........................7, 11, 13, 14

*Marquis Aurbach Coffing, P.C. v. Dorfman*, 2016 U.S. Dist. LEXIS 5405 (D. Nev. Jan. 15, 2016) ..........9

*Mendez v. City of Gardena*, 222 F. Supp. 3d 782 (C.D. Cal. 2015) .....................................................11, 12

*Mitchell v. Cate*, 2016 U.S. Dist. LEXIS 94791 (E.D. Cal. July 19, 2016)..............................................14

*Mlejnecky v. Olympus Imaging Am.*, 2011 U.S. Dist. LEXIS 16128 (E.D. Cal. Feb. 7, 2011)....................3

*Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804 (N.D. Cal. 2018) .....................................................15

*Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978) ...................................................................................13

*Patriot Rail Corp. v. Sierra R.R. Co.*, 2016 U.S. Dist. LEXIS 15862 (E.D. Cal. Feb. 8, 2016) ..................7

*Phillips v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002)............................................................7, 10

ii

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

*Phillips v. U.S. Dep't of Justice*, 2018 U.S. Dist. LEXIS 183472 (E.D. Cal. Oct. 24, 2018) .......................8

*Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) ....................................................................7

*Ramirez v. Burwell*, 2016 U.S. Dist. LEXIS 129973 (E.D. Cal. Sep. 21, 2016) ..........................................9

*Ringelberg v. Vanguard Integrity Prof.-Nev., Inc.*, 2018 U.S. Dist. LEXIS 11643 (D. Nev. Jan. 24, 2018) 9

*Rosales v. City of Chico*, 2015 U.S. Dist. LEXIS 126034 (E.D. Cal. Sep. 18, 2015) ..................................7

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1999) .........................................10

*Savis, Inc. v. Cardenas*, 2018 U.S. Dist. LEXIS 182289 (N.D. Ill. Oct. 24, 2018) ......................................4

*SEC v. Crumbley*, 2016 U.S. Dist. LEXIS 14512 (E.D. Cal. Feb. 4, 2016) .................................................8

*Thomas v. Arroyo*, 2015 U.S. Dist. LEXIS 51605 (D. Nev. Apr. 20, 2015) ................................................9

*U.S. Tobacco, Inc. v. Big S. Wholesale*, 2013 U.S. Dist. LEXIS 165638 (E.D.N.C. Nov. 21, 2013) ........14

*Welsh v. City & County of San Francisco*, 887 F. Supp. 1293 (N.D. Cal. 1995) ........................................7

*White v. Sabatino*, 2007 U.S. Dist. LEXIS 69178 (D. Haw. Sept.17, 2007) .............................................14

*Xie v. De Young Props.*, 2018 U.S. Dist. LEXIS 47747 (E.D. Cal. Mar. 22, 2018) .....................................7

<u>RULES</u>

E.D. Cal. L.R. 141(a) ....................................................................................................................................6

E.D. Cal. L.R. 141(b) ....................................................................................................................................7

E.D. Cal. L.R. 251(b) ....................................................................................................................................8

E.D. Cal. L.R. 251(c) ....................................................................................................................................8

Fed. R. Civ. P. 26(d)(1) .................................................................................................................................3

iii

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

## I. INTRODUCTION

Plaintiffs Beau Bangert and the Settlement Class (collectively, "Plaintiffs") file the following in opposition to Defendants County of Placer, Placer County Sheriff's Office, and Devon M. Bell's (collectively, "County Defendants") request to seal (ECF No. 60), pursuant to E.D. Cal. L.R. 141(c).

## II. STATEMENT OF RELEVANT FACTS

### A. THE FACTS GIVING RISE TO THIS ACTION

This case arises from the jailhouse beating of Plaintiff Beau Bangert ("Plaintiff") at the Auburn Mail Jail by several correctional officers who either directly participated in the beating, aided and abetted the beating, and/or failed to report or failed to accurately report the excessive and unreasonable use of force of their fellow officers.

On May 14, 2017, Plaintiff, while experiencing an episode of mental-illness associated with his diagnosed schizophrenia, was repeatedly punched, kneed, and choked by Defendant Robert L. Madden ("Madden") and repeatedly tased by Defendant Megan C. Yaws ("Yaws"), while fellow officers Aubrey R. Harris and M. Ramirez held Plaintiff's arms behind his back, preventing Plaintiff from protecting himself. Plaintiff was then confined to a restraint chair as he bled profusely. (These events are depicted on the video recordings [PC000142-43] and Plaintiff's injuries reflected in photographs [PC000144-56] that are the subjects of County Defendants' underlying "motion to retain confidentiality.")

