# OFFICE OF THE
# PLACER COUNTY COUNSEL

GERALD O. CARDEN, COUNTY COUNSEL

175 Fulweiler Avenue
Auburn, California 95603
Telephone: 530-889-4044
Facsimile: 530-889-4069
www.placer.ca.gov

November 13, 2018

**VIA EMAIL AND U.S. MAIL**

Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814

**SEALED**

Re:  *Bangert v. Placer County, et al.*
     United State District Court Case No. 2:17-cv-01667-MCE-GGH

Dear Mr. Merin,

The following is in response to your November 6, 2018 correspondence to Mr. Loebs regarding destruction of the videos produced during informal discovery in this matter. Specifically, this correspondence is intended to address the meet and confer requirements set forth in Paragraphs 6.2 and 6.3 of the subject Protective Order.

**The Parties' Clear Intent Was That the Subject Videos Would be Produced Solely For the Purposes of Informal Discovery**

On December 8, 2017, your office sent Mr. Loebs an e-mail proposing mediation in the *Bangert* case (attached hereto). This e-mail stated, in part, as follows: "To move forward in the resolution of the above-referenced class action complaint, I suggest we agree on a mediator (I propose a retired federal judge such as Raul Ramirez or Frank Damrell) and that the County provide responses to some informal discovery." Certain requested items were itemized therein. The e-mail further states: "Please advise if the County is prepared to provide this information, informally, *for use only in an attempts to settle this action through mediation*, and, if so, by when we can expect to receive the information." The County, as you know, agreed to provide the informal discovery requested in the December 8, 2017 e-mail along with additional documents/videos requested by plaintiffs' counsel, specifically for the purposes of mediation and pursuant to a Protective Order. For example, on February 6, 2018, your office again e-mailed Mr. Loebs stating: "By when will you be able to produce for us the informal discovery we need in this case? Can we get immediate access to whatever video there is of Bangert's treatment?" (attached hereto). Your most recent November 6 correspondence confirms that fact. ("In connection with the parties' efforts to mediate and reach the terms of a settlement agreement, Defendants…produced various documents…")

The parties negotiated the terms of a Protective Order, which was entered by the Court on March 26, 2018 [ECF 35]. Subsequently, on March 27, 2018, the County produced, via informal discovery, copies of all videos to each plaintiff's counsel with a "CONFIDENTIAL" designation. (See March 27, 2018 letter, attached hereto). The Protective Order is very clear that items bearing a

"CONFIDENTIAL" designation as "Protected Material" may only be used in connection with this case. (¶ 7.1 of Protective Order.)

### Plaintiffs' Challenge Regarding Confidentiality is Belated Pursuant to Section 6.1 of the Protective Order

Section 6.1 of the Protective Order provides that: "Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed."

Section 7.1 of the Protective Order further states: "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle a litigation." The *Bangert* case has been settled, a settlement agreement fully executed, Mr. Bangert's individual settlement funded and Preliminary Approval of the Class Action granted. There remains, pursuant to Section 7.1, no further permitted purpose for plaintiff to use the materials cited, as plaintiff is no longer "prosecuting or attempting to settle the litigation." It is burdensome and prejudicial to the County for Mr. Bangert to wait until *after* all of those events have occurred to provide notice that Mr. Bangert challenges the confidentiality of certain items. The MSC was held and the case settled on May 16, 2018 – plaintiff's notice challenging the confidentiality was provided no less than 6 months after the case settled.

Moreover, Coleman, Langley and Kershner have all been dismissed and your office was not counsel on any of those matters. You have identified no legitimate basis for your office to refuse to confirm whether materials relating to those actions have been destroyed.

### Conclusion

We appreciate you offering to set up a teleconference to further discuss these issues. As you are aware, your November 6th letter commenced the time frame for my client to file a Motion pursuant to the Protective Order. As such, we would like to set up a time to discuss this issue this week.

Very truly yours,
OFFICE OF THE PLACER COUNTY COUNSEL

By: _____
Julia M. Reeves
Deputy County Counsel

JMR/eab
Enclosures

cc:  Patrick Dwyer, Esq.
     David Mehretu, Esq.