Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
BEAU BANGERT
and the Settlement Class

**FILED UNDER SEAL
PER ECF NO. 61**

**FILED**

**Jan 14, 2019**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| BEAU BANGERT, on behalf of himself and a class of similarly situated persons,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF PLACER, et al.,<br><br>                    Defendants. | Case No. 2:17-cv-01667-KJN<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTY DEFENDANTS' SECOND REQUEST TO SEAL**<br><br>Date:          January 17, 2019<br>Time:          10:00 a.m.<br>Location:      Robert T. Matsui U.S. Courthouse<br>               501 I Street<br>               Sacramento, California  95814<br>Courtroom:     25 (8th Floor)<br>Magistrate Judge:      Hon. Kendall J. Newman |

## TABLE OF CONTENTS

I.   **INTRODUCTION**................................................................................1

II.  **STATEMENT OF RELEVANT FACTS**................................................1

   A.   **THE FACTS GIVING RISE TO THIS ACTION** .........................1

   B.   **THE SHERIFF'S PRESS CONFERENCE** .................................2

   C.   **THE CRIMINAL PROCEEDINGS** ..........................................3

   D.   **THE CITIZEN'S COMPLAINT** ..............................................3

   E.   **THE CIVIL LITIGATION & DISCOVERY** ............................3

   F.   **THE CLASS ACTION SETTLEMENT** ....................................6

   G.   **THE "CONFIDENTIAL" DESIGNATION CHALLENGE**..........6

   H.   **THE REQUEST TO SEAL & MOTION FOR PROTECTIVE ORDER**..............................7

   I.   **THE SECOND REQUEST TO SEAL** ......................................7

III. **ARGUMENT** ........................................................................7

   A.   **THE REQUEST TO SEAL FAILS TO COMPLY WITH E.D. CAL. L.R. 141(B)** .................8

   B.   **THE REQUEST TO SEAL FAILS ON THE MERITS** ................9

     1.   County Defendants' First Request To Seal [11/27/2018]................9

     2.   County Defendants' Motion For Protective Order [11/27/2018] ................10

       a.   *Notice of Motion for Protective Order*................10

       b.   *Memorandum in Support of Motion for Protective Order*................11

       c.   *Declaration of Julia M. Reeves in Support of Motion for Protective Order* .................12

         i.   *Counsels' Correspondences [Exhibits A, B, D, E, F, G, H, I & J]*................12

         ii.   *Stipulated Protective Order [Exhibit C]*................13

         iii.  *Video Recordings, Photos & Incident Reports [Exhibit K]*................13

     3.   Plaintiffs' Opposition To First Request To Seal [11/30/2018]................14

     4.   Plaintiffs' Opposition To Motion For Protective Order [1/3/2019]................14

     5.   County Defendants' Second Request To Seal [1/4/2019] ................15

     6.   Plaintiffs' Opposition To Second Request To Seal [1/14/2019] ................16

IV.  **CONCLUSION** ................................................................16

i

**TABLE OF AUTHORITIES**

C<small>ASES</small>

*B2B CFO Partners v. Kaufman*, 2010 U.S. Dist. LEXIS 57565 (D. Ariz. May 25, 2010)..8, 10, 11, 12, 14, 15

*Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013 (11th Cir. 1992) ............................................13

*Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) ......................8

*Doe v. Marsalis*, 202 F.R.D. 233 (N.D. Ill. 2001) ...................................................................13

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ..............................8, 10

*Halcomb v. City of Sacramento*, 2015 U.S. Dist. LEXIS 171918 (E.D. Cal. Dec. 22, 2015) ...................14

*Harmon v. City of Santa Clara*, 323 F.R.D. 617 (N.D. Cal. 2018) .........................................13

*Hedrick v. Grant*, 2017 U.S. Dist. LEXIS 19438 (E.D. Cal. Feb. 9, 2017)................................7

*In re Roman Catholic Archbishop*, 661 F.3d 417 (9th Cir. 2011) ...........................................10

*In re S. Ohio Corr. Facility*, 24 F. App'x 520 (6th Cir. 2001) ...............................................13

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)........................1, 8, 16

*Kaur v. City of Lodi*, 2014 U.S. Dist. LEXIS 110079 (E.D. Cal. Aug. 7, 2014).......................16

*Macias v. Cleaver*, 2016 U.S. Dist. LEXIS 85529 (E.D. Cal. June 30, 2016) ...........................8

*Marquis Aurbach Coffing v. Dorfman*, 2016 U.S. Dist. LEXIS 5405 (D. Nev. Jan. 15, 2016)10, 11, 13, 15, 16

*Mendez v. City of Gardena*, 222 F. Supp. 3d 782 (C.D. Cal. 2015) .........................................13

*Mlejnecky v. Olympus Imaging Am.*, 2011 U.S. Dist. LEXIS 16128 (E.D. Cal. Feb. 7, 2011)...................4

*Oliner v. Kontrabecki*, 745 F.3d 1024 (9th Cir. 2014) ..............................................................1

*Patriot Rail Corp. v. Sierra R.R. Co.*, 2016 U.S. Dist. LEXIS 15862 (E.D. Cal. Feb. 8, 2016) ...........9, 10

