UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU BANGERT,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF PLACER, et al.,<br><br>        Defendants. | No. 2: 17-cv-1667 KJN P<br><br><br>ORDER |

I. <u>Introduction</u>

On January 17, 2019, a hearing was held before the undersigned regarding defendants' motions to seal and to retain confidentiality. Mark Merin and Paul Masuhara appeared on behalf of plaintiffs. Julia Reeves appeared on behalf of defendants. For the reason stated at the hearing and herein, defendants' motions to seal and to retain confidentiality are denied.

II. <u>Motion to Retain Confidentiality</u>

    A. <u>Scope of Motion/Background</u>

On March 12, 2018, the parties submitted a proposed protective order regarding discovery. (ECF No. 35.) On March 26, 2018, the undersigned signed this protective order. (ECF No. 39.)

On March 27, 2018, defendants produced some discovery materials to plaintiffs, including the at-issue materials. (ECF No. 62 at 45-49.) These materials were designated "confidential," pursuant to the protective order. (Id.) Pursuant to the protective order, protected material (i.e., materials designated as confidential) may be used in connection with this action only for prosecuting, defending, or attempting to settle this litigation. (ECF No. 35 at 9-10.)

On May 15, 2018 and May 16, 2018, a settlement conference was held in this action. Following the settlement conference, the parties reached a preliminary settlement. On September 7, 2018, the undersigned granted plaintiffs' unopposed application for preliminary approval of the class action settlement. (ECF No. 59.) A final approval hearing is set for March 28, 2019 before the undersigned.

On or around October 12, 2018, defendants requested that plaintiffs return or destroy the at-issue confidential materials. (Id. at 54.) Plaintiffs responded that the at-issue materials had been improperly designated as "confidential" under the protective order. (Id. at 59.)

In response to plaintiffs' challenge to the confidentiality designation of these materials, defendants filed the pending motion. Defendants moved to retain the confidentiality of the following materials: 1) PC000142—video footage of Mr. Bangert; 2) PC000143—video footage of Mr. Bangert; 3) PC000144-156—various photos of Mr. Bangert; 4) PC0001526-1532—incident report regarding Bangert incident; 5) PC000157-171—video footage regarding Mr. Coleman; 6) PC000172-173—video footage regarding Mr. Kershner; and 7) PC000174-177—video footage regarding Mr. Langley.

At the January 17, 2019 hearing, and in their pleadings, plaintiffs state that they do not presently challenge the confidentiality designation of the video footage of Mr. Coleman, Mr. Kershner and Mr. Langley, i.e., PC000157-171, PC000172-173 and PC000174-177. Plaintiffs represent that they only challenge the confidentiality designation of the materials listed above pertaining to Mr. Bangert. Accordingly, the undersigned only addresses the motion to retain confidentiality as it pertains to the at-issue Bangert materials.

B. Timing of Plaintiffs' Challenge to Confidentiality

Defendants argue that plaintiffs' challenge to the confidentiality of the at-issue materials

2

is belated.  Section 6.1 of the protective order allows challenges to confidentiality at any time. (ECF No. 35 at 8.)  Section 6.1 further provides, "…a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed."  (Id.)

Pursuant to the terms of the protective order, plaintiffs' challenge to the confidentiality designation is not untimely.  However, as discussed at the hearing, a more practical time for plaintiffs to have raised this challenge would have been prior to or during settlement negotiations.

C. Legal Standard for Retaining Confidentiality

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir.2002).  See also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (unlike the case with respect to judicial records, "[a] 'good cause' showing will suffice to seal documents produced in discovery."); Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").  "While courts generally make a finding of good cause before issuing a protective order, a court need not do so where ... the parties stipulate to such an order.  When the protective order was a stipulated order and no party has made a good cause showing, then the burden of proof remains with the party seeking protection." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quotations and alterations omitted).

When the confidentiality of information produced under a protective order is challenged, the court must conduct a two-step analysis.  "First, it must determine whether particularized harm will result from disclosure of information to the public." Id. (quotation omitted).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id. (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted)).  "Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" Id. (quoting Phillips,

307 F.3d at 1211.) The Ninth Circuit has "directed courts doing this balancing to consider the factors identified by the Third Circuit in <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d Cir.1995))." <u>Id.</u> (citing <u>Phillips</u>, 307 F.3d at 1211.)

In <u>Glenmede Trust</u>, the Third Circuit recognized several factors that a district court may consider in determining whether "good cause" exists to continue the protection of the discovery material produced pursuant to a stipulated protective order:

> 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

56 F.3d at 483 (citing <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 787–91 (3rd Cir. 1994)). The court in <u>Glenmede Trust</u> also advised that:

> Discretion should be left with the court to evaluate the competing considerations in light of the facts of individual cases. By focusing on the particular circumstances in the cases before them, courts are in the best position to prevent both the overly broad use of [protective] orders and the unnecessary denial of confidentiality for information that deserves it.

