MARK E. MERIN
mark@markmerin.com

PAUL H. MASUHARA
paul@markmerin.com

LAW OFFICE OF
**MARK E. MERIN**
ATTORNEY AT LAW

March 13, 2019

The Honorable Kendall J. Newman **VIA ECF**
United States District Court
Eastern District of California
501 I Street
Sacramento, CA 95814

**Re:** ***Bangert v. County of Placer***
**United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN**

**Synopsis of Meet and Confer Efforts**

Following receipt of the Claims Administrator's preliminary determination of the value of each of the 489 claims it received (at least 10 of which bore postmarks after the cut-off date), Class Counsel reviewed each of the claims for compliance with the claim form instructions, eliminated 218 of the claims as non-compliant, and assigned the claims the following approximate values:

| | | |
|---|---|---|
| Under $5,000 | 201 | Total Value: $309,500 |
| Between $5,000-$7,500 | 42 | Total Value: $225,500 |
| $50,000 | 15 | Total Value: $750,000 |
| $100,000 | 2 | Total Value: $200,000 |

On January 11, 2019, Class Counsel forwarded to Defense Counsel their spreadsheet indicating each valuation. On February 20, Defense Counsel responded that their team comprised of a retired Captain and retired Lieutenant spent in excess of 300 hours reviewing each of the claims and available records and determined only two of them to be compensable. On March 4, counsel for the parties met in the Placer County Counsel's Office in Auburn to discuss the claims. Subsequently, Defense Counsel provided class counsel with a spreadsheet providing explanation for its reasons for rejecting the claims.

To settle the matter and to permit the prompt payment of attorneys' fees and the class representative's incentive payment, Defense Counsel offered to provide a "lump sum payment" of $150,000 for distribution to the class at Class Counsel's discretion. This offer was rejected with an explanation of the ethical conflicts which would preclude acceptance. Class Counsel countered with a demand for the payment of the entire Stipulated Sum to be distributed as provided in the Stipulated Settlement Agreement, with proportional reduction of individual claims.

Class Counsel understood that the premise for the Stipulated Settlement was that the cost of lawyer time (Plaintiffs' and Defendants') for complete discovery of all relevant facts for the entire class, followed by a multitude of trials, would be prohibitively high. Accordingly, Class Counsel submits the parties agreed to substitute a simplified claims process for awarding an agreed upon amount of settlement funds to all procedurally *bona fide* claims. On March 7, in keeping with its understanding of the "rough justice" underlying the settlement process, Class Counsel proposed to Defense Counsel that they accept all claims for under $50,000 signed under penalty of perjury and supported, as required, by narrative description of the basis for the claim (for a total of $535,000 – to be further reduced by omitting late claims, those relating to events which preceded booking, and those relating to dates prior to the class period), and that counsel for the parties concentrate on resolving the claims for $50,000 and $100,000, which totaled $950,000 and for which evidence of medical treatment had already been requested of the claimants. Defense Counsel has requested that Class Counsel provide it with a lump sum number for resolution of all claims, with the determination as to the amounts of the payouts to be

The Honorable Kendall J. Newman
U.S. District Court, E.D. Cal.
March 13, 2019
Page 2 of 3

LAW OFFICE OF
MARK E. MERIN
ATTORNEY AT LAW

determined entirely by Class Counsel; Class Counsel has not done so. On March 12, 2019, Class Counsel submitted a letter to the Court and on March 11 Defense Counsel submitted a letter to the Court, which have led to the telephone conference set for March 15 at 3:00 p.m.

**Synopsis of Dispute**

Approximately 476 claims have been submitted. Of these, Class Counsel found 218 were non-compensable in their initial review, with the remainder compensable at some level. The County found that all of the claims were non-compensable, with the exception of 2, leaving 258 claims in dispute. The County contends that each of the disputed claims do not qualify for the following reasons:

| | |
|---|---|
| Found non-compensable by Plaintiff | 218 |
| No claim of force/other | 23 |
| Not enough info to investigate | 18 |
| False/without merit | 60 |
| Unfounded/no corroboration | 54 |
| Reasonable/within policy | 26 |
| Cleared in initial audit | 23 |
| Occurred outside jail | 17 |
| Outside timeframe | 16 |
| Claims not signed | 7 |
| Late | 6 |
| Blue Team cleared | 4 |
| IA Completed/not-sustained | 2 |
| Claim accepted | 2 |
| Total Claims | 476 |

The settlement agreement provides that a Motion for Final Approval is to be filed by Class Counsel, in advance of the hearing date on March 28, 2019. The settlement agreement further contemplates that as to any disputed claims, counsel are to brief them and the Court is to make binding determinations.

Counsel seek the Court's guidance and to discuss the next steps with the Court given the number of claims in dispute. In short, the County has proposed a lump sum payment to Class Counsel, with Class Counsel to determine which claims to compensate and in what amounts. Alternatively, the County proposes that the parties agree to eliminate certain categories of claims (for example, claims not signed under penalty of perjury, claims that allege incidents which occurred outside the jail, etc.) and that for only the remaining claims, the Court make a binding determination via an agreed to process. Class Counsel, in keeping with the concept behind the Stipulated Settlement, to do "rough justice" efficiently, has proposed accepting the claims filed under penalty of perjury which have been preliminarily valued at under $50,000 (total of $535,000) and closely scrutinize and, after receipt of additional information, negotiate resolution of claims for $50,000 and $100,000 (total value of $950,000), with the application of the proportional reduction feature, if necessary.

The settlement fund in this case is $1,449,700, minus fees and expenses of $478,401, incentive fee of $50,000 and Administrative Costs of $40,000. This leaves available funds in the amount of $881,299.

Counsel requests the opportunity for each side to speak privately with the Court in advance of the joint session so as to maximize the joint teleconference.

1010 F STREET, SUITE 300, SACRAMENTO, CALIFORNIA 95814 • (916) 443-6911 • FAX (916) 447-8336

The Honorable Kendall J. Newman
U.S. District Court, E.D. Cal.
March 13, 2019
Page 3 of 3

LAW OFFICE OF
**MARK E. MERIN**
ATTORNEY AT LAW

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

Mark E. Merin & Patrick H. Dwyer

Attorney for Plaintiffs
BEAU BANGERT
and the Settlement Class

Respectfully Submitted,
OFFICE OF THE PLACER COUNTY COUNSEL

*/s/ Julia M. Reeves*
(as authorized on March 13, 2019)

Julia M. Reeves

Attorney for Defendants
COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, DEVON M. BELL

1010 F STREET, SUITE 300, SACRAMENTO, CALIFORNIA 95814 • (916) 443-6911 • FAX (916) 447-8336