Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
BEAU BANGERT
and the Settlement Class

Patrick H. Dwyer, SBN 137743
P.O. Box 1705
Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com

Associated Counsel for the Settlement Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BEAU BANGERT, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF PLACER, et al.,<br><br>　　　　Defendants. | Case No. 2:17-cv-01667-KJN<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL WITH PREJUDICE** |

　　　　This matter having come before the Court by application of Plaintiffs Beau Bangert and the Settlement Class (collectively, "Plaintiffs") for preliminary approval of the class action settlement agreement between Plaintiffs and Defendants Placer County, Placer County Sheriff's Office, Devon M. Bell, Robert L. Madden, Megan C. Yaws, and "Doe" Defendant 1 to 50 (collectively, "Defendants"), set forth in the Class Action Settlement Agreement and Mutual Release ("Settlement Agreement" or "Settlement") (ECF No. 57-4); the Court having previously entered the Preliminary Approval Order: (1) preliminarily approving the Settlement; (2) provisionally certifying the Settlement Class; (3) approving the proposed form and dissemination of Class Notice and Claim Form; and (4) setting a hearing for Final

1

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL**
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

Approval of the Settlement (the "Preliminary Approval Order") (ECF No. 59); Plaintiffs having now demonstrated compliance with the Preliminary Approval Order, and now requesting that the Settlement should be finally approved as fair, reasonable, and adequate; and good cause appearing therefore, the Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order, Order of Dismissal, and Judgement ("Final Approval Order"), which constitutes a final adjudication of the above-captioned action on the merits, and

HEREBY ORDERS, ADJUDGES AND DECREES THAT:

1. All of the definitions contained in the Settlement Agreement shall apply to this Final Approval Order and are incorporated by this reference as if fully set forth herein.

2. This Court has jurisdiction over the subject matter of this litigation and over all members of the Class and over those persons and entities undertaking affirmative obligations under the Settlement Agreement, pursuant to paragraph 53 of the Settlement Agreement.

3. This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, reasonable, adequate and in compliance with all applicable requirements Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clause), and all other applicable laws, and in the best interests of the parties and the Settlement Class. Any objections have been considered and are hereby overruled, except as expressly set forth to the contrary herein. Accordingly, the Court directs the parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

4. Pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, the Jail Changes Settlement Class, as defined in the Settlement Agreement and the Preliminary Approval Order, consists of all individuals incarcerated in Placer County Jail at any point during the CLASS PERIOD (August 11, 2015 through August 14, 2018). The Jail Changes Settlement Class, as previously provisionally certified, satisfies all the requirements contained in Rule 23(b)(1) and (b)(2), the California and United States Constitutions, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

5. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Force Settlement

2

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

Class, as defined in the Settlement Agreement and the Preliminary Approval Order, consists of all individuals, except for the Related Actions Plaintiffs, incarcerated in Placer County Jail at any point during the Class Period (August 11, 2015 through August 14, 2018) who submitted a Claim Form. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Force Settlement Award Class, as defined in the Settlement Agreement and the Preliminary Approval Order, consists of those Force Settlement Class Members whose Claim was deemed Compensable under the terms of the Settlement Agreement. The Force Settlement Class and the Force Settlement Award Class, as previously provisionally certified, satisfies all the requirements contained in Rule 23(b)(3) of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

6. In total, one (1) Class Members objected to the Settlement and fourteen (14) Class Members requested exclusion from the Settlement. Except for the individual claims of those who duly requested exclusion from the Class (identified in "Exhibit A" to this Final Approval Order), this Court hereby dismisses with prejudice—and with the same force and effect as if dismissed under Rule 41(b) of the Federal Rules of Civil Procedure—each and every Released Claim (as defined in paragraph 52 of the Settlement Agreement) against Defendants (as defined in paragraph 9 of the Settlement Agreement).

7. Plaintiffs, including all Settlement Class Members, and their respective representatives, assigns, heirs, executors, administrators, and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendants, including their present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, any and all individual, representative or class claims or any such lawsuit, action, arbitration, or other legal proceeding that he had or has related in any way to the Released Claims as defined in the Settlement Agreement.

