Patrick H. Dwyer, SBN 137743
P.O. Box 1705
Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Tel.: (916) 443-6911; Fax: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiff Beau Bangert, on behalf of himself and a class of similarly situated persons.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| BEAU BANGERT, on behalf of himself and a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER, et al.,<br><br>    Defendants. | Case No.: 2:17-CV-01667-KJN<br><br>**STIPULATION AND ORDER EXTENDING TIME AND MODIFYING PROCEDURE TO LOCATE AND PAY CERTAIN APPROVED CLASS CLAIMANTS**<br><br>The Honorable Kendall J. Newman |

**Whereas**, during the process of distribution of the settlement funds to the approved claimants of the class it became apparent that some approved claimants were in custody and did not receive their checks as mailed by Rust Consulting;

1

**Whereas**, counsel for Plaintiffs and Defendant Placer County discussed and, with the assistance of the Court, have agreed upon a modification of the procedure and time line for the distribution of the settlement funds to approved claimants that are in custody and have not yet received their approved settlement payments.

**Now, therefore**, the parties stipulate to the following procedures:

1. Plaintiffs' counsel (Mr. Dwyer) will send a letter to each of the claimants with undelivered/un-cashed checks that has been tentatively found to be a CDCR or BOP inmate. The letter would inform the inmate that there was an award to them under the settlement agreement and that Rust Consulting mailed a check to the address provided with the claim form, but the letter has either not been delivered or the check has not been cashed. The inmate will be asked to complete and return, in a stamped envelope addressed to Mr. Dwyer, a form that authorizes Rust Consulting to issue a new check payable to the person that the inmate names on the form. The inmate must also provide a current address for mailing the check. indicated on the form. The form must be completed and returned in 45 days of the date of the letter.

2. The claimant could designate either: (1) a person that would receive the check on their behalf (still payable to the claimant) and that would be responsible for depositing the check into whatever account the claimant designated; or (2) an alternate payee (i.e., let the claimant

2

1. transfer the award to a third person).

3. The claimant will have to sign and acknowledge the form. Right above the signature line there would be a clear warning that the claimant must provide correct and final information and instructions. If the check to this claimant is returned undelivered or not cashed in time, the award will be forfeited.

4. Plaintiffs' counsel, Mr. Dwyer, will collect all of the returned forms and prepare a spread sheet for Rust Consulting with the name of the payee and the mailing address by August 28, 2020. Rust Consulting will then prepare its final mailing of checks based upon the new information and mail the checks by September 4, 2020. All such checks issued by Rust must be cashed by October 30, 2020. This will complete Rust Consulting's obligations and Rust will not need additional compensation to complete this work.

5. Rust Consulting will revert any outstanding funds to the County on the scheduled date of July 22, 2020, with the exception of the claimants with undelivered and/or un-cashed checks that have been tentatively found to be a CDCR or BOP inmate. Rust will issue a second check to the County with the remainder of the reversion funds following expiration of the October 30, 2020 date identified above.

6. Plaintiffs' counsel agrees that they will not request any additional extensions beyond the extension agreed to herein.

**It is So Stipulated**:

Date: May 19, 2020                                    s/s Patrick H. Dwyer
                                                     Patrick H. Dwyer, counsel for
                                                     Plaintiffs


Date: May 19, 2020                                    s/s Mark E. Merin (authorized)
                                                     Mark E. Merin, counsel for
                                                     Plaintiffs


Date: May 19, 2020                                    s/s Julia Reeves (authorized)
                                                     Julia Reeves, counsel for
                                                     Placer County

4

# ORDER

**PURSUANT TO FOREGOING STIPULATION OF THE PARTIES**, it is hereby **ORDERED** that:

1. Plaintiffs' counsel (Mr. Dwyer) will send a letter to each of the claimants with undelivered/uncashed checks that have been tentatively found to be a CDCR or BOP inmate.  The letter would inform the inmate that there was an award to them under the settlement agreement and that Rust Consulting mailed a check to the address provided with the claim form, but the letter has either not been delivered or the check has not been cashed.  The inmate will be asked to complete and return, in a stamped envelope addressed to Mr. Dwyer, a form that authorizes Rust Consulting to issue a new check payable to the person that the inmate names on the form.  The inmate must also provide a current address for mailing the check indicated on the form.  The form must be completed and returned in 45 days of the date of the letter.

2. The claimant could designate either: (1) a person that would receive the check on their behalf (still payable to the claimant) and that would be responsible for depositing the check into whatever account the claimant designated; or (2) an alternate payee (i.e., let the claimant transfer the award to a third person).

3. The claimant will have to sign and acknowledge the form. Right above the signature line there would be a clear warning that the claimant must provide correct and final information and instructions. If the check to this claimant is returned undelivered or not cashed in time, the award will be forfeited.

4. Plaintiffs' counsel, Mr. Dwyer, will collect all of the returned forms and prepare a spread sheet for Rust Consulting with the name of the payee and the mailing address by August 28, 2020.   Rust Consulting will then prepare its final mailing of checks based upon the new information and mail the checks by September 4, 2020.  All such checks issued by Rust must be cashed by October 30, 2020.  This will complete Rust Consulting's obligations and Rust will not need additional compensation to complete this work.

5. Rust Consulting will revert any outstanding funds to the County on the scheduled date of July 22, 2020, with the exception of the claimants with undelivered and/or uncashed checks that have been tentatively found to be a CDCR or BOP inmate.  Rust will issue a second check to the County with the remainder of the reversion funds

following expiration of the October 30, 2020 date identified above.

6. Plaintiffs' counsel agrees that they will not request any additional extensions beyond the extension agreed to herein.

Dated: May 27, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bangert.stip