Subsequent to the beating, Defendants Madden and Yaws and fellow officers Aubrey R. Harris and M. Ramirez prepared false incident reports that materially misrepresented the incident, as confirmed by the video recording of the beating. (These reports [PC001526-32] are the subject of County Defendants' underlying "motion to retain confidentiality.") For example:

    a.    Defendant Megan C. Yaws falsely reported: "When the door was opened, Bangert widened his stance and began swinging at [] Madden."

    b.    Deputy M. Ramirez falsely reported: "As the door to cell 27 was opened, Bangert attempted to punch at Madden." "Bangert attempted to punch and push back at Madden."

    c.    Defendant Robert L. Madden falsely reported: "I hit B[angert] with the shield approximately in the middle of the cell. B[angert] stood his ground as we screamed at him to get on the ground. I hit B[angert] with the shield two more times trying to knock him

1

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

over. B[angert] still stood his ground and at this point had his back against the wall." "At some point during the fight B[angert] had punched me in my right eye with a closed fist."

d.  Deputy Aubrey R. Harris falsely reported: "B[angert] … was attempting to strike at officers with his fists."

## B.  THE CRIMINAL PROCEEDINGS

On May 31, 2017, Defendant Devon M. Bell ("Bell") conducted a press conference wherein he, as sheriff, announced that three deputies who worked at the Auburn Main Jail had been terminated as employees and arrested. (Declaration of Mark E. Merin ("Merin Decl."), ¶2 & Ex. 1 [6/1/17 Sac Bee Article].) At the press conference, Defendant Bell stated that the "conduct was limited to a very small number of people." (*Id.*) Additionally, Defendant Bell stated that he would have liked to release the incriminating video to the public, but the Placer County District Attorney's Office had requested he not do so because "[i]t could color people's perspectives of what happened" and "[i]t's an ongoing criminal investigation and due process is absolutely key when you're talking about justice." (*Id.*)

On May 31, 2017, Defendants Madden and Yaws were criminally charged in *People v. Madden*, Superior Court of California, County of Placer, Case No. 62-152693A & *People v. Yaws*, Superior Court of California, County of Placer, Case No. 62-152693B. (Merin Decl., ¶3 & Ex. 2 [Felony Complaint].) (A third defendant, Jeffrey J. Villanueva, who was not involved in Plaintiff's beating, was also charged therein.) The Felony Complaint identified six alleged incidents of misconduct by Auburn Main Jail personnel and six subjects/victims of their abuse, with charges including "Assault by a Public Officer" and "Filing a False Report." (*Id.*)

On April 18, 2018, criminal charges against Defendant Yaws were dismissed. (Merin Decl., ¶4 & Ex. 3 [Yaws Docket].)

On April 25, 2018, Defendant Madden pled *nolo contendere* to a charge of felony assault. (Merin Decl., ¶5 & Ex. 4 [Madden Docket].)[1]

## C.  THE CITIZEN'S COMPLAINT

On August 7, 2017, Plaintiff filed a citizen's complaint related to the May 14, 2017, beating he

---

[1] On October 9, 2018, Jeffrey J. Villanueva similarly pled *nolo contendere* to a charge of felony assault. (Merin Decl., ¶6 & Ex. 5 [Villanueva Docket].)

2

sustained at the Auburn Main Jail. (Merin Decl., ¶7 & Ex. 6 [IA Complaint].)

On February 1, 2018, the Placer County Sheriff's Office stated that "[a]n internal investigation ha[d] been completed" concerning Plaintiff's citizen's complaint and "[a] finding of sustained ha[d] been assigned to the allegation of excessive use of force." (Merin Decl., ¶8 & Ex. 7 [IA Finding].)

**D.    THE CIVIL LITIGATION & DISCOVERY**

On August 11, 2017, Plaintiff filed a class action complaint initiating this action and alleging various federal and state law claims. (ECF No. 1.) The complaint's allegations stated that Plaintiff's beating was not an isolated incident but, rather, part of a pervasive policy or custom of excessive use of force by Auburn Main Jail personnel against inmates. (*Id*.)

On August 11, 2017, the Court issued the "Initial Pretrial Scheduling Order" which required that the parties conduct a Fed. R. Civ. P. 26(f) conference "[w]ithin sixty (60) days of service of the complaint on any party…" (ECF No. 3 at 2:14-16 (fn. omitted).)[2]

On August 14, 2017, County Defendants and Defendants Yaws and Madden were served with process. (ECF Nos. 4, 5, 6, 7 & 8.)

On September 14, 2017, Plaintiff's counsel personally met and conferred with County Defendants and Defendants Yaws and Madden's counsel. (Merin Decl., ¶9.)