*Phillips v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).................................................8

*Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) ..................................................8

*Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197 (N.D. Cal. 2013).........................................14

*Ringelberg v. Vanguard Integrity Prof.*, 2018 U.S. Dist. LEXIS 11643 (D. Nev. Jan. 24, 2018). 10, 11, 13, 15, 16

*Rosales v. City of Chico*, 2015 U.S. Dist. LEXIS 126034 (E.D. Cal. Sep. 18, 2015) ................8

*SEC v. Crumbley*, 2016 U.S. Dist. LEXIS 14512 (E.D. Cal. Feb. 4, 2016) .........................9, 10

*Thomas v. Arroyo*, 2015 U.S. Dist. LEXIS 51605 (D. Nev. Apr. 20, 2015) .....................10, 11, 12, 14, 15

ii

*U.S. Tobacco v. Big S. Wholesale of Va.*, 2013 U.S. Dist. LEXIS 165638 (E.D.N.C. Nov. 21, 2013)......16

*United States ex rel. Thomas v. Duke Univ.*, 2018 U.S. Dist. LEXIS 150001 (M.D.N.C. Sep. 4, 2018).....1

*Welsh v. City & County of San Francisco*, 887 F. Supp. 1293 (N.D. Cal. 1995).........................................8

*Xie v. De Young Props.*, 2018 U.S. Dist. LEXIS 47747 (E.D. Cal. Mar. 22, 2018)....................................8

<u>R</u><u>ULES</u>

E.D. Cal. L.R. 141(a) ......................................................................................................................7

E.D. Cal. L.R. 141(b)..............................................................................................................8, 9, 11

Fed. R. Civ. P. 26(d)(1)...................................................................................................................4

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' SECOND REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

# I.   **INTRODUCTION**

Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right is justified by the interest of citizens keeping a "watchful eye on the workings of public agencies." *Id*. Accordingly, "the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Id*. at 1182. It is a "heavy burden." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014).

> Courts should not keep their own records secret without a well-supported and substantial reason that outweighs the deeply-rooted public right of access. Without open courts and transparency about the basis for court decisions, suspicions about arbitrary exercise of government power can take seed and grow, arbitrary decision-making can avoid public scrutiny, and parties can file unsupported motions with serious accusations of misconduct under cover of secret exhibits.

*United States ex rel. Thomas v. Duke Univ.*, 2018 U.S. Dist. LEXIS 150001, at *36-37 (M.D.N.C. Sep. 4, 2018).

County Defendants failed to meet that heavy burden (ECF No. 61)—indeed, County Defendants did not take the burden seriously, as evidence by their submitting merely <u>six lines of text</u> (or, two sentences) worth of "Legal Argument" in support of their request to seal. Nonetheless, County Defendants have been granted a second opportunity to carry the heavy burden of sealing court records, despite failing on their first attempt. (ECF No. 61.) In any event, again, "[County Defendants] ha[ve] not shown that the information it seeks to seal is protected by any privilege or that any other substantial reason supports the veil of secrecy [they] seek[] to throw over these proceedings, which concern matters of serious public interest." *Thomas*, 2018 U.S. Dist. LEXIS 150001, at *37.

# II.   **STATEMENT OF RELEVANT FACTS**

## A.   **THE FACTS GIVING RISE TO THIS ACTION**

This case arises from the jailhouse beating of Plaintiff Beau Bangert ("Plaintiff")[1] at the Auburn Mail Jail by several correctional officers who either directly participated in the beating, aided and abetted the beating, and/or failed to report or failed to accurately report the excessive and unreasonable use of

---

[1] "Plaintiff" is referred to in the singular form where he and counsel were proceeding *prior to* September 7, 2018, after which time this Court preliminarily certified the Settlement Class. (*See* ECF No. 59.)

force of their fellow officers.

On May 14, 2017, Plaintiff, while experiencing an episode of mental-illness associated with his diagnosed schizophrenia, was repeatedly punched, kneed, and choked by Defendant Robert L. Madden ("Madden") and repeatedly tased by Defendant Megan C. Yaws ("Yaws"), while fellow officers Aubrey R. Harris and M. Ramirez held Plaintiff's arms behind his back, preventing Plaintiff from protecting himself. Plaintiff was then confined to a restraint chair as he bled profusely. (These events are depicted on the video recordings [PC000142-43] and Plaintiff's injuries reflected in photographs [PC000144-56] that are the subjects of County Defendants' underlying "motion to retain confidentiality.")

Subsequent to the beating, Defendants Madden and Yaws and fellow officers Aubrey R. Harris and M. Ramirez prepared false incident reports that materially misrepresented the incident, as confirmed by the video recording of the beating. (These reports [PC001526-32] are the subject of County Defendants' underlying "motion to retain confidentiality.") For example:

   a.  Defendant Megan C. Yaws falsely reported: "When the door was opened, Bangert widened his stance and began swinging at [] Madden."

   b.  Deputy M. Ramirez falsely reported: "As the door to cell 27 was opened, Bangert attempted to punch at Madden." "Bangert attempted to punch and push back at Madden."

   c.  Defendant Robert L. Madden falsely reported: "I hit B[angert] with the shield approximately in the middle of the cell. B[angert] stood his ground as we screamed at him to get on the ground. I hit B[angert] with the shield two more times trying to knock him over. B[angert] still stood his ground and at this point had his back against the wall." "At some point during the fight B[angert] had punched me in my right eye with a closed fist."

   d.  Deputy Aubrey R. Harris falsely reported: "B[angert] … was attempting to strike at officers with his fists."