<u>Id.</u> (quoting Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

C. <u>Discussion</u>

Defendants first argue that the at-issue materials should retain their confidentiality designation because it was the party's clear intent that they were produced as informal discovery, solely for purposes of mediation. As discussed at the hearing, the undersigned is not persuaded by this argument. The at-issue materials were produced as discovery, as evidenced by their confidential designation pursuant to the protective order.

In the motion to retain confidentiality, defendants make the following argument regarding why publicly disclosing the at-issue materials will result in particularized harm to Placer County:

4

…The challenged documents have the very real potential of tainting potential jurors in other existing civil rights cases against the County, the Sheriff's Office, and individual officers, including cases pending in the Eastern District of California. (See Reeves Dec.) A very real possibility exists that if the Challenged Materials (including the videos) were to be deemed non-confidential and subject to release, they could go "viral," destroying the possibility of a fair jury trial. Moreover, there were other individual officers featured in the subject videos and identified on the incident reports, who were not criminally charged and not named in Mr. Bangert's civil complaint. Release of the challenged documents could unfairly destroy the featured officers' reputations by permitting them to be unfairly lumped with those who were named or criminally charged.

The Sheriff's Office is working incredibly hard to effectuate meaningful changes to its Correctional facilities, as agreed to in the settlement of this action. Such changes include adopting a comprehensive, new Use of Force Policy for its Correctional Facilities, enhanced training, making changes to its grievance forms and adopting a proprietary software system which tracks and reports use of force by deputies and correctional officers. It would be a misstep backward in this process to publicly release the materials which were in large part the impetus for these changes.

(ECF No. 62 at 13-14.)

The undersigned herein cites the only statement in the Reeves declaration that is relevant to defendants' argument for particularized harm:

14. My office represents the County, the Sheriff's Office and/or individual deputies in individual civil rights cases pending in the Eastern District and before other courts, which could be negatively impacted if the subject confidential documents/information were to be released.

(ECF No. 62 at 18.)

The undersigned finds that defendants above raise three arguments for why the at-issue materials should remain confidential: 1) public disclosure of the materials could taint potential jurors; 2) public disclosure of the materials could harm the reputations of officers not criminally charged or named in the complaint; and 3) public disclosure of the materials could have a negative impact on actions by the Sheriff's Office to address the issues raised by this action. The undersigned addresses these arguments herein, with the observation that he is familiar with the at-issue materials.

////

5

With regard to tainted jury pools, in the motion to retain confidentiality, defendants identify no ongoing civil cases whose jury pools may be tainted. In addition, plaintiffs observe in their opposition that the related criminal proceedings have been resolved.

In Welsh v. City and County of San Francisco, 887 F.Supp. 1293, 1301 (N.D. Cal. 1995), the district court denied a motion for a protective order based on prejudice to potential jury pools:

> Defendants argue that a protective order is necessary to ensure a fair trial because pretrial publicity would necessarily overwhelm the possibility of a fair public trial. However, Magistrate Judge Langford properly concluded that defendants' broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, did not establish good cause for a protective order on this basis. See Cipollone, 785 F.2d at 1121.

Welsh, 887 F.2d at 1301-02.

As in Welsh, defendants in the instant case cite no specific examples to support their claim that public disclosure of the at-issue materials could taint potential jurors. Defendants' broad allegation of harm to potential jury pools does not meet their burden of demonstrating a particularized harm to the county based on the disclosure of these materials.

Defendants argue that public disclosure of the at-issue materials could result in a "misstep backwards" in defendants' changes to the use of force policies. However, defendants cite no legal authority in support of this argument.

The undersigned observes that other courts have found a strong public interest in the disclosure of records related to alleged officer misconduct. In Macias v. Cleaver, 2016 WL 3549257 (E.D. Cal. 2016), the court found,

> Based on the strong presumption of public access to judicial records and the public's strong interest in the conduct of officers, this Court must refuse requests to engage in damage control on behalf of the Defendants. Here, where the case involves allegations of police misconduct, the public has a vested interest "in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely." See Welsh v. City & County of San Francisco, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995). "Misconduct by individual officers, incompetent internal investigations, or questionable supervisory practices must be exposed if they exist." Id. (quoting Skibo v. City of New York, 109

6

F.R.D. 58, 61 (E.D.N.Y. 1985) (ordering disclosure of files concerning complaints against police officers made to civilian complaint review board)).

2016 WL 3549257 at *4.

Defendants' broad allegation of harm to their remedial efforts does not meet their burden of demonstrating a particularized harm to the county based on the disclosure of these materials.

Defendants' argument that disclosure of the materials will harm the reputations of non-party's raise a claim regarding privacy interests. Because defendants have not met their burden of demonstrating a particularized harm as result of public disclosure of the at-issue materials, the undersigned need not consider defendants' argument that disclosure of the materials may harm the reputations of non-parties. Nevertheless, the undersigned addresses this argument herein as defendants also do not meet their burden as to this argument.