8. Plaintiffs, including all Settlement Class Members, and their respective representatives, assigns, heirs, executors, administrators, and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendants, including their

3

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, any and all individual, representative or class claims or any such lawsuit, action, arbitration, or other legal proceeding that he had or has related in any way to the use of excessive force in the Placer County Jail.

9. The Class Notice given to the Class was the best notice practicable under the circumstances. Said Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Rule 23 of the Federal Rules of Civil Procedure, as well as the California and United States constitutions, including the requirement of due process.

10. The Claim Form given to the Class was fair and reasonable and fully complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, as well as the California and United States constitutions, including the requirement of due process.

11. The Award Calculation Methodology used to calculate the Settlement Awards was fair and reasonable and fully complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, as well as the California and United States Constitutions, including the requirement of Due Process.

12. Members of the Settlement Class who have submitted a Compensable Claim pursuant to the terms of the Agreement, and who are therefore members of the Force Settlement Award Class, as defined in paragraph 21 of the Settlement Agreement, shall be entitled to a Settlement Award, calculated pursuant to the terms of the Settlement Agreement, including pursuant to the Award Calculation Methodology, and the Force Dispute Resolution Process. Within thirty (30) days of the Effective Date, the Settlement Administrator shall mail Settlement Award checks to each Force Settlement Award Class Member. If the total amount of the Settlement Awards exceeds the available balance in the Settlement Fund, following deduction of the Incentive Fee, Fee and Expense Award, Administration Costs, and Tax Expenses, each Settlement Award shall be reduced proportionately so that the total amount of Settlement Awards does not exceed the available funds in the Settlement Fund. Should the total amount of the

Settlement Awards, Fee and Expense Award, Incentive Fee, Administration Costs, and Tax Expenses paid by the Settlement Administrator be less than $1,449,700.00, all remaining amounts, plus accrued interest thereon, shall revert back to Placer County—*i.e.*, to be returned by the Settlement Administrator to Placer County. This residue, if any, shall be returned to Placer County within 210 days following the Effective Date.

13. Class Counsel are hereby awarded the sum of $478,401.00 in legal fees and costs, which sums the Court finds to be fair and reasonable in that the legal fees awarded are approximately 33% of the Settlement Fund Class Counsel created and that the 33% accurately reflects the percentage figures of contingency fees attorneys commonly receive in the marketplace. The fee and expense amounts shall be paid check to Law Office of Mark E. Merin and delivered to the Law Office of Mark E. Merin, 1010 F Street, Suite 300, Sacramento, CA 95814, from the Settlement Fund within 30 days after the Effective Date. The Fee and Expense Award shall then be allocated among Class Counsel by Law Office of Mark E. Merin in a fashion which, in the sole opinion of Class Counsel, fairly compensates Class Counsel for their respective contributions to the prosecution of, and results obtained in, the Action.

14. Plaintiffs shall also be paid by check made payable to Beau Bangert and delivered to the Law Office of Mark E. Merin, 1010 F Street, Suite, 300, Sacramento, CA 95814, an Incentive Fee of $50,000 from the Settlement Fund, with payment to be made within 30 days after the Effective Date.

15. Without affecting the finality of the Judgment in any way, this Court hereby retains Continuing Jurisdiction over: (a) implementation of this Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) this action until the Judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement. Furthermore, despite the limitations imposed by paragraphs 6 through 8 of this Final Approval Order, neither Plaintiffs nor Defendants shall be barred from pursuing claims for breach of the Settlement Agreement before this Court.

16. In the event that the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Approval Order shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be

5

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN

rendered null and void, the Class shall be decertified, and Plaintiff's complaint shall be reinstated as it existed prior to the making of the Settlement Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

17. Nothing in this Final Approval Order or the Settlement Agreement shall be construed as an admission or concession by any Party. Defendants have denied all of the Plaintiff's allegations and continue to deny such allegations. Plaintiffs continue to believe his allegations have merit. The Settlement Agreement and this resulting Final Approval Order represent a compromise of disputed allegations.

18. Except as expressly provided herein, all Parties are to bear their own costs.

IT IS SO ORDERED.

Dated:

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT, AND DISMISSAL
*Bangert v. County of Placer*, United States District Court, Eastern District of California, Case No. 2:17-cv-01667-KJN