On September 25, 2017, Plaintiff's counsel provided a proposed discovery plan to Defendants' counsel. (Merin Decl., ¶10 & Ex. 8 [9/25/17 PHM Email].)

On October 6, 2017, Plaintiff's counsel personally met and conferred with County Defendants counsel for a second time. (Merin Decl., ¶11.)

On October 10, 2017, County Defendants proposed in an email message that "[the parties] agree to stay all aspects of this case, including initial disclosures" and, "while the stay is in place, [the parties] work cooperatively towards a [settlement], and engage in informal discovery, with a protective order in place preventing disclosure outside of this case with any information [parties] share." (Merin Decl., ¶12 & Ex. 9 [10/10/17 BL Email].)

---

[2] The timing of a Fed. R. Civ. P. 26(f) conference is significant because "a party may generally seek discovery from any source after the parties confer as required by [Fed. R. Civ. P.] 26(f)." *Mlejnecky v. Olympus Imaging Am.*, 2011 U.S. Dist. LEXIS 16128, at *15-16 (E.D. Cal. Feb. 7, 2011) (citing Fed. R. Civ. P. 26(d)(1)).

3

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

On October 13, 2017, Plaintiff's counsel responded to County Defendants' counsel's request to "stay" the case pending settlement discussions, in relevant part:

> [T]here are certain documents and specific information that we must have access to in order to resolve this case—especially if that resolution is to encompass the claims of the putative class we have alleged to exist through this action. Accordingly, now that discovery in this matter has opened, I am attaching a set of requests for production of documents. (I have forward-dated these requests and will not actually serve them until October 16, 2017, since today's date represents the final date by which the parties are required to conduct a Fed. R. Civ. P. 26(f) conference, after which discovery opens.) Generally, a party is required to respond to such a request within 30 days, Fed. R. Civ. P. 34(b)(2)(A), with an additional three days where served by mail, Fed. R. Civ. P. 6(d), but since we are discussing an approach to resolution, we are willing to entertain extensions of time to respond to parts of these requests.

(Merin Decl., ¶13 & Ex. 10 [10/13/17 MEM Letter].)

On October 16, 2017, Plaintiff served Defendant County of Placer with requests for production of documents. (Merin Decl., ¶14 & Ex. 11 [RPD].)

On November 2, 2017, County Defendants and Defendants Yaws and Madden filed answers to the complaint. (ECF Nos. 18, 19 & 20.)

On December 6, 2017, the scheduling order in this action was vacated and the action was related and reassigned based on the pendency of similar pending actions: *Langley v. Domeier*, Case No. 2:17-cv-00760-GEB-KJN; *Conner v. Placer County*, Case No. 2:17-cv-01830-TLN-DB; *Kershner v. Placer County*, Case No. 2:17-cv-02312-MCE-GGH; and *Coleman v. Placer County*, Case No. 2:17-cv-01579-WBS-CKD. (ECF No. 27.)

On December 8, 2017, Plaintiff's counsel requested that "the County provide responses to some informal discovery" related to the putative class "for use only in an attempt[] to settle this action through mediation…" (Merin Decl., ¶15 & Ex. 12 [12/8/17 MEM Email].)[3]

---

[3] Some of Plaintiff's exhibits cited herein and attached to the Declaration of Mark E. Merin are duplicative of exhibits attached to the Declaration of Julia M. Reeves submitted in support of County Defendants' motion to retain confidentiality. County Defendants' instant request to seal apparently attempts to incorporate by reference the motion to retain confidentiality, including the declaration and exhibits submitted in support, despite the fact that that motion is not currently before the Court. *See*, *e.g.*, *Savis, Inc. v. Cardenas*, 2018 U.S. Dist. LEXIS 182289, at *4 (N.D. Ill. Oct. 24, 2018) (rejecting incorporation and observing the "different procedural postures" of two different motions). Accordingly, Plaintiff separately submits the relevant exhibits in connection with the instant request to seal.

4

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

On January 3, 2018, Plaintiff's counsel reiterated to County Defendants' counsel his request for "informal discovery." (Merin Decl., ¶16 & Ex. 13 [1/3/18 MEM Email].)

On January 5, 2018, the parties submitted a Joint Status Report, wherein Plaintiff stated that he "ha[d] not yet received responses to [discovery] requests and ha[d] agreed to delay the date by which responses [were] required, based on the parties' mutual agreement to pursue a class-wide settlement of this action." (ECF No. 28 at 7:15-18.)

On January 19, 2018, the parties jointly requested the scheduling of a settlement conference. (ECF No. 29.)

On February 6, 2018, Plaintiff's counsel reiterated to County Defendants' counsel his request for "informal discovery" and, specifically, "immediate access to [] whatever video there is of Bangert's treatment" at the Auburn Main Jail. (Merin Decl., ¶17 & Ex. 14 [2/6/18 MEM Email].)