## B.   THE SHERIFF'S PRESS CONFERENCE

On May 31, 2017, Defendant Devon M. Bell ("Bell") conducted a press conference wherein he, as sheriff, announced that three deputies employed at the Auburn Main Jail had been terminated as employees and arrested. (Declaration of Mark E. Merin ("Merin Decl."), ¶2 & Ex. 1 [6/1/17 Sac Bee Article].) At the press conference, Defendant Bell stated that the "conduct was limited to a very small

2

number of people." (*Id*.) Additionally, Defendant Bell stated that he would have liked to release the incriminating video to the public, but the Placer County District Attorney's Office had requested he not do so because "[i]t could color people's perspectives of what happened" and "[i]t's an ongoing criminal investigation and due process is absolutely key when you're talking about justice." (*Id*.)

**C.   THE CRIMINAL PROCEEDINGS**

On May 31, 2017, Defendants Madden and Yaws were criminally charged in *People v. Madden*, Superior Court of California, County of Placer, Case No. 62-152693A & *People v. Yaws*, Superior Court of California, County of Placer, Case No. 62-152693B. (Merin Decl., ¶3 & Ex. 2 [Felony Complaint].) (A third defendant, Jeffrey J. Villanueva, who was not involved in Plaintiff's beating, was also charged therein.) The Felony Complaint identified six alleged incidents of misconduct by Auburn Main Jail personnel and six subjects/victims of their abuse, with charges including "Assault by a Public Officer" and "Filing a False Report." (*Id*.)

On April 18, 2018, criminal charges against Defendant Yaws were dismissed. (Merin Decl., ¶4 & Ex. 3 [Yaws Docket].)

On April 25, 2018, Defendant Madden pled *nolo contendere* to a charge of felony assault. (Merin Decl., ¶5 & Ex. 4 [Madden Docket].)[2]

**D.   THE CITIZEN'S COMPLAINT**

On August 7, 2017, Plaintiff filed a citizen's complaint related to the May 14, 2017, beating he sustained at the Auburn Main Jail. (Merin Decl., ¶7 & Ex. 6 [IA Complaint].)

On February 1, 2018, the Placer County Sheriff's Office stated that "[a]n internal investigation ha[d] been completed" concerning Plaintiff's citizen's complaint and "[a] finding of sustained ha[d] been assigned to the allegation of excessive use of force." (Merin Decl., ¶8 & Ex. 7 [IA Finding].)

**E.   THE CIVIL LITIGATION & DISCOVERY**

On August 11, 2017, Plaintiff filed a class action complaint initiating this action and alleging various federal and state law claims. (ECF No. 1.) The complaint's allegations stated that Plaintiff's beating was not an isolated incident but, rather, part of a pervasive policy or custom of excessive use of

---

[2] On October 9, 2018, Jeffrey J. Villanueva similarly pled *nolo contendere* to a charge of felony assault. (Merin Decl., ¶6 & Ex. 5 [Villanueva Docket].)

force by Auburn Main Jail personnel against inmates. (*Id.*)

On August 11, 2017, the Court issued the "Initial Pretrial Scheduling Order" which required that the parties conduct a Fed. R. Civ. P. 26(f) conference "[w]ithin sixty (60) days of service of the complaint on any party…" (ECF No. 3 at 2:14-16 (fn. omitted).)[3]

On August 14, 2017, County Defendants and Defendants Yaws and Madden were served with process. (ECF Nos. 4, 5, 6, 7 & 8.)

On September 14, 2017, Plaintiff's counsel personally met and conferred with County Defendants and Defendants Yaws and Madden's counsel. (Merin Decl., ¶9.)

On September 25, 2017, Plaintiff's counsel provided a proposed discovery plan to Defendants' counsel. (Merin Decl., ¶10 & Ex. 8 [9/25/17 PHM Email].)

On October 6, 2017, Plaintiff's counsel personally met and conferred with County Defendants counsel for a second time. (Merin Decl., ¶11.)

On October 10, 2017, County Defendants proposed in an email message that "[the parties] agree to stay all aspects of this case, including initial disclosures" and, "while the stay is in place, [the parties] work cooperatively towards a [settlement], and engage in informal discovery, with a protective order in place preventing disclosure outside of this case with any information [parties] share." (Merin Decl., ¶12 & Ex. 9 [10/10/17 BL Email].)