Defendants cite no authority in support of their argument that disclosure of the at-issue materials will harm the reputations of third parties. Defendants fail to identify these non-parties in their motion. Defendants also do not specifically address how public disclosure of these materials will harm the reputations of the unidentified thirty parties. The undersigned also observes that defendants do not discuss the separate privacy concerns raised by the at-issue materials, i.e., videos, photos and incidents reports. For these reasons, the undersigned finds that defendants have not met their burden of demonstrating that the privacy interests of third parties outweigh the public interest in disclosure of the materials.

D. Conclusion

For the reasons discussed above, defendants' motion to retain confidentiality is denied. The following materials are no longer subject to the protective order: 1) PC000142—video footage of Mr. Bangert; 2) PC000143—video footage of Mr. Banger; 3) PC000144-156—various photos of Mr. Bangert; 4) PC0001526-1532—incident report regarding Bangert incident.

III. Motion to Seal

A. Background

On November 27, 2018, defendants filed a motion to seal all moving papers, declarations, exhibits and materials related to their motion to retain confidentiality. (ECF No. 60.) Defendants

also requested that all oppositions/response papers filed regarding the motion to retain confidentiality be filed under seal as well.  (Id.)

On December 20, 2018, the undersigned provisionally granted defendants' motion to seal. (ECF No. 61.)  In this order, the undersigned found that defendants had not met their burden of demonstrating good cause for sealing each document, exhibit, etc. for which the sealing order was sought.  (Id.)  The undersigned provisionally granted the motion to seal because it appeared that there may be good cause to seal some of the materials submitted in support of the motion to retain confidentiality.  (Id.)  The undersigned ordered defendants to file further briefing identifying each document for which the sealing order was sought and addressing the good cause standard as to each identified document.  (Id.)

Defendants filed further briefing in support of the motion to seal.  (ECF No. 64.) Plaintiffs' filed an opposition to this further briefing.  (ECF No. 66.)

B.  Legal Stand

Local Rule 141(b) provides that requests to seal shall 1) set forth the statutory or other authority for sealing; 2) the requested duration; 3) the identity, by name or category, of persons to be permitted access to the documents; and 4) all other relevant information.

Two standards govern whether documents should be sealed:  a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions.  Kamakana v. Cty. & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); see also Pinto v. Pac. Creditors Ass's., 605 F.3d 665, 677-78 (9th Cir. 2010).  The "good cause" standard presents a lower burden for the party wishing to seal documents.  Pinto, 605 F.3d at 678.  Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality."  Id. (quoting Phillips ex re. Estate of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).

A "particularized showing" that public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden" will suffice to seal non-dispositive records. FRCP 26(c)(1); Kamakana, 447 F.3d at 1180 (quoting Foltz v. State Farm Mut. Auto. Ins. Co.,

331 F.3d 1122, 1135 (9th Cir. 2003)).

The undersigned finds that the "good cause" standard applies to the pending motion to seal because the underlying motion, i.e., defendants' motion to retain confidentiality, is a non-dispositive discovery type motion.

C. Discussion

1. Reeves Declaration

In the further briefing, defendants first move to seal the Reeves declaration submitted in support of the motion to retain confidentiality. (ECF No. 64 at 5.) Defendants argue that the Reeves declaration contains discussion of the parameters of the confidential mediation agreed to by the parties' counsel. (Id.) Defendants argue that the Reeves declaration discusses 1) documents and materials sought by plaintiffs' counsel with regard to the mediation; 2) documents and video footage of Bangert's incident at the jail; and 3) communications between counsel regarding defendants' request that the documents and materials be returned of destroyed following mediation. (Id. at 5.)

Although there is a presumption in favor of maintaining public access to court records, Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006), settlement negotiations and communications exchanged therein are inherently confidential, see, e.g., Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 554 (E.D.Cal. 1990) (precluding discovery of settlement discussion documents, noting "[s]ettlement negotiations are typically punctuated with numerous instances of puffing and posturing since they are 'motivated by a desire for peace rather than from a concession of the merits of the claim'") (quoting United States v. Contra Costa Cnty. Water Dist., 678 F.2d 90, 92 (9th Cir. 1982))), overruled on other grounds by Jaffee v. Redmond, 518 U.S. 1 (1996); see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980 (6th Cir. 2003) (explaining "there exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations"), citing with approval Cook, 132 F.R.D. at 554.

The undersigned has reviewed the Reeves declaration. (ECF No. 62 at 16-18.) The Reeves declaration describes communication between Placer County Counsel and plaintiffs'

9

counsel Merin and Dwyer regarding Placer County's agreement to provide the "confidential materials," including video footage, and then subsequent attempt to have plaintiffs return these materials after the case settled. This declaration does not describe the contents of these videos.