On March 8, 2018, a settlement conference was scheduled by the Court. (ECF No. 34.)

On March 12, 2018, the parties filed a stipulated protective order. (ECF No. 35.)

On March 26, 2018, the Court approved and issued the parties' stipulated protective order. (ECF No. 36.)

On March 27, 2018, County Defendants produced some "informal document productions," including class-related discovery and videos of the subject incidents. (Merin Decl., ¶18 & Ex. 15 [3/27/18 BL Letter].)

On April 4, 2018, County Defendants produced additional documents supplementing those documents produced on March 27, 2018. (Merin Decl., ¶19 & Ex. 16 [4/4/18 BL Letter].)

On May 2, 2018, County Defendants produced "updated responses" supplementing those documents produced on March 27, 2018. (Merin Decl., ¶20 & Ex. 17 [5/2/18 BL Letter].)

**E.     THE CLASS ACTION SETTLEMENT**

On May 15 and 16, 2018, the parties attended and participated in a settlement conference before the Court. (ECF Nos. 47 & 49.) At the conclusion of the settlement conference, the parties reached a verbal agreement to resolve both Plaintiff's individual and class claims. (ECF No. 49.)

On August 28, 2018, Plaintiff filed an unopposed application for preliminary approval of the class action settlement. (ECF No. 57.)

5

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

On September 7, 2018, the Court preliminarily approved the class action settlement, setting a Final Approval Hearing for March 28, 2019. (ECF No. 59.)

### F. THE "CONFIDENTIAL" DESIGNATION CHALLENGE

On October 12, 2018, County Defendants' counsel stated in an email to Plaintiffs' counsel: "Now that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the Protective Order you please either return the videos of those incidents to my office or confirm in writing they are destroyed." (Merin Decl., ¶21 & Ex. 18 [10/12/18 JMR Email].)

On November 6, 2018, Plaintiffs' counsel responded in a correspondence that they were challenging the "Confidential" designation applied to the video recordings, photos, and incident reports concerning Plaintiff Bangert's beating. (Merin Decl., ¶22 & Ex. 19 [11/6/18 MEM Letter].)

On November 13, 2018, County Defendants' counsel responded in a correspondence that they did not agree with Plaintiff's designation challenges. (Merin Decl., ¶23 & Ex. 20 [11/13/18 JMR Letter].)

On November 19, 2018, Plaintiffs' counsel and County Defendants' counsel personally conferred by telephone concerning the designation challenges. (Merin Decl., ¶24.) An agreement could not be reached to resolve the dispute short of Court intervention. (*Id.*)

### G. THE REQUEST TO SEAL & MOTION TO RETAIN CONFIDENTIALITY

On November 27, 2018, County Defendants filed a notice of request to seal: (1) County Defendants' motion to retain confidentiality and supporting materials; and (2) any opposition to County Defendants' motion to retain confidentiality. (ECF No. 60.) Thereafter, County Defendants emailed (but did not file) a request to seal ("Memo.") and motion to retain confidentiality, with supporting materials.

### III.  ARGUMENT

"Documents may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. L.R. 141(a). "The 'showing required by law' referred to by Local Rule 141 and relevant case law is a high one." *Hedrick v. Grant*, 2017 U.S. Dist. LEXIS 19438, at *4 (E.D. Cal. Feb. 9, 2017). A moving party has burden of proof on each document it wishes to seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also B2B CFO Partners, Ltd. Liab. Co. v. Kaufman*, 2010 U.S. Dist. LEXIS 57565, at *3 (D. Ariz. May 25, 2010) (party seeking sealing must "explain item by item why an exhibit or argument must be sealed").

6

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

In general, there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). This is especially true "where the case involves allegations of police misconduct," because "the public has a vested interest 'in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely.'" *Macias v. Cleaver*, 2016 U.S. Dist. LEXIS 85529, at *14 (E.D. Cal. June 30, 2016) (quoting *Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995)); *see also Rosales v. City of Chico*, 2015 U.S. Dist. LEXIS 126034, at *2-3 (E.D. Cal. Sep. 18, 2015) ("[W]here the case involves allegations of police misconduct, the public may have an interest in the case and the court must protect the public's right to access.").

In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A party requesting to seal a document filed with a non-dispositive motion need only demonstrate "good cause," whereas a party requesting to seal a document filed with a dispositive motion must demonstrate "compelling reasons." *Id.*; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). However, "the key in determining which standard to apply is not whether the proposed sealed documents accompany a dispositive or non-dispositive motion" but, rather, "'whether the motion is more than tangentially related to the merits of a case.'" *Macias*, 2016 U.S. Dist. LEXIS 85529, at *8-9 (quoting *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)).