On October 13, 2017, Plaintiff's counsel responded to County Defendants' counsel's request to "stay" the case pending settlement discussions, in relevant part:

> [T]here are certain documents and specific information that we must have access to in order to resolve this case—especially if that resolution is to encompass the claims of the putative class we have alleged to exist through this action. Accordingly, now that discovery in this matter has opened, I am attaching a set of requests for production of documents. (I have forward-dated these requests and will not actually serve them until October 16, 2017, since today's date represents the final date by which the parties are required to conduct a Fed. R. Civ. P. 26(f) conference, after which discovery opens.) Generally, a party is required to respond to such a request within 30 days, Fed. R. Civ. P. 34(b)(2)(A), with an additional three days where served by mail, Fed. R. Civ. P. 6(d), but since we are discussing an approach to resolution, we are willing to entertain extensions of time to respond to parts of these requests.

---

[3] Under Fed. R. Civ. P. 26(d)(1), "a party may generally seek discovery from any source after the parties confer as required by [Fed. R. Civ. P.] 26(f)." *Mlejnecky v. Olympus Imaging Am.*, 2011 U.S. Dist. LEXIS 16128, at *15-16 (E.D. Cal. Feb. 7, 2011) (citing Fed. R. Civ. P. 26(d)(1)).

4

(Merin Decl., ¶13 & Ex. 10 [10/13/17 MEM Letter].)

On October 16, 2017, Plaintiff served Defendant County of Placer with requests for production of documents. (Merin Decl., ¶14 & Ex. 11 [RPD].)

On November 2, 2017, County Defendants and Defendants Yaws and Madden filed answers to the complaint. (ECF Nos. 18, 19 & 20.)

On December 6, 2017, the scheduling order in this action was vacated and the action was related and reassigned based on the pendency of similar pending actions: *Langley v. Domeier*, Case No. 2:17-cv-00760-GEB-KJN; *Conner v. Placer County*, Case No. 2:17-cv-01830-TLN-DB; *Kershner v. Placer County*, Case No. 2:17-cv-02312-MCE-GGH; and *Coleman v. Placer County*, Case No. 2:17-cv-01579-WBS-CKD. (ECF No. 27.)

On December 8, 2017, Plaintiff's counsel requested that "the County provide responses to some informal discovery" related to the putative class "for use only in an attempt[] to settle this action through mediation…" (Merin Decl., ¶15 & Ex. 12 [12/8/17 MEM Email].)

On January 3, 2018, Plaintiff's counsel reiterated to County Defendants' counsel his request for "informal discovery." (Merin Decl., ¶16 & Ex. 13 [1/3/18 MEM Email].)

On January 5, 2018, the parties submitted a Joint Status Report, wherein Plaintiff stated that he "ha[d] not yet received responses to [discovery] requests and ha[d] agreed to delay the date by which responses [were] required, based on the parties' mutual agreement to pursue a class-wide settlement of this action." (ECF No. 28 at 7:15-18.)

On January 19, 2018, the parties jointly requested the scheduling of a settlement conference. (ECF No. 29.)

On February 6, 2018, Plaintiff's counsel reiterated to County Defendants' counsel his request for "informal discovery" and "immediate access to [] whatever video there is of Bangert's treatment" at the Auburn Main Jail. (Merin Decl., ¶17 & Ex. 14 [2/6/18 MEM Email].)

On March 8, 2018, a settlement conference was scheduled by the Court. (ECF No. 34.)

On March 12, 2018, the parties filed a stipulated protective order. (ECF No. 35.)

On March 26, 2018, the Court approved and issued the parties' stipulated protective order. (ECF No. 36.)

1  On March 27, 2018, County Defendants produced some "informal document productions,"

2  including class-related discovery and videos of the subject incidents. (Merin Decl., ¶18 & Ex. 15

3  [3/27/18 BL Letter].)

4  On April 4, 2018, County Defendants produced additional documents supplementing those

5  documents produced on March 27, 2018. (Merin Decl., ¶19 & Ex. 16 [4/4/18 BL Letter].)

6  On May 2, 2018, County Defendants produced "updated responses" supplementing those

7  documents produced on March 27, 2018. (Merin Decl., ¶20 & Ex. 17 [5/2/18 BL Letter].)

8  **F.    THE CLASS ACTION SETTLEMENT**

9  On May 15 and 16, 2018, the parties attended and participated in a settlement conference before

10  the Court. (ECF Nos. 47 & 49.) At the conclusion of the settlement conference, the parties reached a

11  verbal agreement to resolve both Plaintiff's individual and class claims. (ECF No. 49.)

12  On August 28, 2018, Plaintiff filed an unopposed application for preliminary approval of the class

13  action settlement. (ECF No. 57.)

14  On September 7, 2018, the Court preliminarily approved the class action settlement, setting a

15  Final Approval Hearing for March 28, 2019. (ECF No. 59.)

16  **G.    THE "CONFIDENTIAL" DESIGNATION CHALLENGE**

17  On October 12, 2018, County Defendants' counsel stated in an email to Plaintiffs' counsel: "Now

18  that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the

19  Protective Order you please either return the videos of those incidents to my office or confirm in writing

20  they are destroyed." (Merin Decl., ¶21 & Ex. 18 [10/12/18 JMR Email].)

21  On November 6, 2018, Plaintiffs' counsel responded in a correspondence that they were

22  challenging the "Confidential" designation applied to the video recordings, photos, and incident reports

23  concerning Plaintiff Bangert's beating. (Merin Decl., ¶22 & Ex. 19 [11/6/18 MEM Letter].)