The Reeves declaration does not discuss or describe conversations between counsel regarding settlement negotiations. The fact that the Reeves declaration mentions that the parties attempted to settle this action through mediation does not render the declaration confidential.

For the reasons stated at the January 17, 2019 hearing, and because the Reeves declaration does not discuss or describe settlement negotiations, and defendants have not otherwise shown good cause to seal this declaration, the motion to seal this declaration is denied.

2. Exhibits A, B, D, E, F, G, H, I and J Attached to Reeves Declaration

*Exhibit A to Reeves Declaration*

Exhibit A to the Reeves declaration is an email dated December 8, 2017 from plaintiffs' counsel Merin to defense counsel. (ECF No. 62 at 20.) In this letter, plaintiffs' counsel lists eight categories of discovery he is seeking: 1) number of persons booked into the jail on a monthly basis; 2) number of persons seen by medical personnel at the jail broken down by month; 3) number of persons sent from the jail to outside hospitals by month; 4) lists of persons put into restraint chair and the length of time each was in the chair; 5) written complaints of abuse from inmates at the jail; 6) memoranda or other writings memorializing oral complaints of abuse at the jail; 7) government tort claims filed with the county alleging abuse during incarceration at the jail; and 8) reports by officers and/or jail personnel of the use of force against persons incarcerated at the jail. (Id.)

In the further briefing, defendants argue that to make the list of documents contained in the December 8, 2017 email available to the public could "fuel unnecessary public speculation as to what documents do and do not exist." (ECF No. 64 at 6.) Defendants argue that as to the documents that do exist, many are confidential and could implicate the privacy rights of persons not part of this litigation to make them publicly available. (Id.)

Defendants' argument that publicly disclosing the list of documents sought could fuel speculation as to what documents do and do not exist is not a "particularized showing" that public

disclosure of this email would cause "annoyance, embarrassment, oppression, or an undue burden." <u>Kamakana</u>, 447 F.3d at 1180. Defendants have also not demonstrated how public disclosure of this email could harm the privacy rights of persons who are not part of this litigation, as the December 8, 2017 email does not identify, directly or indirectly, persons who are not part of this litigation.

Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, defendants' motion to seal Exhibit A is denied.

*Exhibit B to Reeves Declaration*

Exhibit B to the Reeves declaration is an email from plaintiffs' counsel to defense counsel on February 6, 2018. (ECF No. 62 at 22.) This email states, "By when will you be able to produce for us the informal discovery we need in this case? Can we get immediate access to the whatever video there is of Bangert's treatment?" (<u>Id.</u>)

Defendants argue that the February 6, 2018 email should be sealed because it discusses plaintiffs' request for video footage of the alleged incident involving Mr. Bangert. (ECF No. 64 at 7.) Defendants argue that as the video itself is highly confidential and not subject to production, good cause exists to protect the requests for such information from being released to the public. (<u>Id.</u>)

Defendants have not made a "particularized showing" that publicly disclosing an email that merely mentions the Bangert video could cause annoyance, embarrassment, oppression or an undue burden, particularly when this video is no longer subject to the protective order. <u>See</u> <u>Kamakana</u>, 447 F.3d at 1190. In addition, as discussed above, the Bangert video is no longer subject to the protective order.

Defendants also argue that the February 6, 2018 email should be sealed because the request for the video was made in the context of mediation and is subject to the rules governing the confidentiality of mediation proceedings. (ECF No. 64 at 7.) This argument is without merit because the February 6, 2018 email does not discuss settlement negotiations.

Accordingly, for the reasons discussed at the January 17, 2019 hearing and in this order, defendants' motion to seal Exhibit B is denied.

*Exhibit D to Reeves Declaration*

Exhibit D to the Reeves declaration is a letter from defense counsel to plaintiffs' counsel, Merin and Dwyer, on March 27, 2018. (ECF No. 62 at 45-49.) This letter addresses the status of counsels' 18 requests for production of documents. (Id.) This letter identifies the materials requested and discusses whether they exist. (Id.)

In the further briefing, defendants argue that the March 27, 2018 letter should be sealed because it includes discussion of highly sensitive items, including the jail camera system and patrol cruiser camera system sought in request number 8. (ECF No. 64 at 7.) Defendants argue that disclosure of information regarding the jail camera system could lead to serious safety implications for Officers, staff and inmates. (Id.)