### A.  THE REQUEST TO SEAL FAILS TO COMPLY WITH E.D. CAL. L.R. 141(b)

The Local Rules expressly require that a request to seal: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." E.D. Cal. L.R. 141(b); *see also Xie v. De Young Props.*, 2018 U.S. Dist. LEXIS 47747, at *1-3 (E.D. Cal. Mar. 22, 2018).

County Defendants' request to seal includes none of the information required by E.D. Cal. L.R. 141(b). "'It is not the court's duty to provide statutory or other controlling authority and analysis to explain why a party requesting to seal a document…'" *Patriot Rail Corp. v. Sierra R.R. Co.*, 2016 U.S. Dist. LEXIS 15862, at *12 (E.D. Cal. Feb. 8, 2016) (quoting *SEC v. Crumbley*, 2016 U.S. Dist. LEXIS

7

14512, at *2 (E.D. Cal. Feb. 4, 2016)).

Therefore, the request to seal should be denied as procedurally deficient for non-compliance with E.D. Cal. L.R. 141(b).

**B.    THE REQUEST TO SEAL FAILS ON THE MERITS**

County Defendants' "Legal Argument" in support of the instant request to seal is confined to merely six lines of text (or, two sentences):

> [T]he need to protect not only the videos/documents that are at issue in the underlying Motion to Retain Confidentiality, but the sensitive discussion regarding the parameters of mediation of this class action matter and the frank exchange between counsel regarding discovery items needed in order effectively [*sic*] mediate this case, greatly outweighs any public interest in disclosure. Such discussion and inclusion of meet and confer exhibits was necessary in order to thoughtfully explain why the documents challenged by Plaintiff should retain their confidentiality.

(Memo. at 4:9-15.)

County Defendants' lack of legal argument or analysis supporting the request to seal "fairly begs not to be taken seriously." *See Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 179927, at *33 (E.D. Cal. Dec. 20, 2013); *see also Phillips v. U.S. Dep't of Justice*, 2018 U.S. Dist. LEXIS 183472, at *2 (E.D. Cal. Oct. 24, 2018) (denying request to seal that was "only six lines long").

County Defendants identify "the need to protect … the videos/documents that are at issue in the underlying Motion to Retain Confidentiality…" (Memo. at 4:9-10.) But the instant request to seal does not concern *the documents* that County Defendants seek to subject to protection. Rather, the instant request to seal concerns County Defendants' attempt to seal *the moving and opposition papers*[4] concerning the underlying motion to retain confidentiality over the documents. In other words, County Defendants' argument is that not only are *the documents* themselves subject to protection but that *any argument or discussion* concerning the documents' allegedly-protected status is also subject to

---

[4] County Defendants' motion to retain confidentiality is a discovery motion, pursuant to E.D. Cal. L.R. 251(a). For discovery motions, the parties are required to "set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement," E.D. Cal. L.R. 251(b), and "no separate briefing shall be filed," E.D. Cal. L.R. 251(c). *See also Estate of Crawley v. Kings County*, 2015 U.S. Dist. LEXIS 59439, at *13-14 (E.D. Cal. May 6, 2015) ("If the Court simply wanted the two parties to file opposing briefs, there would be no Joint Statement requirement and the Court would set a regular briefing schedule."). County Defendants ignored these Rules and improperly filed a standalone Fed. R. Civ. P. 26(c) motion under seal. The procedural and substantive defects associated with that motion will be addressed in Plaintiffs' opposition briefing which will not be subject to sealing, as discussed *infra*.

8

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

protection. Of course, County Defendants do not—and cannot—cite to *any* authority in support of such a proposition. *See*, *e.g.*, *Thomas v. Arroyo*, 2015 U.S. Dist. LEXIS 51605, at *6 (D. Nev. Apr. 20, 2015) ("reject[ing] Defendants['] suggestion that the entire [m]otion to [d]ismiss must be sealed because it references purportedly privileged and/or confidential documents."); *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire motion, which clearly contains law and argument that should not be sealed."). Whatever the merits of County Defendants' arguments made in the motion to retain confidentiality, the instant request to seal is not dependent on that determination. Rather, the instant request to seal concerns whether the Court must seal the arguments and discussion submitted in reference to that determination.

### 1. County Defendants' Request To Seal Is Overbroad

"[T]he Ninth Circuit has made clear that the sealing of entire documents or motions is improper when any confidential information can be redacted while leaving meaningful information available to the public." *Marquis Aurbach Coffing, P.C. v. Dorfman*, 2016 U.S. Dist. LEXIS 5405, at *8 (D. Nev. Jan. 15, 2016) (citing *Foltz*, 331 F.3d at 1137, and *In re Roman Catholic Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011)); *Ringelberg v. Vanguard Integrity Professionals-Nev., Inc.*, 2018 U.S. Dist. LEXIS 11643, at *8 (D. Nev. Jan. 24, 2018) ("Sealing entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public.").