24  On November 13, 2018, County Defendants' counsel responded in a correspondence that they did

25  not agree with Plaintiff's designation challenges. (Merin Decl., ¶23 & Ex. 20 [11/13/18 JMR Letter].)

26  On November 19, 2018, Plaintiffs' counsel and County Defendants' counsel personally conferred

27  by telephone concerning the designation challenges. (Merin Decl., ¶24.) An agreement could not be

28  reached to resolve the dispute short of Court intervention. (*Id.*)

6

**H.      THE REQUEST TO SEAL & MOTION FOR PROTECTIVE ORDER**

On November 27, 2018, County Defendants filed a notice of request to seal: (1) County Defendants' motion for protective order (styled "motion to retain confidentiality") and supporting materials; and (2) any opposition to County Defendants' motion for protective order. (ECF No. 60.)

On November 27, 2018, County Defendants emailed (but did not file) a request to seal and motion for protective order, with supporting materials.

On November 30, 2018, Plaintiffs emailed (but were not permitted to file) an opposition to the request to seal.

On December 20, 2018, the Court found that County Defendants did "not m[eet] their burden of demonstrating good cause for sealing all the moving and opposition papers, exhibits, etc., submitted regarding the motion to retain confidentiality." (ECF No. 61.) Nonetheless, the Court "provisionally granted" County Defendants' request to seal, providing them with a second chance to file a subsequent request to seal. (*Id.*) The Court noticed January 17, 2019, as the hearing date for County Defendants' motion for protective order and second request to seal. (*Id.*)

On January 3, 2019, Plaintiffs emailed (but were not permitted to file) an opposition to the motion for protective order. [4]

**I.      THE SECOND REQUEST TO SEAL**

On January 4, 2019, County Defendants emailed (but did not file) a second request to seal ("2d Req.").

## III.   ARGUMENT

"Documents may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. L.R. 141(a). "The 'showing required by law' referred to by Local Rule 141 and relevant case law is a high one." *Hedrick v. Grant*, 2017 U.S. Dist. LEXIS 19438, at *4 (E.D. Cal. Feb. 9, 2017). A motion to seal must "specifically address each document, exhibit, etc., for which the

---

[4] That the opposition to the request to seal and, similarly, the instant opposition to the second request to seal are filed under seal is not appropriate and Plaintiffs expressly do so under protest and against their will. As this Court clearly held, the County Defendants' request to seal was not supported by "good cause" but, nonetheless, was "provisionally granted." (ECF No. 61.) In other words, Plaintiffs' filings are being censored by County Defendants based on a request to seal that was insufficient.

7

sealing order is sought." *Bangert v. County of Placer*, 2018 U.S. Dist. LEXIS 214519, at *3 (E.D. Cal. Dec. 20, 2018); *B2B CFO Partners, Ltd. Liab. Co. v. Kaufman*, 2010 U.S. Dist. LEXIS 57565, at *3 (D. Ariz. May 25, 2010) (party seeking sealing must "explain item by item why an exhibit or argument must be sealed").

In general, there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). This is especially true "where the case involves allegations of police misconduct," because "the public has a vested interest 'in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely.'" *Macias v. Cleaver*, 2016 U.S. Dist. LEXIS 85529, at *14 (E.D. Cal. June 30, 2016) (quoting *Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995)); *see also Rosales v. City of Chico*, 2015 U.S. Dist. LEXIS 126034, at *2-3 (E.D. Cal. Sep. 18, 2015) ("[W]here the case involves allegations of police misconduct, the public may have an interest in the case and the court must protect the public's right to access.").

In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A party requesting to seal a document filed with a non-dispositive motion must demonstrate "good cause," whereas a party requesting to seal a document filed with a dispositive motion must demonstrate "compelling reasons." *Id.*; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). However, "the key in determining which standard to apply is not whether the proposed sealed documents accompany a dispositive or non-dispositive motion" but, rather, "'whether the motion is more than tangentially related to the merits of a case.'" *Macias*, 2016 U.S. Dist. LEXIS 85529, at *8-9 (quoting *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)).

A.     **THE REQUEST TO SEAL FAILS TO COMPLY WITH E.D. CAL. L.R. 141(b)**

The Local Rules expressly require that a request to seal: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." E.D. Cal. L.R. 141(b); *see also Xie v. De Young Props.*, 2018 U.S. Dist. LEXIS 47747, at *1-3 (E.D. Cal. Mar. 22, 2018).

8

At the Court's prompting (ECF No. 61 at 2:15-3:1), County Defendants have now *partially* complied with E.D. Cal. L.R. 141(b), where their second request to seal identifies the documents that they request be sealed. However, in all other respects, the second request fails to comply with the applicable Rules, where it does <u>not</u>: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." *See* E.D. Cal. L.R. 141(b). "'It is not the court's duty to provide statutory or other controlling authority and analysis to explain why a party requesting to seal a document…'" *Patriot Rail Corp. v. Sierra R.R. Co.*, 2016 U.S. Dist. LEXIS 15862, at *12 (E.D. Cal. Feb. 8, 2016) (quoting *SEC v. Crumbley*, 2016 U.S. Dist. LEXIS 14512, at *2 (E.D. Cal. Feb. 4, 2016)).