As stated above, the March 27, 2018 letter addresses 18 discovery requests. (ECF No. 62 at 45-49.) Defendants' further briefing addresses only one of these 18 requests. It is clear that not every request discussed in the March 27, 2018 letter implicates the security concerns raised by defendants in the further briefing. Defendants have not shown good cause for sealing the entire March 27, 2018 letter, as is their burden. See Fujitsu Ltd. v. Belkin Int'l, Inc., 2012 WL 6019754, at *5 (N.D. Cal. Dec. 3, 2012) (denying the motions to seal as the defendants' "broad request to seal [did] not specify which sections of [the] exhibits contain[ed] particularly sensitive information, why [the] information must remain confidential, or how its disclosure might become a vehicle for improper purposes."); Trotsky v. Travelers Indemnity Company, 2013 WL 12116152 *4 (W.D Wash. 2013) ("Broad statements of harm will not suffice, and there must be specific facts and examples supporting the asserted harm for *each* document that the moving party wants to protect.") (emphasis added) (citing Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003).

Finally, defendants argue that the March 27, 2018 should be sealed because it was written in the context of mediation. (ECF No. 64 at 8.) This argument is without merit because the March 27, 2018 letter does not discuss settlement negotiations.

Accordingly, for the reasons discussed at the January 17, 2019 hearing and in this order, defendants' motion to seal exhibit D is denied.

1

2 *Exhibit E to Reeves Declaration*

Exhibit E is a letter from defense counsel to plaintiffs' counsel, Merin and Dwyer, on

3 April 4, 2018. (ECF No. 62 at 51-52.) This letter is a follow-up to the March 27, 2018 letter

4 (exhibit D to the Reeves declaration), and contains an update to Mr. Merin's request nos. 5 and 8.

5 (Id.) The letter describes request no. 5 as written complaints of abuse from inmates at the jail,

6 and states that they are designated as Highly Confidential. (Id.) The letter describes request no. 8

7 as reports by officers and/or jail personnel of the use of force against persons at the jail. (Id.)

8 The letter describes the response to request no. 8 as highly confidential. (Id.)

9 Finally, the April 4, 2018 letter also generally describes the process for searching for

10 incident reports:

11 > As described in our original response, the incident reports are being searched using the terms selected by the county and also by the terms
12 > proposed by plaintiffs. The lists of those terms are attached. The reports located by these searches are being produced here according
13 > to the search term list that located the report, hence, the reports are under two separate folders "List 1, County Counsel's terms" and
14 > "List 2, Plaintiff's counsel terms" as listed above. The final count of documents was 885 reports—359 under List 1, and 526 under List 2.

15
> As previously discussed, all incident reports which have these terms
16 > are being produced, even if they do not involve use of force. We anticipate the production of additional reports by the end of April,
17 > with other reports to follow as they become available.

18 (Id. at 52.)

19 In the further briefing, defendants argue that the April 4, 2018 letter should be sealed

20 because it details two additional categories of documents and the county's response. (ECF No. 64

21 at 8.) The April 4, 2018 letter merely describes the two categories of documents sought and

22 addresses the confidentiality designation of these documents. Defendants have not made a

23 "particularized showing" that public disclosure of the discussion of request nos. 5 and 8 in the

24 April 4, 2018 letter would cause "annoyance, embarrassment, oppression or an undue burden."

25 Kamakana, 447 F.3d at 1189.

26 Defendants next argue that the letter discusses the process by which plaintiffs and defense

27 counsel developed search terms to be used in producing the use of force reports for purposes of

28 informal discovery. (ECF No. 64 at 8.) Defendants argue, "For the reasons detailed with regard

13

to Ex. 'D,' good cause exists to seal this document." (Id.)

Defendants have not met their burden of showing good cause to seal the two paragraphs quoted above. The "list of terms," referred to in the first paragraph is not part of Exhibit E. The paragraphs do not discuss the process used by counsel to develop search terms. The paragraphs also do not discuss settlement negotiations.

Accordingly, for the reasons discussed at the January 17, 2019 hearing and in this order, defendants' motion to seal exhibit E is denied.

*Exhibit F to Reeves Declaration*

Exhibit F includes two emails from defense counsel to plaintiffs' counsel, Merin and Dwyer. The first email, dated October 12, 2018, states, "Now that Coleman, Langley and Kershner are wrapped up, we wanted to request that pursuant to the Protective Order you please either return the videos of those incidents to my office or confirm in writing they are described." (ECF No. 62 at 54.) The second email, dated October 30, 2018, is a follow-up to the October 12, 2018 email: "I do not believe that I received a response from you regarding this issue. Please advise whether you intend to destroy or return the subject videos." (Id. at 55.)

In the further briefing, defendants argue that good cause exists to seal these emails because they were written in the context of mediation and detail confidential videos that were produced under the umbrella of mediation. (ECF No. 64 at 8.)

The emails above do not discuss settlement negotiations. Defendants have also not made a "particularized showing" that disclosure of these emails, which merely mention the videos, would cause "annoyance, embarrassment, oppression or an undue burden." Kamakana, 447 F.3d at 1180. Accordingly, for the reasons discussed at the January 17, 2019 hearing and in this order, defendants' motion to seal exhibit F is denied.