County Defendants' request to seal is overbroad on its face, where it requests the sealing of entire motion and opposition papers, including supporting documents, without regard to or identification of specific information that can be redacted to otherwise permit access to the judicial process. *See*, *e.g.*, *Hedrick*, 2017 U.S. Dist. LEXIS 19438, at *6; *Ramirez v. Burwell*, 2016 U.S. Dist. LEXIS 129973, at *11-12 (E.D. Cal. Sep. 21, 2016) (protected information "can be redacted"). In fact, County Defendants have *already* redacted exhibits that they also claim must be filed under seal. (*See* Declaration of Julia M. Reeves ("Reeves Decl."), Ex. A [white-out redactions].)[5] Plaintiffs' counsel has also redacted information deemed to be immaterial and irrelevant to the instant request to seal. (*See* Merin Decl., Exs.

---

[5] The overbroad nature of County Defendants' argument is further demonstrated by the exhibits they attached to the motion to retain confidentiality, which include filings from *this case* that are, of course, publicly-available documents. (*See* Reeves Decl., Ex. C [Protective Order].)

9

9, 10, 12 [black-out redactions].)

Accepting County Defendants' argument as to how sealing should be applied in this case advances a procedure rife for abuse, demonstrated by the instant request. Following County Defendants' logic, any time potentially-protectable materials are attached to a motion, the *entire motion* <u>and</u> *opposing briefing* must be sealed. Such a procedure would invite parties to attach irrelevant or immaterial documents to briefing that could arguably be protectable, in order to force the issuance of a sealing order.

**2.     County Defendants' Moving Papers Are Not Subject To Sealing**

County Defendants seek to seal the "[m]otion to [r]etain [c]onfidentiality pursuant to the Protective Order, including all moving papers, declarations, exhibits and materials produced therein." (ECF No. 60 at 2:2-4.)

*a.     Good Cause*

To establish "good cause," County Defendants bear the burden of showing that *specific* prejudice or harm will result if no protective order is granted. *See Phillips*, 307 F.3d at 1210-11. Broad and general allegations of harm do not satisfy the test. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). For this reason, blanket protective orders are disfavored. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Assuming, *arguendo*, that the "good cause" standard applies, County Defendants fail to meet the applicable burden.

County Defendants vaguely argue that the motion to retain confidentiality contains exhibits that reflect "sensitive discussion regarding the parameters of mediation" and "the frank exchange between counsel regarding discovery items needed in order effectively [*sic*] mediate." (Memo. at 4:10-12.) But County Defendants fail to explain how any particular "discussion" and "exchange"—*i.e.*, emails between counsel—constitutes the requisite manifestation of "prejudice or harm" if disclosed. *See Phillips*, 307 F.3d at 1210-11; *see also JP Morgan Chase Bank, N.A. v. Sierra Pac. Mortg. Co.*, 2016 U.S. Dist. LEXIS 23295, at *5 (E.D. Cal. Feb. 24, 2016) (denying request to seal where moving party failed to "provide[] any specific examples of harm that will result if the contents of the documents they request to seal are included in the publicly available court record.").

"In the name of encouraging settlements, [County Defendants] would have [a court] countenance what are essentially secret judicial proceedings. [Courts] cannot permit the expediency of the moment to

10

overturn centuries of tradition of open access to court documents and orders." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986). County Defendants' unsupported concerns about the disclosure of information related to a successful mediation is severely undercut by the fact that they are public entities and an official whose settlement agreements are matters of public record and concern. In fact, the parties' settlement agreement was necessarily filed on the Court's public docket for preliminary approval. (*See* ECF No. 57-4 (Class Action Settlement Agreement and Mutual Release).) "[County] "Defendants' argument backfires here—the fact that they spent the [County]'s money, presumably derived from taxes, only strengthens the public's interest in seeing the videos." *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015); *see also Harmon v. City of Santa Clara*, 323 F.R.D. 617, 623 (N.D. Cal. 2018) ("The fact that $6.7 million in public funds were spent to settle the case further implicates a public interest in seeing the video.").

County Defendants also argue (though, characterized as an "Introduction" rather than "Legal Argument") that:

> The Challenged Materials have the very real potential of tainting potential jurors in other existing civil rights cases against the County, the Sheriff's Office, and individual officers, including cases pending in the Eastern District of California and in other courts. A very real possibility exists that if the Challenged Materials (including the videos) were to be deemed non-confidential and subject to release, they could go "viral", destroying the possibility of a fair jury trial in those other matters.