Therefore, the second request to seal should be denied as procedurally deficient for non-compliance with E.D. Cal. L.R. 141(b).

## B.   THE REQUEST TO SEAL FAILS ON THE MERITS

Herein, Plaintiffs address each of the documents/materials that County Defendants purportedly seek to seal, pursuant to E.D. Cal. L.R. 141.

### 1.   County Defendants' First Request To Seal [11/27/2018]

On November 27, 2018, County Defendants submitted under seal (but did not file) their first request to seal. (ECF No. 60.) Substantively, that submission consisted of an unsupported memorandum that contained no exhibits and a proposed order. Rather, the first request referenced exhibits attached to a different document submitted by County Defendants—*i.e.*, the motion for protective order—but did not itself attach any exhibits.

County Defendants' argue that their first request to seal should be sealed because it "necessarily contains factual discussion of the circumstances that led to the subject [m]otion [for protective order]," including "references to the sensitive [m]aterials that were produced ('highly sensitive video footage and photographs of Mr. Bangert, as well as video footage of plaintiffs in the related action.'[)]" and "discussion of the factual background regarding mediation." (2d Req. at 10:25-11:3.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity,

9

by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." "'It is not the court's duty to provide statutory or other controlling authority and analysis to explain why a party requesting to seal a document…'" *Patriot Rail Corp.*, 2016 U.S. Dist. LEXIS 15862, at *12 (quoting *Crumbley*, 2016 U.S. Dist. LEXIS 14512, at *2).

Further, the fact that legal briefing references allegedly-protectable materials does not, by itself, warrant sealing. *See*, *e.g.*, *Thomas v. Arroyo*, 2015 U.S. Dist. LEXIS 51605, at *6 (D. Nev. Apr. 20, 2015) ("reject[ing] Defendants['] suggestion that the entire [m]otion to [d]ismiss must be sealed because it references purportedly privileged and/or confidential documents."); *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire motion, which clearly contains law and argument that should not be sealed.").

Finally, even if some specific references contained in the briefing were subject to sealing, County Defendants have failed to specifically identify them, instead seeking an improper and overbroad sealing order. But "the Ninth Circuit has made clear that the sealing of entire documents or motions is improper when any confidential information can be redacted while leaving meaningful information available to the public." *Marquis Aurbach Coffing, P.C. v. Dorfman*, 2016 U.S. Dist. LEXIS 5405, at *8 (D. Nev. Jan. 15, 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003), and *In re Roman Catholic Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011)); *Ringelberg v. Vanguard Integrity Professionals-Nev., Inc.*, 2018 U.S. Dist. LEXIS 11643, at *8 (D. Nev. Jan. 24, 2018) ("Sealing entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public.").

### 2.     County Defendants' Motion For Protective Order [11/27/2018]

On November 27, 2018, County Defendants submitted under seal (but did not file) their motion for protective order (styled "motion to retain confidentiality"). That motion was supported by a notice, memorandum, declaration, and 11 exhibits.

#### a.     *Notice of Motion for Protective Order*

County Defendants argue that "[t]he [n]otice of [m]otion [for protective order] sets forth the documents and materials that the County seeks to keep confidential" and, as a result, "[g]ood cause exists to protect from being disclosed to the public the identity of the items the County seeks to keep

10

confidential" because, "[i]f the items themselves are confidential, it does not further any public interest to make the names of the protected items public. Alternatively, if the Court is inclined to make public the [n]otice of [m]otion [for protective order], the County would request the opportunity to redact the identification of the confidential materials from the publically available [n]otice of [m]otion." (2d Req. at 9:4-10.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." The fact that legal briefing references allegedly-protectable materials does not, by itself, warrant sealing. *See, e.g., Thomas*, 2015 U.S. Dist. LEXIS 51605, at *6; *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire motion, which clearly contains law and argument that should not be sealed.").

### b.     Memorandum in Support of Motion for Protective Order

County Defendants argue that their memorandum in support of the motion for protective order contains discussion of protectable exhibits. (2d Req. at 9:11-10:10.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." The fact that legal briefing references allegedly-protectable materials does not, by itself, warrant sealing. *See, e.g., Thomas*, 2015 U.S. Dist. LEXIS 51605, at *6; *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire motion, which clearly contains law and argument that should not be sealed."). In any event, as discussed herein, none of the exhibits referenced is protectable and it follows that the discussions of those exhibits are similarly not protectable.

Even if some specific references contained in the briefing were subject to sealing, County Defendants have failed to specifically identify them, instead seeking an improper and overbroad sealing order. *See, e.g., Marquis Aurbach Coffing, P.C.*, 2016 U.S. Dist. LEXIS 5405, at *8; *Ringelberg*, 2018 U.S. Dist. LEXIS 11643, at *8 ("Sealing entire documents is improper when any confidential

11

information can be redacted while leaving meaningful information available to the public.").