*Exhibit G to Reeves Declaration*

Exhibit G is a letter from plaintiffs' counsel, Mr. Merin, to defense counsel on November 6, 2018. (ECF No. 62 at 58-59.) In this letter, plaintiffs' counsel responds to defendants' request for return or destruction of the documents discussed in the October 12, 2018 and October 30, 2018 emails, i.e., exhibit F to the Reeves declaration. (Id.) In this letter, plaintiffs' counsel

14

describes the at-issue materials, i.e., only those materials related to Mr. Bangert.  (Id.)  Plaintiffs' counsel identifies four officers in the videos, including two persons not criminally charged or named in this action.  (Id.)  Plaintiffs' counsel also includes his own, brief description of the content of the videos.  (Id.)  Plaintiffs' counsel argues why these materials should not be deemed confidential.  (Id.)

In the further briefing, defendants argue that the November 6, 2018 letter should be sealed because it describes the history of the mediation and the documents requested.  (ECF No. 64 at 8.) Defendants argue that the letter contains an inaccurate characterization of the subject materials which, if publically disseminated, would lead to unfair public perception of the materials.  (Id. at 8-9.)  Defendants also argue that the letter identifies, by name, two people in the videos who were neither defendants in this action or criminally charged.  (Id. at 9.)

Defendants have cited no authority in support of the argument that the November 6, 2018 letter should be sealed to protect the privacy of non-parties mentioned in the letter, as is their burden.  See Rule 141(b).  Defendants also fail to address the different privacy concerns raised by the at-issue materials mentioned in the November 6, 2018 letter, i.e., the video, the photos and the incident report.  Defendants have not made a "particularized showing" that public disclosure of the November 6, 2018 letter would cause "annoyance, embarrassment, oppression or an undue burden," especially since these materials are no longer subject to the protective order.  Kamakana, 447 F.3d at 1189.

Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, defendants' motion to seal exhibit G is denied.

*Exhibit H to Reeves Declaration*

Exhibit H to the Reeves declaration is a letter from defense counsel to plaintiffs' counsel, Mr. Merin on November 13, 2018, in response to Mr. Merin's November 6, 2018 letter.  (ECF No. 62 at 61-62.)  In this letter, defense counsel objects to plaintiffs' counsel refusal to return or destroy the Bangert, Coleman, Langley and Kershner videos.  (Id.)  Defense counsel states that the videos were produced solely for purpose of informal discovery.  (Id.)  Defense counsel argues that plaintiffs' challenge to the confidentiality of the videos is belated.  (Id.)

In the further briefing, defendants argue that, "as the video itself is highly confidential and not subject to production, good cause favors sealing the meet and confer letter discussing the video." (ECF No. 64 at 9.) Defendants also argue that this letter is confidential because it was made in the context of mediation. (Id.)

Defendants have not made a "particularized showing" that public disclosure of the November 13, 2018 letter, which only mentions the at-issue videos, would cause "annoyance, embarrassment, oppression, or an undue burden." Kamakana, 447 F.3d at 1180. The November 13, 2018 letter also does not discuss settlement negotiations. Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, defendants' motion to seal Exhibit H is denied.

*Exhibit I to Reeves Declaration*

Exhibit I is an email from plaintiffs' counsel, Mr. Merin, to defense counsel on November 14, 2018. (ECF No. 62 at 65.) In this email, plaintiffs' counsel states that he is entitled to the Bangert video. (Id.) Plaintiffs' counsel advises defense counsel to file a motion to seal the video if they believe it should be confidential. (Id.)

Defendants argue that Exhibit I should be sealed because it is a "follow-up to Exs. 'G' and 'H' and good cause does not exist to require public dissemination of this correspondence for the reasons identified above." (ECF No. 64 at 9.)

The November 14, 2018 email does not discuss settlement negotiations. The November 14, 2018 email only mentions the Bangert video. Defendants have not made a "particularized showing" that disclosure of the November 14, 2018 email would cause "annoyance, embarrassment, oppression, or an undue burden." Kamakana, 447 F.3d at 1180. Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, the motion to seal Exhibit I is denied.

*Exhibit J to Reeves Declaration*

Exhibit J includes the following four emails. On October 12, 2018, defense counsel sent an email to plaintiffs' counsel, Merin and Dwyer, asking them to either return or destroy videos. (ECF No. 62 at 69.) On October 31, 2018, Mr. Dwyer responded that he had destroyed videos. (Id. at 69.) On October 31, 2018, defense counsel asked Mr. Dwyer to confirmed that he had

destroyed all videos produced in the Coleman, Langley and Kershner matters. (Id. at 68.) On

November 2, 2018, Mr. Dwyer responded that he had destroyed all videos.[1] (Id.)

Defendants argue that the emails discussed above should be sealed because they discuss

Mr. Dwyer's destruction of videos in the companion cases of Kershner, Langley and Coleman.