(Memo. at 2:20-26.) But "this Court must refuse requests to engage in damage control on behalf of the Defendants." *Macias*, 2016 U.S. Dist. LEXIS 85529, at *14. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136); *see also Mendez*, 222 F. Supp. 3d at 792 ("Defendants cannot assert a valid compelling interest in sealing the videos to cover up any wrongdoing on their part or to shield themselves from embarrassment."). County Defendants' concern about the public learning about <u>actual</u> <u>documented</u> <u>facts</u> is unavailing and, frankly, concerning. "[T]he publication of details surrounding Plaintiff's case, though arguably unflattering to Defendants, does not in and of itself serve to gratify a private spite. To the contrary, the documents here are not scandalous or tawdry but involve incidents that were, in large part, sustained by Defendants' own investigators." *Macias*, 2016 U.S. Dist. LEXIS 85529, at *14-15 (internal citation

11

omitted). (*See also* Merin Decl., Exs. 6 & 7 [IA Complaint & Finding].) "[T]here is little concern that the documents are utterly meritless serving purely to circulate libelous or other baseless statements." *Id*.

Even if County Defendants' concerns were valid, their failure to substantiate their concerns is insufficient. *See*, *e.g.*, *Kaur v. City of Lodi*, 2014 U.S. Dist. LEXIS 110079, at *9 (E.D. Cal. Aug. 7, 2014) (where "Defendants [] s[ought] a protective order on the general grounds … that an order [wa]s necessary to prevent tainting of the jury pool" and "Defendants cite[d] to practically no legal authority in support of th[o]se arguments" the "Court f[ound] that broad allegations of harm unsubstantiated by specific examples or articulated reasoning" insufficient to "support a good cause showing").

Next, County Defendants argue (again, characterized as an "Introduction" rather than "Legal Argument") that:

> [T]here are individual officers featured in the subject videos and identified on the incident reports, who were not criminally charged and not named in Mr. Bangert's civil Complaint. Release of the Challenged Materials could destroy the featured officers' reputations by permitting them to be unfairly lumped with those who were named in the civil suit or criminally charged.

(Memo. at 2:26-3:4.) The officers to whom County Defendants refer are Aubrey R. Harris and M. Ramirez, who held Plaintiff's arms behind his back, preventing Plaintiff from protecting himself, while Defendant Madden relentlessly punched, kneed, and choked him and Defendant Yaws repeatedly tased him from behind (*see* PC000142-43 [Video]), then filed false incident reports attempting to justify the use of excessive force (*see* PC001526-32 [Reports]). Whether it would be "unfair" to "lump" those officers in "with those who were named in the civil suit or criminally charged" is extremely debatable— which is exactly the point. If the public is deprived of the materials and/or arguments in support of these disputes, there will be no debate to have because those matters will be rendered "essentially secret judicial proceedings." *See Bank of Am. Nat'l Tr. & Sav. Ass'n*, 800 F.2d at 345.

In any event, "[t]he only valid privacy interest in this case belongs to the Plaintiffs, who have made abundantly clear that they wish the videos to be made available to the public." *Mendez*, 222 F. Supp. 3d at 792. Aubrey R. Harris and M. Ramirez possess "a limited right of privacy, given their status as public servants and the public's interest in monitoring their behavior." *See Gordon v. City & County of San Francisco*, 2004 U.S. Dist. LEXIS 20021, at *12 (N.D. Cal. Apr. 30, 2004); *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001) ("[Public law enforcement officers'] privacy interests are

12

somewhat reduced."). They "know[] that what [they] say[] or write[] could lead to criminal prosecution of other officers or to their termination from the force." *Macias*, 2016 U.S. Dist. LEXIS 85529, at *21 n.6. The fact that Aubrey R. Harris and M. Ramirez fortuitously escaped accountability for their involvement in Plaintiff's beating does not present a valid justification for protecting their identities.

> Moreover, the [County]'s [sheriff] commented publicly on the video of the incident… , bringing the dispute even more squarely into the public eye. Piling onto the public interest in disclosure, the underlying lawsuit implicates citizens' federal and state constitutional rights *vis-à-vis* the operation of a public law enforcement agency. The public unquestionably holds a hefty interest in police force transparency, and especially so when fundamental rights are at stake.