### c.   *Declaration of Julia M. Reeves in Support of Motion for Protective Order*

County Defendants argue that "[t]he Declaration of Julia M. Reeves contains discussion of the parameters of the confidential mediation agreed to by the parties' counsel in this matter" and, on that basis, should be subject to sealing. (2d Req. at 2:5-3:16.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." The fact that legal briefing references allegedly-protectable materials does not, by itself, warrant sealing. *See, e.g., Thomas*, 2015 U.S. Dist. LEXIS 51605, at *6; *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire motion, which clearly contains law and argument that should not be sealed."). In any event, as discussed herein, none of the exhibits referenced is protectable and it follows that the discussions of those exhibits are similarly not protectable.

### i.   <u>Counsels' Correspondences [Exhibits A, B, D, E, F, G, H, I & J]</u>

Defendants argue that each of counsels' correspondences leading up to the parties' mediation are "confidential." (2d Req. at 3:17-6:21.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." Further, County Defendants' argument fails because these discussions were not part of the parties' mediation but, rather, occurred prior to the mediation. Further, counsel had no understanding or expectation that these discussions were confidential, as no discussion or agreement concerning confidentiality occurred between the parties, other than the parties' stipulated protective order which solely governed the exchange of discovery (ECF Nos. 35 & 39). (Merin Decl., ¶25.) Moreover, nothing about the parties' settlement agreement resulting from the mediation is confidential, and County Defendants' citations to authorities concerning confidential mediation and settlement agreements between *private parties* are inapposite (2d Req. at 2:15-3:6), based on the fact that the settlement

12

agreement in this case involved a <u>public</u> <u>entity</u> using <u>public</u> <u>funds</u>. *See*, *e.g.*, *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015) ("Defendants' argument backfires here—the fact that they spent the city's money, presumably derived from taxes, only strengthens the public's interest in seeing the videos."); *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 623 (N.D. Cal. 2018) ("The fact that $6.7 million in public funds were spent to settle the case further implicates a public interest in seeing the video."); *In re S. Ohio Corr. Facility*, 24 F. App'x 520, 530 (6th Cir. 2001) ("The settlement approved by the district court in the case at bar was funded with taxpayer dollars, and the public has a legitimate interest in knowing how this money is being spent."); *Doe v. Marsalis*, 202 F.R.D. 233, 238-39 (N.D. Ill. 2001) (concluding that the public had an interest in documents concerning police misconduct lawsuit because the lawsuit was settled with public funds generated by taxpayers). The parties' settlement agreement is a publicly-available document that has been filed on this Court's docket. (*See* ECF No. 57-4.) *See also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.").

Even if some specific references contained in the exhibits were subject to sealing, County Defendants have failed to specifically identify them, instead seeking an improper and overbroad sealing order. *See*, *e.g.*, *Marquis Aurbach Coffing, P.C.*, 2016 U.S. Dist. LEXIS 5405, at *8; *Ringelberg*, 2018 U.S. Dist. LEXIS 11643, at *8 ("Sealing entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public.").

### ii.    *Stipulated Protective Order [Exhibit C]*

County Defendants concede that this document, which is and has been available on this Court's public docket, is not subject to sealing. (2d Req. at 4:14-16.)

### iii.    *Video Recordings, Photos & Incident Reports [Exhibit K]*

These materials constitute the subject of County Defendants' pending motion for protective order. Plaintiffs dispute that these materials are subject to protection and/or sealing. However, Plaintiffs agree that these materials are covered by the terms of the parties' stipulated protective order (ECF Nos. 35 & 39) and, as a result, subject to sealing *until the Court issues its ruling on the pending motion*.

13

### 3.   Plaintiffs' Opposition To First Request To Seal [11/30/2018]

On November 30, 2018, Plaintiffs submitted under seal (but did not file) their opposition to County Defendants' first request to seal. That opposition was supported by a memorandum, declaration, and 20 exhibits.

County Defendants do not request that Plaintiffs' opposition to the first request to seal, or its supporting materials, be subject to sealing. *See, e.g.*, *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 n.8 (N.D. Cal. 2013) (collecting cases for the proposition that a party's failure to address an issue concedes the issue); *Halcomb v. City of Sacramento*, 2015 U.S. Dist. LEXIS 171918, at *3 (E.D. Cal. Dec. 22, 2015) ("'[S]ilence by counsel is treated as non-opposition or acquiescence…'"). This Court previously directed County Defendants that, if they sought to seal any material, they must "identify each specific document, exhibit, etc. for which the sealing order is sought" and "address why good cause exists to file under seal each specific document, exhibit, etc. identified in the further briefing, <u>including those documents submitted by plaintiff in support of the opposition</u>." (ECF No. 61 at 3:5-10 (emphasis added).) Accordingly, based on County Defendants' apparent concession, the entirety of Plaintiffs' opposition to the first request to seal submitted on November 30, 2018, should be unsealed and re-filed on the Court's docket.

### 4.   Plaintiffs' Opposition To Motion For Protective Order [1/3/2019]

On January 3, 2019, Plaintiffs submitted under seal (but were not permitted to file) an opposition to the motion for protective order. That opposition consisted of a memorandum, declaration, and 20 exhibits.