(ECF No. 64 at 9.) Defendants argue that, "As the video itself is highly confidential and not

subject to production, good cause exists to seal the meet and confer letter discussing video

production and destruction." (Id.)

The emails above mention the videos, but do not describe their contents. Defendants have

not made a "particularized showing" that public disclosure of the emails described above would

cause "annoyance, embarrassment, oppression, or an undue burden." Kamakana, 447 F.3d at

1180.

For the reasons stated at the January 17, 2019 hearing and in this order, defendants'

motion to seal exhibit J is denied.

*Exhibit K to Reeves Declaration*

Exhibit K includes five DVD discs containing the materials for which defendants

originally moved to retain confidentiality, i.e., 1) PC000142—video footage of Mr. Bangert; 2)

PC000143—video footage of Mr. Bangert; 3) PC000144-156—various photos of Mr. Bangert; 4)

PC0001526-1532—incident report regarding Bangert incident; 5) PC000157-171—video footage

regarding Mr. Coleman; 6) PC000-172-173—video footage regarding Mr. Kershner; and

7) PC000174-177—video footage regarding Mr. Langley. (See ECF No. 62 at 18 (Reeves

declaration describing contents of DVDs).

As discussed above, plaintiffs do not challenge the confidentiality of the videos regarding

Mr. Coleman, Mr. Kershner and Mr. Langley. The undersigned has ordered that the videos,

photos and incident report regarding Mr. Bangert are not subject to the protective order. Because

the issues regarding all of these materials have been resolved, the undersigned will order the

---

[1]  Also attached to Exhibit J is Mr. Merin's November 14, 2018 email to defense counsel (ECF No. 62 at 71), attached to the Reeves declaration as Exhibit I, and previously discussed in this order.

Clerk of the Court to return these exhibits to defendants.

### 3. Notice of Motion to Retain Confidentiality

Defendants move to seal the notice of motion submitted in support of the motion to retain confidentiality because it lists the 7 materials for which defendants sought to retain confidentiality, i.e, the Bangert videos, photos and incident report, and the videos regarding Coleman, Kershner and Langley. (See ECF No. 62 at 6 (notice of motion).) Defendants argue that if these items are confidential, then it does not further any public interest to make the names of the protected items public. (ECF No. 64 at 12.) Alternatively, defendants state that if the court is inclined to make the notice of motion public, defendants would request the opportunity to redact the identification of the confidential materials from the publically available notice of motion. (Id.)

The notice of motion identifies the materials as videos, photos and reports. The notice of motion does not describe their contents. While the Coleman, Kershner and Langley videos are still subject to the protective order, defendants have not made a "particularized showing" that public disclosure of the notice of motion, which lists these materials, would cause "annoyance, embarrassment, oppression, or an undue burden." Kamakana, 447 F.3d at 1180. Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, defendants' motion to seal the notice of motion is denied.

### 4. Motion to Retain Confidentiality

Defendants move to seal their entire points and authorities filed in support of the motion to retain confidentiality. (ECF No. 64 at 12.) Defendants argue that the points and authorities contains 1) communications between counsel regarding the parameters of mediation; 2) communications between counsel regarding the documents and materials requested; 3) communications between counsel regarding defendants' response to the documents and materials requested; 4) communications between counsel regarding defendants' request that the at-issue materials be destroyed; and 5) identification of the materials that were the subject of the protective order and the motion to retain confidentiality. (Id.)

////

Defendants' request to seal the entire points and authorities is overbroad.  See Trotsky v. Travelers Indemnity Company, 2013 WL 12116152 at *4 (W.D. Wash. 2013) ("Broad statements of harm will not suffice, and there must be specific facts and examples supporting the asserted harm for each document that the moving party wants to protect.") (citing Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003)); see also Thomas v. Arroyo, 2015 WL 1805235 at *3 (D. Nev. 2015) (rejecting request to seal entire motion to dismiss because it referenced purportedly privileged and/or confidential documents).  Defendants have not shown good cause to seal the entire points and authorities filed in support of the motion to retain confidentiality.

Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, defendants' motion to seal the points and authorities filed in support of the motion to retain confidentiality is denied.

5.  Opposition to Motion to Retain Confidentiality

Defendants move to seal plaintiffs' opposition to the motion to retain confidentiality. Plaintiffs' opposition contains a 22 pages long points and authorities (ECF No. 67), a declaration by plaintiffs' counsel (ECF No. 67-1) and 20 exhibits (ECF Nos. 67-2 through 67-21). Defendants argue that plaintiffs' opposition should be sealed for the same reasons as the moving papers.  (ECF No. 64 at 13.)  Defendants also argue that, "the opposition contains an inaccurate factual description of the underlying incident involving Mr. Bangert…"  (Id.)  Defendants do not cite where in the opposition this allegedly inaccurate statement is located.

Defendants' motion to seal the entire opposition is overbroad.  See Thomas v. Arroyo, supra.  Defendants do not discuss any of the individual exhibits attached to the opposition, which include public documents such as an article from the Sacramento Bee.  (See ECF No. 67-2 at 1-2).  Defendants have not shown good cause to seal the entire opposition to the motion to retain confidentiality.

Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, the motion to seal plaintiffs' opposition to the motion to retain confidentiality is denied.

////

6. <u>Original Motion to Seal and Supplemental Briefing</u>

Defendants move to seal the original motion to seal. (ECF No. 64 at 13.) Defendants argue that attached to the motion to seal are copies of the motion to retain confidentiality and all supporting documents. (<u>Id.</u>) Defendants argue that for the reasons that each of these individual documents should be sealed, the original request to seal as a whole should be sealed. (<u>Id.</u>)

Defendants' motion to seal the entire original motion to seal is overbroad. <u>See</u> <u>Thomas v. Arroyo</u>, <u>supra</u>. Defendants again fail to support their argument that the entire points and authorities filed in support of the motion to retain confidentiality, attached to the original motion to seal, should be sealed. Defendants have not shown good cause to seal the entire original motion to seal.

Defendants move to seal the supplemental briefing submitted in support of the motion to seal. (ECF No. 64 at 14.) Defendants argue that the supplemental briefing "goes into more extensive detail regarding the documents sought to be sealed, the parameters of the mediation, more extensive discussion of the jail security cameras, etc." (<u>Id.</u>) Defendants' motion to seal the entire supplemental briefing is overbroad. Defendants fail to identify which sections of the supplemental briefing contain allegedly confidential information. Defendants have not shown good cause to seal the entire supplemental briefing.

Accordingly, for the reasons stated at the January 17, 2019 hearing and in this order, defendants' motion to seal the original motion to seal and supplemental briefing is denied.

7. <u>Opposition to Supplemental Briefing</u>

In the supplemental briefing, defendants moved to seal plaintiffs' briefing submitted in opposition to the supplemental briefing. (<u>Id.</u> at 64.) Defendants argued that, "For the same reasons that the moving papers are confidential, any opposition to the request to seal should also be confidential." (<u>Id.</u>)

By moving to seal plaintiffs' opposition to the supplemental briefing, defendants moved to seal papers that had not yet been filed. For this reason, defendants failed to show good cause to seal plaintiffs' opposition to defendants' supplemental opposition. The undersigned also observes that plaintiffs' opposition to defendants' supplemental briefing contains a 21 pages long points

and authorities (ECF No. 66), a declaration by counsel (ECF No. 66-1) and 20 exhibits (ECF Nos. 66-2 through 66-21). Some of these exhibits include public documents, such as a Sacramento Bee article. (ECF No. 66-2 at 1-2.) Clearly, not every exhibit attached to plaintiffs' briefing is confidential.

### D. Conclusion

For the reasons discussed above, defendants' motion to seal is denied. The undersigned observes, as did plaintiffs, that defendants did not move to seal plaintiffs' opposition to the original motion to seal. (See ECF No. 62-1 (plaintiffs' opposition to original motion to seal).) For that reason, the instant order does not address that pleading.

The undersigned also observes that, with respect to some of the documents addressed by defendants in the supplemental briefing, it may have been possible to cure the pleading defects discussed above to state a colorable case for sealing or redaction. However, as discussed above, the undersigned already granted defendants an opportunity to file supplemental briefing in support of the original motion to seal. The December 20, 2018 order directing further briefing set forth the relevant legal standards. (ECF No. 61.) There is no good cause to grant defendants another opportunity to cure the pleading defects contained in the supplemental briefing.

## IV. Attorneys' Fees

In the opposition to the motion to retain confidentiality, plaintiffs' move for attorneys' fees. (ECF No. 67.) For the reasons stated at the January 17, 2019 hearing, the undersigned finds that an award of attorneys' fees is not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to seal and to retain confidentiality (ECF No. 62) are denied;

2. The following materials are no longer subject to the protective order: 1) PC000142—video footage of Mr. Bangert; 2) PC00143—video footage of Mr. Bangert; 3) PC000144-156—various photos of Mr. Bangert; 4) PC0001526-1532—Incident Report regarding Bangert incident;

3. With the exceptions of the five CD discs submitted by defendants as Exhibit K in support of the motion to retain confidentiality (See ECF No. 62 at 74), the Clerk of the Court is directed to unseal all pleadings filed in connection with the motion to seal and to retain

confidentiality, i.e., ECF Nos. 62, 62-1 et seq., 64, 65, 66 et seq., 67 et seq.;

     4.  The Clerk of the Court is directed to send defense counsel Julia Reeves the five CD discs submitted in support of the motion to retain confidentiality, previously filed under seal.

Dated:  January 25, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bangert.ord