*Harmon*, 323 F.R.D. at 624. Defendant Bell convened a press conference wherein he exclaimed his desire to release the video of Plaintiff's beating but stated he could not do so due to "due process" concerns based on pending criminal charges. (Merin Decl., Ex. 1 [6/1/17 Sac Bee Article].) However, those charges have since been disposed. (Merin Decl., Exs. 3, 4 & 5 [Yaws, Madden & Villanueva Dockets].) And so has Defendant Bell's interest in transparency. County Defendants now disingenuously seek to keep the video and *mere discussion of the video's content* under wraps, through this request to seal. "Defendants cannot have it both ways; they cannot selectively and continuously release favorable information to media in an attempt to win support in the 'court of public opinion,' while simultaneously claiming prejudice and hardship will result if they are required to disclose discovery which materially contradicts their favorable accounts of the incident." *Kaur*, 2014 U.S. Dist. LEXIS 110079, at *7.

Therefore, "good cause" does not support County Defendants' request to seal their motion to retain confidentiality and supporting materials.

### b. *Compelling Reasons*

To satisfy the "compelling reasons" standard, compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

The "compelling reasons" standard should apply here because, "[r]egardless of whether [County Defendants' motion to retain confidentiality] is considered technically nondispositive, there is little doubt

13

that the [motion] is directly related to the underlying claims in this case." *Macias*, 2016 U.S. Dist. LEXIS 85529, at *9 (citing *Center for Auto Safety, LLC*, 809 F.3d at 1096). Plaintiffs intend to attach the documents which are the subject of County Defendants' motion to retain confidentiality to the motion for final approval which *is* a dispositive motion. *See Mitchell v. Cate*, 2016 U.S. Dist. LEXIS 94791, at *6 (E.D. Cal. July 19, 2016) ("grant[ing] final approval to the Stipulated Settlement … fully addresse[d] and dispose[d] of the class claims in the case"); *see also White v. Sabatino*, 2007 U.S. Dist. LEXIS 69178 (D. Haw. Sept.17, 2007) (motion to enforce or set aside a settlement agreement is dispositive (citing *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001)). Without this supporting material, a court cannot completely assess the propriety of final approval—*e.g.*, "the strength of the plaintiff's case." *See Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (identifying requisite factors to be assessed prior to granting final approval).

If the "compelling reasons" standard does apply, for the same reasons discussed above with respect to the "good cause" standard, "compelling reasons" do not support County Defendants' request to seal their motion to retain confidentiality and supporting materials.

### 3. Plaintiffs' Opposition Papers Cannot Be Subject To Sealing

County Defendants seek to seal "any opposition/response to the [m]otion to [r]etain [c]onfidentiality … to be filed…" (ECF No. 60 at 2:4-5.)

#### a. Good Cause

County Defendants do not explain how they can seal a document that has not yet been filed. *See*, *e.g.*, *U.S. Tobacco, Inc. v. Big S. Wholesale of Va.*, 2013 U.S. Dist. LEXIS 165638, at *13-14 (E.D.N.C. Nov. 21, 2013) ("[T]he court cannot issue rulings preemptively allowing sealing or redaction."). County Defendants cannot know what Plaintiffs' counsel will say in their filings, and that it will warrant sealing, before it is said. And County Defendants' expectations or assumptions cannot constitute "good cause." (*See* Memo. at 3:11-12 ("Defendants expect that Plaintiffs may wish to include discussion or exhibits in opposition to the underlying Motion containing sensitive materials.").)

County Defendants' attempt preemptively to seal Plaintiffs' court filings is a classic prior restraint that violates the "rights of the parties, counsel, the media, and the public." *See Kaur*, 2014 U.S. Dist. LEXIS 110079, at *5 ("[A] sweeping order of the type that defendants have proposed would be a prior

14

restraint on free speech, and defendants have not justified the infringement that such an order would have on the First Amendment rights of the parties, counsel, the media, and the public."). Plaintiffs and their counsel will not be censored by County Defendants.

Therefore, "good cause" does not support County Defendants' preemptive request to seal Plaintiffs' opposition to the motion to retain confidentiality.

### b. *Compelling Reasons*

If the "compelling reasons" standard does apply, for the same reasons discussed above with respect to the "good cause" standard, "compelling reasons" do not support County Defendants' preemptive request to seal Plaintiffs' opposition to the motion to retain confidentiality.

## IV. CONCLUSION

County Defendants' request to seal is frivolous. *See Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (imposing sanctions for frivolous request to seal). County Defendants knew or should have known this prior to filing, where the request directly conflicts with controlling Ninth Circuit authority. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Accordingly, Plaintiffs Beau Bangert and the Settlement Class respectfully request that Defendants County of Placer, Placer County Sheriff's Office, and Devon M. Bell's request to seal be denied and that the associated briefing and supporting materials filed under seal be re-filed on the Court's public docket.

Dated: November 30, 2018          Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814

Attorneys for Plaintiffs
BEAU BANGERT
and the Settlement Class

15