County Defendants argue that, "[f]or the same reasons that the moving papers are confidential, any opposition to the [m]otion [for protective order] should also be confidential." (2d Req. at 10:11-18.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." The fact that legal briefing references allegedly-protectable materials does not, by itself, warrant sealing. *See, e.g.*, *Thomas*, 2015 U.S. Dist. LEXIS 51605, at *6; *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire

14

motion, which clearly contains law and argument that should not be sealed."). In any event, as discussed herein, none of the exhibits referenced is protectable and it follows that the discussions of those exhibits are similarly not protectable.

Even if some specific references contained in the briefing were subject to sealing, County Defendants have failed to specifically identify them, instead seeking an improper and overbroad sealing order. *See*, *e.g.*, *Marquis Aurbach Coffing, P.C.*, 2016 U.S. Dist. LEXIS 5405, at *8; *Ringelberg*, 2018 U.S. Dist. LEXIS 11643, at *8 ("Sealing entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public.").

### 5. County Defendants' Second Request To Seal [1/4/2019]

On January 4, 2019, County Defendants submitted under seal (but did not file) the instant second request to seal. Like the first request to seal, substantively, this submission consists of an unsupported memorandum that contains no exhibits. Rather, this second request references exhibits attached to a different document submitted by County Defendants—*i.e.*, the motion for protective order—but does not itself attach any exhibits.

County Defendants argue that their second request to seal "should be sealed as it goes into more extensive detail regarding the documents sought to be sealed, the parameters of mediation, more extensive discussion of the jail security cameras, etc." (2d Req. at 11:3-5.)

County Defendants' argument fails to comply with E.D. Cal. L.R. 141(b), where it does not: (1) "set forth the statutory or other authority for sealing"; (2) identify "the requested duration"; (3) "identity, by name or category, of persons to be permitted access to the documents"; and (4) identify "all other relevant information." The fact that legal briefing references allegedly-protectable materials does not, by itself, warrant sealing. *See*, *e.g.*, *Thomas*, 2015 U.S. Dist. LEXIS 51605, at *6; *B2B CFO Partners, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 57565, at *3 (rejecting moving parties' attempt to "seal the entire motion, which clearly contains law and argument that should not be sealed."). In any event, as discussed herein, none of the exhibits referenced is protectable and it follows that the discussions of those exhibits are similarly not protectable.

Even if some specific references contained in the briefing were subject to sealing, County Defendants have failed to specifically identify them, instead seeking an improper and overbroad sealing

order. *See, e.g.*, *Marquis Aurbach Coffing, P.C.*, 2016 U.S. Dist. LEXIS 5405, at *8; *Ringelberg*, 2018

U.S. Dist. LEXIS 11643, at *8 ("Sealing entire documents is improper when any confidential

information can be redacted while leaving meaningful information available to the public.").

### 6.     Plaintiffs' Opposition To Second Request To Seal [1/14/2019]

On January 14, 2019, Plaintiffs will submit under seal (but are not permitted to file) the instant

opposition to the second request to seal.

County Defendants argue, sight-unseen, that this opposition will be subject to sealing because,

"[f]or the same reasons that the moving papers are confidential, any opposition to the [second] [r]equest

to [s]eal should also be confidential." (2d Req. at 11:9-11.)

However, as explained above, County Defendants' arguments in support of sealing the second

request to seal failed to comply with E.D. Cal. L.R. 141(b). Further, County Defendants do not explain

how they can seal legal briefing that has not yet been filed. *See, e.g.*, *U.S. Tobacco, Inc. v. Big S.

Wholesale of Va.*, 2013 U.S. Dist. LEXIS 165638, at *13-14 (E.D.N.C. Nov. 21, 2013) ("[T]he court

cannot issue rulings preemptively allowing sealing or redaction."). County Defendants' attempt

preemptively to seal Plaintiffs' court filings is a classic prior restraint that violates the "rights of the

parties, counsel, the media, and the public." *See Kaur v. City of Lodi*, 2014 U.S. Dist. LEXIS 110079, at

*5 (E.D. Cal. Aug. 7, 2014) ("[A] sweeping order of the type that defendants have proposed would be a

prior restraint on free speech, and defendants have not justified the infringement that such an order would

have on the First Amendment rights of the parties, counsel, the media, and the public.").

### IV.   CONCLUSION

County Defendants' second request to seal, like its first, fails to comply with E.D. Cal. L.R. 141

and directly conflicts with controlling Ninth Circuit authority. *See Kamakana v. City & County of

Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead

to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

compel the court to seal its records."). Accordingly, Plaintiffs Beau Bangert and the Settlement Class

respectfully request that Defendants County of Placer, Placer County Sheriff's Office, and Devon M.

Bell's second request to seal be denied and that the associated briefing and supporting materials filed

under seal be re-filed on the Court's public docket.

16

1  Dated: January 14, 2019

Respectfully Submitted,

By: _____

    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814

    Attorneys for Plaintiffs
    BEAU BANGERT
    and the Settlement Class

**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' SECOND REQUEST TO SEAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN